UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------x

**TONY PARRISH, individually and as**

**parent and natural guardian of minor J.P.**

   Plaintiff,

v.

**THE HUDSON SCHOOL, et al.,**

   Defendants.

-----------------------------------------------------------------x

Civil Action No. 2:25-cv-17986

## <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND AWARD FOR COSTS AND EXPENSES  PURSUANT TO 28 U.S.C. § 1447(c)</u>

Tony Parrish

Plaintiff, Pro Se

P.O. Box 806

Bayonne, NJ. 07002

# TABLE OF CONTENTS

*TABLE OF CONTENTS* ............................................................................................. *II*

*TABLE OF AUTHORITIES* ........................................................................................ *III*

*PRELIMINARY STATEMENT* ..................................................................................... *1*

*RELEVANT FACTS* .................................................................................................. *3*

    **A. Plaintiff's Amended Complaint Asserts Only State-Law Causes of Action** ...................... **4**

    **B. Defendants' Notice of Removal Misstates the Nature of the Complaint** .......................... **5**

*ARGUMENT* ............................................................................................................ *5*

    **A. Plaintiff Has Not Asserted Any Federal Claim, and the Well-Pleaded Complaint Rule Bars Jurisdiction** ................................................................................................. **6**

    **B. Background References to FERPA and COPPA Do Not Create Federal Jurisdiction** .......... **7**

        1. FERPA and COPPA Create No Private Right of Action and Cannot Supply Federal Jurisdiction............7

        2. FERPA Applies Only to Recipients of Federal Educational Funding, and Defendants Have Not Alleged FERPA Applicability ............................................................................................8

    **C. Federal Courts Routinely Remand Where Federal Statutes Are Referenced Only as Context** .............................................................................................................. **8**

    **D. The Removal Was Objectively Unreasonable and Warrants Fees Under 28 U.S.C. § 1447(c)** ........................................................................................................... **9**

*CONCLUSION* ........................................................................................................ *10*

II

# TABLE OF AUTHORITIES

**CASES**

Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)...............................................3

Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996) ..........................................................................3

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ................................................................ 2, 6

*City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) ................................................9

*Drexler v. Comcast Corp.*, No. 16-356, 2016 WL 5858710, at *3 (D.N.J. Oct. 6, 2016)....................8

Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 353–54 (3d Cir. 1995)............................................ 2, 9

Eyal Lior v. Sit, 913 F. Supp. 868, 878 n.10 (D.N.J. 1996) ............................................................10

Gloucester Cty. Improvement Auth. v. Gallenthin Realty Dev., Inc., No. 07-5328, 2008 WL 336784, at *8
   (D.N.J. Feb. 5, 2008) .................................................................................................................10

*Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002) ....................................................................... 7, 9

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005)...................7

*Hunter v. Greenwood Tr. Co.*, 856 F. Supp. 207, 210 (D.N.J. 1992) ...............................................7

*In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 288 n.172 (3d Cir. 2016) .................. 8, 9

Kalick v. Nw. Airlines Corp., 372 F. App'x 317, 320 (3d Cir. 2010) ......................................... 3, 6, 9

Martin v. Franklin Cap. Corp., 546 U.S. 132, 140 (2005) .................................................................9

Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 813 (1986) ............................................. 2, 7

*Merrell Dow*, 478 U.S. at 817........................................................................................................8

Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260–61 (3d Cir. 1996) ....................................... 3, 10

*Smith v. Duquesne Univ.*, 612 F. Supp. 72, 80 (W.D. Pa. 1985) ....................................................8

**STATUTES**

20 U.S.C. § 1232g(a)(3) ................................................................................................................8

28 U.S.C. § 1331 ...................................................................................................................... 6, 8

28 U.S.C. § 1367(a)................................................................................................................... 5, 9

28 U.S.C. § 1447(c).................................................................................................................... 3, 9

Consumer Fraud Act (N.J.S.A. 56:8-1 et seq.) ...............................................................................4

Law Against Discrimination (LAD) (N.J.S.A. 10:5-1 et seq.)...........................................................4

*N.J.S.A. 9:6-8.10 et seq.* ......................................................................................................... 5, 6

New Jersey Civil Rights Act (N.J.S.A. 10:6-1 et seq.)......................................................................4

