

Stefani C Schwartz, Esq.
sschwartz@hatfieldschwartzlaw.com
973.737.8315

December 2, 2025

**<u>Via Electronic Filing & LREX</u>**
The Honorable Julien X. Neals, U.S.D.J.
United States District Court District of New Jersey
MLK Building & U.S. Courthouse
50 Walnut Street, Newark, NJ 07102

Re:    **Parrish et al. v. The Hudson School et. al.**
       **<u>Docket No. 2:25-cv-17986-JXN-SDA</u>**

Dear Judge Neals:

This firm represents Defendants The Hudson School ("Hudson" or the "School"), Rebekah Sollitto ("Sollitto"), Emily Ford Systma ("Systma" and together with Sollitto the "School Individual Defendants" ), Daniel J. Gans, Cliff Sonkin, Arnold Lewis, Paul O'Dell, Melissa Popkoski, Flora Ekpe-Idang, Pete Gilchrist, Tom Horan, Alice Kocis, David Muhlenkamp, Luisa Pasacios, Minalkumar Patel, M.D., Korey Petgrave, and Zemin Zhang (the "Board Defendants" and together with the School and School Individual Defendants the "Defendants") in the above-referenced matter. Defendants hereby request a pre-motion conference and permission to file an F.R.C.P. 12(b)(6) motion seeking the dismissal of the Complaint in this matter. Defendants are also in receipt of Plaintiff's motion to remand, and will respond to Plaintiff's motion separately and according to the Court's motion calendar.

The basis for Defendants' proposed Motion is that: (1) a number of the claims pled against Defendants cannot survive because Defendants are not public entities against whom constitutional claims may be brought; (2) the facts pled in Plaintiff's Complaint cannot support the causes of action pled; and (3) Plaintiff does not have a private right of action to bring several of his claims.

1. **Plaintiff alleges violation of the New Jersey and United States Constitutions that are not sustainable against Defendants**

Plaintiff has brought several claims in this matter which are not sustainable against private actors The Hudson School or the School Individual Defendants or Board Defendants. For example, in Count One, Plaintiff brings claims of violation of the Federal Civil Rights Act (FCRA) and New Jersey Civil Rights Act (NJCRA). To state a cognizable claim under the FRCA or NJCRA, a plaintiff must allege a "constitutional deprivation was caused by a person acting under the color of law." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 235 (3d Cir. 2008). A plaintiff must demonstrate two essential elements to maintain a claim under the FRCA or NJCRA: (1) that the plaintiff was deprived of a "right or privileges secured by the Constitution or the laws of the United States" and (2) that plaintiff was deprived of his rights by a person acting under the color of state law. <u>Williams v. Borough of West Chester, Pa.</u>, 891 F.2d 458, 464 (3d Cir. 1989); <u>Perez v. Zagami, LLC</u>, 218 N.J. 202, 207 (2014).

December 2, 2025
Page 2

Similarly, in Count Three, Plaintiff brings claims for religious discrimination pursuant to the United States and New Jersey Constitutions.  Such claims are based on the concept that the respective constitutions "bar[] a state from interfering with the practice of religion by its citizens."  In re Adoption of E., 59 N.J. 36, 51 (1971); Cantwell v. Connecticut, 310 U.S. 296, 303 (1940).

In Count Five, Plaintiff brings claims for violation of his substantive due process rights, which require him to allege that the government has deprived him of certain rights without notice and an opportunity to be heard, see Morison v. Willingboro Bd. of Educ., 478 N.J. Super. 229, 247 (App. Div. Mar 28, 2024) (citing Mathews v. Eldridge, 424 U.S. 319, 332 (1976)), and his procedural due process rights, which require a showing that (1) the particular interest at issue is protected by substantive due process; and (2) that the government's deprivation of that right shocks the conscience.  Filgueiras v. Newark Public Schools, 426 N.J. Super. 449, 469 (App. Div. 2012).  Plaintiff also brings a claim for an illegal search and seizure in violation of the Fourth Amendment in Count Fourteen.

The School is a private school which our Courts have held that private schools are not state actors against whom constitutional claims may be sustained.  Hernandez v. Don Bosco Preparatory High, 322 N.J. Super. 1, 15 (App. Div. 1999) ("we can not conclude that our State Constitution grants greater protections in the area of procedural due process for expulsion from a private school. Accordingly, because of the absence of state action, neither the United States Constitution nor the New Jersey Constitution protect plaintiff's procedural rights").

Here, the constitutional claims that Plaintiff seeks to bring against Defendants cannot be brought against the School, a private actor who renders Plaintiff's allegations absent of a "state action" to sustain his claims.  Defendants respectfully request that they be permitted to make a motion to dismiss these claims.

