Tony Parrish
Plaintiff, Pro Se
P.O. Box 806
Bayonne, NJ 07002
17ChildOfGod@protonmail.com
(646) 389-8994

**December 3, 2025**

**EMERGENCY LETTER
IN FURTHER SUPPORT OF PLAINTIFF'S REQUEST FOR EXPEDITED
CONSIDERATION OF MOTION TO REMAND (ECF No. 3)**

Hon. Julien Xavier Neals, U.S.D.J.
U.S. District Court, District of New Jersey
50 Walnut Street
Newark, NJ 07102

**Re: Parrish v. The Hudson School et al., Civ. No. 2:25-cv-17986-JXN-SDA**

Dear Judge Neals:

Plaintiff respectfully submits this emergency letter in further support of expedited consideration of the Motion to Remand (ECF No. 3). Defendants' December 2 and December 3 submissions underscore three points that support expedited remand. These issues are presented below in rank order of importance.

### (1) Absence of Any Federal Jurisdiction (Most Important)

Defendants' December 2 pre-motion letter seeking leave to file a Rule 12(b)(6) motion (ECF 5) affirmatively argues that Defendants are *private actors*, cannot satisfy any federal "state action" requirement, and that Plaintiff lacks any private right of action under FERPA, COPPA, or any other federal statute. See ECF 5, PageID 97–99.

These admissions confirm what Plaintiff stated in the Verified Amended Complaint—that Plaintiff alleges **only state-law claims** and expressly disclaims any federal causes of action. Defendants' own position therefore negates any possible jurisdiction under 28 U.S.C. § 1331 and supports immediate remand.

### (2) Clarification of the Opposition Deadline Under Local Civil Rule 7.1(d)(2)

Defendants' December 3 letter states that they intend to file opposition to the Motion to Remand "on or before December 22, 2025," referencing the return date of January 5, 2026. See ECF 6, PageID 100.

To the extent Defendants' letter assumes that December 22 is the operative deadline, Plaintiff respectfully notes that under **Local Civil Rule 7.1(d)(2)**, opposition papers are due **14 days** after filing. Because Plaintiff filed the Motion on **November 28, 2025**, the correct deadline is **December 12, 2025**. Defendants have not sought an extension under Local Civil Rule 6.1, obtained consent, or received leave of Court. The automatically generated return date does not modify briefing deadlines. See Judicial Preferences § V(A).

This clarification ensures the record accurately reflects the governing schedule and avoids unintended delay in the resolution of the jurisdictional issue.

## (3) Defendants' Inconsistent and Tactically Improper Filings Reinforce the Need for Expedited Review

Defendants' Notice of Removal asserts Plaintiff brought federal claims. Their December 2 letter asserts the opposite—that Plaintiff brought *no* federal claims and cannot bring any. These contradictions reflect procedural inconsistency that delays the jurisdictional ruling and prolongs the stay of pending state-court proceedings involving a minor child—including proceedings where Plaintiff seeks prospective injunctive relief under New Jersey law, which this federal court lacks jurisdiction to grant. This relief remains frozen until remand is ordered.

In addition, Defendants' request to file a Rule 12(b)(6) motion—submitted while the threshold Motion to Remand remains pending—was premature. Jurisdiction must be resolved before any merits-based relief is considered. More critically, Defendants' position is self-contradictory: they removed this case on the theory that Plaintiff's complaint raises federal claims, yet they now argue those same claims are not cognizable in federal court. They simultaneously assert jurisdiction for the purpose of removal while disavowing it for purposes of Rule 12. This posture invites the Court to rule on the merits of a case over which it lacks jurisdiction—contrary to first principles of federal adjudication and judicial economy.

Moreover, Defendants have taken these inconsistent positions in a flurry of filings within just a few days, further clouding the procedural record. Their Notice of Removal, opposition to expedited review, and request for Rule 12 relief collectively create the appearance of a deliberate litigation strategy designed to obscure the jurisdictional issue and delay resolution. The result is a paper trail that consumes judicial resources, invites unnecessary briefing, and delays urgent state-court proceedings—all while conceding that no federal jurisdiction properly exists.

### Federal Courts Routinely Grant Expedited or Emergency Remand

Defendants oppose expedited review without acknowledging that federal courts routinely grant emergency or expedited remand when removal halts urgent proceedings, particularly those involving minors or injunctive relief:

- *Eier v. Columbia County*, No. 2:25-cv-00370-SAB (E.D. Wash. Oct. 30, 2025) (granting **Motion for Expedited Remand**);
- *Asher v. Raytheon Techs. Corp.*, No. 1:20-cv-00238-HAB (N.D. Ind. June 30, 2020) (expedited briefing; **Emergency Motion to Remand** granted);
- *Johnson v. Lampley*, No. 3:24-cv-01304 (M.D. Tenn. July 2, 2025) (emergency remand recommended "as expeditiously as possible");
- *League of Women Voters v. Pennsylvania*, 2018 WL 1787211 (E.D. Pa. Apr. 13, 2018) (same-day emergency remand; later awarded § 1447(c) fees).

These authorities directly support the relief requested.

## Conclusion

Because (1) Defendants concede the absence of any federal claim, (2) the correct opposition deadline is December 12 under Local Civil Rule 7.1(d)(2), and (3) Defendants' contradictory and delaying tactics threaten to obscure the jurisdictional issue and interfere with urgent state proceedings, including injunctive relief this Court cannot grant, Plaintiff respectfully renews his request for **expedited consideration** of the Motion to Remand.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,
/s/ Tony Parrish
Tony Parrish
Plaintiff, Pro Se

### Certification of Service

I hereby certify that on the date below, I caused a true and correct copy of the foregoing letter to be served via electronic filing and email upon all counsel of record. I certify under penalty of perjury that the foregoing is true and correct.

Dated: December 3, 2025
/s/ Tony Parrish
Tony Parrish