New Jersey RICO (N.J.S.A. 2C:41-1 et seq.)...................................................................................4

Student Online Personal Protection Act (SOPPA-NJ) ....................................................................4

**CONSTITUTIONAL PROVISIONS**

New Jersey Constitution ..............................................................................................................4

III

## PRELIMINARY STATEMENT

This case arrives before the Court not because it belongs here, but because Defendants have materially misrepresented the contents of Plaintiff's Verified Amended Complaint in an effort to manufacture federal jurisdiction where none exists. The operative pleading is clear, explicit, and unambiguous: it asserts only state-law causes of action, including claims under the New Jersey Civil Rights Act, the Law Against Discrimination (LAD), the Consumer Fraud Act, New Jersey RICO, SOPPA-NJ, and multiple common-law torts. No federal claim—express or implied— appears anywhere in the Complaint.

The Complaint goes further and expressly disclaims any federal cause of action. In particular:

• *"Although the facts alleged also implicate rights co-extensive with those protected by the United States Constitution, Plaintiff at this time seeks relief solely under New Jersey law…"* (Verified Am. Compl. ¶ 10.)

• *"Plaintiff expressly reserves the right to amend this complaint to assert additional causes of action, including those under federal law, should discovery reveal facts that warrant such relief."* (Id. ¶ 11.)

• *"Federal statutes such as FERPA and COPPA and child-protection provisions including N.J.S.A. 9:6-8.10 et seq. are cited herein solely as persuasive authorities establishing duties and standards of care, not as independent causes of action."* (Id. ¶ 14.)

Despite the clarity of these statements, Defendants' Notice of Removal asserts that Plaintiff *"asserts causes of action for violations of federal statutes including FERPA and COPPA."* (Notice of Removal ¶ 3.) That assertion is false.

Defendants do not cite a single paragraph, count, or sentence of the Verified Amended Complaint to support their claim that Plaintiff pled a federal cause of action—because none exists. Their Notice of Removal contains no quotation from the Complaint, no reference to any

1

specific count, and no attempt to identify any federal right invoked as a basis of liability. This omission is highly unusual. Parties seeking removal routinely identify the precise language they rely upon to create federal jurisdiction. Defendants did not—because they could not. And as Scripture teaches, misrepresentation does not transform the truth; only faithful dealing carries weight (cf. Proverbs 12:22). Defendants' presentation of the Complaint bears little resemblance to its actual contents.

Defendants' timing is also irregular. Rather than answer the state-court Complaint, they filed their Notice of Removal on the eve of their responsive-pleading deadline. This timing reflects a procedural tactic rather than any legitimate invocation of federal jurisdiction, and it has disrupted ongoing state-court proceedings involving the rights and well-being of a minor child—an area where delay carries real and compounding consequences. Courts have long recognized that justice delayed is justice denied, and the interests of a child should not be subordinated to procedural maneuvering designed to postpone accountability.

The governing law leaves no room for doubt:

• A plaintiff is the master of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

• A state-law claim does not arise under federal law merely because it references federal standards. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

• Even where federal law pervades the background, claims pled under state law remain state-law claims unless a federal cause of action is actually asserted. *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 353–54 (3d Cir. 1995).

• Removal statutes are strictly construed, and all doubts must be resolved in favor of remand.

2

*Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985); *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996).

• Where the complaint expressly disclaims federal causes of action, jurisdiction is absent. *Kalick v. Nw. Airlines Corp.*, 372 F. App'x 317, 320 (3d Cir. 2010).

And where, as here, a party removes a case based on mischaracterizations of the complaint, the Third Circuit has held that remand *and* fee-shifting are appropriate. See *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260–61 (3d Cir. 1996) (affirming award of fees where removal lacked an objectively reasonable basis).

Because federal jurisdiction is plainly lacking, because Defendants' Notice of Removal rests on mischaracterizations rather than law, and because the timing suggests removal was used to delay rather than legitimately invoke federal judicial power, Plaintiff respectfully requests that this matter be remanded without delay and that costs and fees be awarded under 28 U.S.C. § 1447(c).