2. **Plaintiff has not adequately pled the elements necessary to sustain several claims**

Plaintiff's Complaint contains 22 counts against Defendants, many of which are not adequately pled.  For example, Count Two alleges an abuse of process claim, which requires an allegation of "(1) an ulterior motive and (2) some further act after an issuance of process representing the perversion of the legitimate use of the process."  Fleming v. United Parcel Serv., 255 N.J. Super. 108, 157 (Law Div. 1992) (quoting SBK Catalogue P'ship v. Orion Pictures, 723 F.Supp. 1053, 1067 (D.N.J. 1989)), aff'd, 273 N.J. Super. 526, 642 A.2d 1029 (App. Div. 1994).  However, Plaintiff has not made any allegation against Defendants of a "further act" required to plead such a claim.  Accordingly, this claim is subject to dismissal.

As another example, Plaintiff has brought several allegations of violation of the New Jersey Law Against Discrimination (Counts One, Three, and Seventeen), which requires that he allege: (1) that the defendant operates a place of public accommodation, (2) that the plaintiff is a member of a protected class, and (3) that the plaintiff was denied equal treatment on the basis of that protected characteristic. Ali v. Hillstone Rest. Grp., 2022 U.S. Dist. LEXIS 106272 (D.N.J. 2022) (quoting Vandeusen v. Mabel Realty of Bordentown, LLC, 2012 U.S. Dist. LEXIS 66567 (D.N.J. 2012)).  However, Plaintiff has made no cognizable argument that he is a member of a protected class, or that he was denied equal treatment on that basis.  Accordingly, these claims are also subject to dismissal.

While respecting the Court's requirement that Defendants limit this letter to three single-spaced pages, Plaintiff has brought numerous other claims which he has not adequately pled. These include, by way of example, the claims described in Section 1 *supra* along with Plaintiff's allegations violation of New Jersey and Federal Racketeer Influenced and Corrupt Organizations (RICO) statutes (Count Four) Violation of the New Jersey Student Online Personal Protection Act (SOPPA) and New Jersey Consumer Fraud Act (Count Seven), Fraud and Fraudulent Concealment, Count Eight, Negligent Hiring, Supervision and Retention (Counts Ten and Eleven), Breach of Fiduciary Duty (Count Twelve), Intentional and Negligent Infliction of Emotional Distress (counts Thirteen, Fourteen, and Nineteen), Negligence (Count Sixteen), and Educational Discrimination and Denial of Equal Access (Count Seventeen). Accordingly, Defendants respectfully seeks the Court's approval to move for dismissal of all claims which Plaintiff has not adequately pled.

### 3. Plaintiff bring several claims which he does not have standing to bring

Finally, a number of the statutes that Plaintiff premises his causes of action upon do not provide him a private right of action. For example, in Count Seven, Plaintiff alleges violation of the New Jersey Student Online Personal Protection Act (SOPPA), a bill that was never signed into law. Additionally, in Counts Eleven and Twelve, Plaintiff brings a claim for violation of N.J.S.A. 15A:6-1, the law governing non-profit corporations which does not provide a private right of action for an individual in his position. Similarly, in counts Sixteen and Eighteen, he brings claims for violation of N.J.S.A 18A:37-1, New Jersey's anti-bullying law which states that an appeal of a bullying investigation (which Plaintiff makes no allegation of) must be brought to an Administrative Law Judge under the Commissioner of Education, not the Law Division. He brings claims of violation of Failure to Obtain Parental Consent under the Family Educational Rights and Privacy Act (FERPA) and Children's Online Privacy Protection Act (COPPA) and N.J.S.A. § 18A:36-39, none of which provide a private right of action, and Child Endangerment under N.J.S.A. 9:6-8.21, a New Jersey statute that outlines the conditions under which a child is considered "abused or neglected" based upon certain enumerated offenses committed against them by a parent or guardian, and which does not contemplate civil actions against schools. In addition, Plaintiff's claims under these statutes are substantively deficient and subject to dismissal for the reasons stated in Point 2 *supra*.

Plaintiff does not have a private right of action to bring any of the aforementioned claims, and Defendants respectfully request Court permission to file the necessary motion requesting dismissal of these claims.

Based on the foregoing, Defendants seek a pre-motion conference and Your Honor's approval to file an F.R.C.P 12(b)(6) Motion to Dismiss. Thank you for Your Honor's attention to this matter.

Respectfully Submitted,

HATFIELD SCHWARTZ LAW GROUP LLC

By: */s/ Stefani C Schwartz*
STEFANI C SCHWARTZ, ESQ.

CC:    Tony Parrish (via ECF and email)