## RELEVANT FACTS

This case arises from Plaintiff's efforts to protect his minor child's privacy, dignity, and educational well-being after raising concerns about unauthorized data collection, lack of parental consent, and oversight practices at The Hudson School. These concerns included privacy issues flagged by Apple Inc. and statutory rights exercised under New Jersey law. The Verified Amended Complaint alleges that, following these inquiries, Defendants filed and escalated false child-abuse reports.

3

The Complaint sets forth allegations of racial and religious targeting, use of mandated-reporting processes in a retaliatory manner, and interference with Plaintiff's rights as a parent and ordained minister. The Complaint further alleges that these actions caused reputational harm, emotional distress, and educational disruption affecting both Plaintiff and his minor child. All alleged harms are asserted under New Jersey law.

---

**A. PLAINTIFF'S AMENDED COMPLAINT ASSERTS ONLY STATE-LAW CAUSES OF ACTION**

On October 28, 2025, Plaintiff filed a Verified Amended Complaint in the Superior Court of New Jersey, Hudson County (Docket No. HUD-L-4097-25). The Complaint asserts twenty-two causes of action, each arising under New Jersey statutory or common law. These include:

• New Jersey Civil Rights Act (N.J.S.A. 10:6-1 et seq.);

• New Jersey Constitution;

• Law Against Discrimination (LAD) (N.J.S.A. 10:5-1 et seq.);

• Consumer Fraud Act (N.J.S.A. 56:8-1 et seq.);

• New Jersey RICO (N.J.S.A. 2C:41-1 et seq.);

• Student Online Personal Protection Act (SOPPA-NJ);

• Negligence; Intentional and Negligent Infliction of Emotional Distress;

• Breach of fiduciary duty; and

• Child-specific statutory and privacy protections under New Jersey law.

The Verified Amended Complaint does not assert any federal causes of action. It states:

• *"Plaintiff at this time seeks relief solely under New Jersey law."* (Verified Am. Compl. ¶ 10.)

4

• *"Federal statutes such as FERPA and COPPA and child-protection provisions including N.J.S.A. 9:6-8.10 et seq. are cited herein solely as persuasive authorities establishing duties and standards of care, not as independent causes of action."* (Id. ¶ 14.)

---

**B. DEFENDANTS' NOTICE OF REMOVAL MISSTATES THE NATURE OF THE COMPLAINT**

On November 26, 2025, Defendants filed a Notice of Removal in the United States District Court for the District of New Jersey, asserting that Plaintiff *"asserts causes of action for violations of federal statutes including FERPA and COPPA."* (Notice of Removal ¶ 3.) Defendants also invoked supplemental jurisdiction under 28 U.S.C. § 1367(a).

The Notice of Removal does not quote the Verified Amended Complaint, does not identify any specific count or paragraph in which a federal cause of action appears, and does not cite any language in the Complaint invoking FERPA, COPPA, or any other federal statute as a basis of liability or remedy.

As described above, the Verified Amended Complaint contains no federal causes of action, includes no request for federal remedies, and expressly disclaims reliance on federal statutes as sources of liability. The Complaint invokes only New Jersey law.

---

## ARGUMENT

Defendants removed this case by asserting that Plaintiff *"asserts causes of action for violations of federal statutes including FERPA and COPPA."* (Notice of Removal ¶ 3.) They further contend that Plaintiff's remaining state-law claims fall within this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a). These assertions are incorrect. The Verified Amended Complaint contains no federal causes of action, expressly disclaims reliance on federal statutes

5

as sources of liability, and invokes New Jersey law exclusively. Under controlling Supreme Court and Third Circuit precedent, the Court lacks subject-matter jurisdiction and removal was improper.

---

## A. PLAINTIFF HAS NOT ASSERTED ANY FEDERAL CLAIM, AND THE WELL-PLEADED COMPLAINT RULE BARS JURISDICTION

Federal-question jurisdiction exists only where a federal cause of action appears on the face of the well-pleaded complaint. 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's Verified Amended Complaint asserts twenty-two causes of action, each arising under New Jersey statutory, constitutional, or common law. No federal claim is pled.

The Complaint expressly states:

- *"Although the facts alleged also implicate rights co-extensive with those protected by the United States Constitution, Plaintiff at this time seeks relief solely under New Jersey law…"* (Verified Am. Compl. ¶ 10.)

- *"Federal statutes such as FERPA and COPPA and child-protection provisions including N.J.S.A. 9:6-8.10 et seq. are cited herein solely as persuasive authorities establishing duties and standards of care, not as independent causes of action."* (Id. ¶ 14.)

Such disclaimers are dispositive. See *Kalick v. Nw. Airlines Corp.*, 372 F. App'x 317, 320 (3d Cir. 2010). Plaintiff is the master of the complaint, *Caterpillar*, 482 U.S. at 392, and may elect to proceed solely under state law.

Defendants cannot create federal jurisdiction by recharacterizing background references to federal law as federal causes of action. See *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S.

6

804, 813 (1986). The well-pleaded complaint rule prohibits jurisdiction based on anticipated

defenses, incidental references, or strategic framing. Id.

**B. BACKGROUND REFERENCES TO FERPA AND COPPA DO NOT CREATE FEDERAL JURISDICTION**

Plaintiff's references to FERPA and COPPA occur solely in the context of state-law privacy and

oversight claims. Such references do not convert state-law causes of action into federal claims.

Under *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005), a

federal issue embedded within a state-law claim confers jurisdiction only if the issue is

necessarily raised, actually disputed, substantial, and capable of resolution in federal court

without disrupting the federal–state balance. No such issue exists here.

Courts in this District routinely reject removal where federal statutes appear only as contextual or

background references. See *Hunter v. Greenwood Tr. Co.*, 856 F. Supp. 207, 210 (D.N.J. 1992).

Plaintiff asserts no federal claim and seeks no federal remedy. Background references to federal

privacy statutes do not create federal-question jurisdiction.

*1. FERPA AND COPPA CREATE NO PRIVATE RIGHT OF ACTION AND CANNOT SUPPLY FEDERAL JURISDICTION*

Even if Plaintiff had intended to assert claims under FERPA or COPPA (he did not), neither

statute provides a private right of action.

- FERPA: The Supreme Court has held that FERPA creates no privately enforceable rights.

  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002).

7

- COPPA: The Third Circuit has held that COPPA may be enforced only by the FTC and state attorneys general. *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 288 n.172 (3d Cir. 2016); *Drexler v. Comcast Corp.*, No. 16-356, 2016 WL 5858710, at *3 (D.N.J. Oct. 6, 2016).

Because neither statute authorizes private suits, they cannot serve as a basis for federal-question jurisdiction. See *Merrell Dow*, 478 U.S. at 817.

### 2. FERPA APPLIES ONLY TO RECIPIENTS OF FEDERAL EDUCATIONAL FUNDING, AND DEFENDANTS HAVE NOT ALLEGED FERPA APPLICABILITY

FERPA applies only to "educational agencies or institutions" receiving federal funds. 20 U.S.C. § 1232g(a)(3). Courts hold that FERPA obligations attach only where such funding exists. *Smith v. Duquesne Univ.*, 612 F. Supp. 72, 80 (W.D. Pa. 1985).

Defendants' Notice of Removal does not allege that The Hudson School receives federal educational funding, nor do they identify any fact in the Verified Amended Complaint supporting FERPA's application.

Because Defendants allege no federal funding, FERPA cannot support jurisdiction under 28 U.S.C. § 1331.

### C. FEDERAL COURTS ROUTINELY REMAND WHERE FEDERAL STATUTES ARE REFERENCED ONLY AS CONTEXT

Even where state-law claims reference federal standards, federal jurisdiction does not attach unless a federal cause of action is asserted. See *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350,

8

353–54 (3d Cir. 1995). Plaintiff cites federal statutes only as persuasive authorities and expressly disclaims federal causes of action. (Verified Am. Compl. ¶¶ 10, 14.)

Plaintiff's Complaint therefore satisfies none of the circumstances necessary for federal jurisdiction:

1. No federal cause of action is pled.

2. No federal remedy is requested.

3. Federal statutes are not relied upon as sources of liability.

4. Federal jurisdiction is expressly disclaimed.

See *Kalick*, 372 F. App'x at 320.

Supplemental jurisdiction also fails. Without original jurisdiction, § 1367(a) cannot apply. See *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997).

**D. THE REMOVAL WAS OBJECTIVELY UNREASONABLE AND WARRANTS FEES UNDER 28 U.S.C. § 1447(C)**

Under 28 U.S.C. § 1447(c), a court may award fees where removal lacks an objectively reasonable basis. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005).

Here:

1. The Complaint asserts no federal causes of action.

2. It expressly limits relief to New Jersey law. (Verified Am. Compl. ¶ 10.)

3. Federal statutes cited provide no private right of action. (Id. ¶ 14; *Gonzaga*, 536 U.S. at 287; *Nickelodeon*, 827 F.3d at 288 n.172.)

9

4. Defendants' theory that FERPA or COPPA are somehow implicated rests solely on their misstatement of the Complaint. Plaintiff cites those statutes only as persuasive background standards, not as sources of liability. In any event, neither statute creates a private right of action or supports federal-question jurisdiction—and Defendants do not allege threshold facts (such as federal educational funding) that might even make FERPA relevant as a regulatory matter.

5. The Notice of Removal identifies no count invoking federal law.

6. Removal halted pending state-court proceedings and imposed unnecessary cost.

The improper removal has not only forced Plaintiff to litigate jurisdiction unnecessarily, but has also delayed the state-court process needed to vindicate his minor child's rights and to require The Hudson School to correct the practices that harmed him. Courts in this District award fees in similar circumstances. See *Gloucester Cty. Improvement Auth. v. Gallenthin Realty Dev., Inc.*, No. 07-5328, 2008 WL 336784, at *8 (D.N.J. Feb. 5, 2008); *Eyal Lior v. Sit*, 913 F. Supp. 868, 878 n.10 (D.N.J. 1996); *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260–61 (3d Cir. 1996). Because Defendants lacked an objectively reasonable basis for removal, a fee award is warranted.

---

## CONCLUSION

For the reasons set forth above, this Court lacks subject-matter jurisdiction under 28 U.S.C. § 1331, and removal was improper. The Verified Amended Complaint asserts no federal causes of action, expressly disclaims any intent to invoke federal law, and is grounded entirely in New Jersey statutes and common law. In the absence of any federal question on the face of the Complaint, remand is required under long-established Supreme Court and Third Circuit

10

precedent.

Because Defendants' Notice of Removal mischaracterizes the Complaint, identifies no federal claim, and provides no objectively reasonable basis for invoking federal jurisdiction, an award of just costs and actual expenses is warranted under 28 U.S.C. § 1447(c).

Plaintiff further respectfully requests that this Motion be considered on an expedited basis. Removal has automatically stayed the underlying state-court proceedings, which address ongoing educational and statutory concerns involving a minor child. Each day the matter remains in federal court delays corrective action in the state forum and risks compounding the disruption and harm alleged in the Verified Amended Complaint. Federal courts possess inherent authority to resolve jurisdictional issues promptly, particularly where delay threatens to impair the efficient administration of justice or the rights of a child. And as Scripture teaches, there is no greater concern than safeguarding a child and ensuring that no one places obstacles in a child's path (cf. Matthew 18:6).

Accordingly, Plaintiff respectfully requests that this Court:

1. Remand this action to the Superior Court of New Jersey, Hudson County;

2. Award Plaintiff just costs and expenses pursuant to 28 U.S.C. § 1447(c); and

3. Grant such other and further relief as the Court deems just and proper, including expedited review.

Respectfully submitted,

/s/ Tony Parrish
Tony Parrish

Dated:  November 28, 2025

Bayonne, New Jersey

Tony Parrish
Plaintiff, Pro Se
P.O. Box 806
Bayonne, NJ 07002
(646) 389-8994
17ChildOfGod@protonmail.com


CERTIFICATE OF SERVICE


I hereby certify that on November 28, 2025, I submitted the foregoing Memorandum of Law in Support of Plaintiff's Motion to Remand and for Costs and Expenses Pursuant to 28 U.S.C. § 1447(c), together with all supporting papers, for filing through the United States District Court for the District of New Jersey's Attorney/Pro Se Document Submission (ADS) system.

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), I further certify that on this same date, I served a copy of the foregoing Motion papers by email upon counsel for Defendants at the email address provided for service.

I certify under penalty of perjury that the foregoing is true and correct.


Dated: November 28, 2025


/s/ Tony Parrish

Tony Parrish