# Exhibit B

 Neutral

As of: December 16, 2025 9:09 PM Z

# A.V. v. Ashrafi

Superior Court of New Jersey, Appellate Division

September 22, 2016, Submitted; October 26, 2016, Decided

DOCKET NO. A-5241-14T3

**Reporter**

2016 N.J. Super. Unpub. LEXIS 2381 *

A.V., Plaintiff-Appellant/Cross-Respondent, v. VICTOR ASHRAFI, J.A.D., MICHAEL A. GUADAGNO, J.A.D., MARIANNE ESPINOSA, J.A.D., RICHARD J. GUSS, PETER E. DOYNE, A.J.S.C., Defendants-Respondents, and RICHARD A. GRODECK, Defendant-Respondent/Cross-Appellant.

**Notice:** NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION.

PLEASE CONSULT NEW JERSEY _RULE 1:36-3_ FOR CITATION OF UNPUBLISHED OPINIONS.

**Prior History: [*1]** On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C-0058-15.

## Core Terms

certification, immunity, expunged, civil rights, search warrant, municipal, contends, damages, reasons, motion to dismiss, police officer, color of law, trial court, state law, injunctive, township, alleges

**Counsel:** Joseph Oettinger, Jr., attorney for appellant/cross-respondent.

Christopher S. Porrino, Attorney General, attorney for respondents Victor Ashrafi, J.A.D., Michael A. Guadagno, J.A.D., Marianne

Espinosa, J.A.D. and Peter E. Doyne, A.J.S.C. (Lisa A. Puglisi, Assistant Attorney General, of counsel; Ione K. Curva, Deputy Attorney General, on the brief).

DiFrancesco, Bateman, Kunzman, Davis, Lehrer & Flaum, P.C., attorneys for respondent Richard J. Guss (Mr. Guss, of counsel and on the brief).

Piro, Zinna, Cifelli, Paris & Genitempo, attorneys for respondent/cross-appellant (Richard A. Grodeck, on the brief).

**Judges:** Before Judges Hoffman and O'Connor.

## Opinion

PER CURIAM

Plaintiff appeals from various orders entered on June 11, 2015, dismissing his complaint with prejudice against all defendants for failure to state a claim upon which relief can be granted, _see R. 4:6-2(e)_. These orders also denied plaintiff's cross-motion to strike defendant Richard J. Guss's motion to dismiss his complaint, as well as his motion to exclude all non-essential persons from the courtroom during an unrelated motion hearing. Defendant Richard **[*2]** A. Grodeck also appeals from a June 11, 2015 order denying his motion for counsel fees.

For the reasons that follow, we affirm in part and remand in part.

I

We first address plaintiff's contention the court erred by dismissing his complaint against defendants for failure to state a claim upon which relief can be granted. *R. 4:6-2(e)*. When considering an application for relief under this rule, a court is required to search "the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." *Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746, 563 A.2d 31 (1989)* (quoting *DiCristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252, 128 A.2d 281 (App. Div. 1957))*. In its evaluation of a complaint under review, a court must "assume the facts as asserted by plaintiff are true and give [him or] her the benefit of all inferences that may be drawn in [his or] her favor." *Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192, 536 A.2d 237 (1988)*. "Obviously, if the complaint states no basis for relief and discovery would not provide one, dismissal is the appropriate remedy." *Banco Popular N. Am. v. Gandi, 184 N.J. 161, 166, 876 A.2d 253 (2005)*.

*Rule 4:6-2(e)* specifically provides that only the pleading sought to be struck may be considered by the court to determine if it fails to state a claim upon which relief can be granted. If matters outside of the pleading are presented to and not **[*3]** excluded by the court, the motion is to be treated as one for summary judgment and disposed of as provided by *Rule* 4:46. *R. 4:6-2(e)*. However, a motion to dismiss under *Rule 4:6-2(a)* is not converted into a motion for summary judgment if a party submits and a court reviews a document that is specifically referenced in a pleading. *See* Pressler & Verniero, *Current N.J. Court Rules*, comment 4.1.2 on *R. 4:6-2* (2017) (citing *New Jersey Sports Productions, Inc. v. Bobby Bostick Promotions, LLC, 405 N.J. Super. 173, 178-79, 963 A.2d 890 (Ch. Div. 2007))*.

The complaint and the relevant documents referenced in the complaint reveal the following. In his complaint, plaintiff informs that in July 2009, he received an order that "memorialized the conclusion of certain court proceedings in plaintiff's favor. Said proceedings concerned the prosecution of a petty disorderly persons offense complaint by Bedminster municipal prosecutor defendant Richard J. Guss." On December 9, 2009, an order was entered pursuant to *N.J.S.A. 2C:52-6(a)*, expunging the record of the prosecution of this offense.[1]

In his complaint, plaintiff refers to a prior complaint he had filed in the Chancery Division on January 26, 2010, in which he sought damages against, among others, Bedminster Township (township) and a Bedminster police officer on the ground the **[*4]** officer unlawfully seized plaintiff's computer and other items from his home in November 2009, notwithstanding the officer had secured a search warrant/communications data warrant. Notably, plaintiff filed the Chancery Division complaint in his actual name. That is, he did not employ the use of initials to protect his identity.

In the Chancery Division matter, plaintiff specifically claimed he was a person engaged in the gathering and dissemination of news for the public through the Internet, and any documents he had in his possession for that purpose were protected under the Subpoena First Act, *N.J.S.A. 2A:84A-21.9 to -21.13.* He contended such documents could not be

---

[1] A copy of the expungement order is not in the record.

A.V. v. Ashrafi

seized by law enforcement under *N.J.S.A. 2A:84A-21.9* unless he had first been served with a subpoena to produce such materials. Defendant Grodeck was counsel to the township and the police officer in the Chancery Division matter.

Finding plaintiff did not qualify as a newsperson under the Subpoena First Act, the Chancery Division judge dismissed the complaint against all defendants. Plaintiff appealed, raising a number of contentions, including that the Bedminster police officer who executed the search warrant knew before she searched plaintiff's home that, in **[*5]** the past, plaintiff had posted on various websites on the Internet. Plaintiff contended such knowledge put the officer on notice that plaintiff might be a newsperson protected under *N.J.S.A. 2A:84A-21.9*, and the officer thus had an obligation to ascertain plaintiff's status before executing the search warrant.

On October 31, 2013, defendants Victor Ashrafi, J.A.D., Marianne Espinosa, J.A.D., and Michael A. Guadagno, J.A.D., (the panel), issued a published opinion affirming the Chancery Division judge's dismissal of the complaint against all defendants. The panel held that, under the factual circumstances presented in the case, law enforcement officers were not required to conduct searches of Internet postings made by targets of criminal investigations to determine if such persons might be protected under the Subpoena First Act before obtaining a search warrant.

However, the panel did observe that, even if the police were required to engage in such a search, there was no evidence in the Chancery Division matter, including the alleged conduct which led to plaintiff being charged with a petty disorderly persons offense, that should have caused the officer to suspect plaintiff was a newsperson. The panel's **[*6]** opinion explained the basis for

finding the officer's belief plaintiff was not a newsperson was reasonable. In its explanation, the panel divulged details that allegedly formed the basis for the petty disorderly persons charge.

The panel also noted that none of the materials sought by the search warrant had been obtained as part of any newsgathering activity, so the materials were not protected from seizure under *N.J.S.A. 2A:84A-21.9*. In its discussion, the panel disclosed additional facts that also allegedly formed the basis for the petty disorderly persons offense charge.

While the Chancery Division matter was still pending in the Appellate Division, plaintiff filed a complaint in the Law Division — in his actual name — in which he alleged the Bedminster police officer, the township, and Guss violated plaintiff's rights by failing to promptly return the property seized during the search warrant. For the reasons set forth in his written opinion, defendant Peter E. Doyne, A.J.S.C., transferred the Law Division matter to another county.

Plaintiff then filed the complaint in the instant matter. Plaintiff alleges the appellate panel was aware of the December 7, 2009 expungement order, as he made reference to **[*7]** such order in a brief he filed in the Appellate Division. He further observed that, after the panel published its decision, the panel filed an order that deleted plaintiff's name from the caption and the opinion, and replaced his name with initials. The parties refer to this order as the "appellate confidentiality order" and, for consistency, we do so as well.

Plaintiff further contends the panel deprived him of his rights by filing and distributing its opinion on the Internet because it "revealed the existence of an arrest, conviction or related legal proceeding with knowledge that the

records and information pertaining thereto have been expunged or sealed."[2]

Plaintiff claims that by exposing information in the opinion that had been expunged, the panel violated his civil rights under *N.J.S.A. 10:6-2(c)*[3] of the New Jersey Civil Rights Act (Act), *N.J.S.A. 10:6-1 to -2*. Specifically, he alleges the panel violated *N.J.S.A. 2C:52-30*[4] of New Jersey's expungement statute, *N.J.S.A. 2C:52-1 to -32.1*, and *article I, paragraph 1 of the New Jersey Constitution*[5] by referencing the expunged **[\*8]** material in the opinion, and that these two violations in turn transgressed his civil rights under the Act. Plaintiff seeks both injunctive relief and monetary damages from the judges on the panel.

Plaintiff alleges Judge Doyne similarly violated

---

[2] The panel's opinion does not state plaintiff was arrested. The opinion does reference a finding of guilty to a petty disorderly persons offense in municipal court, but the opinion also notes the Superior Court reversed such finding on appeal.

[3] *N.J.S.A. 10:6-2(c)* provides in pertinent part:

Any person who has been deprived of . . . any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

[4] *N.J.S.A. 2C:52-30* states in pertinent part:

Except as otherwise provided in this chapter, any person who reveals to another the existence of an arrest, conviction or related legal proceeding with knowledge that the records and information pertaining thereto have been expunged or sealed is a disorderly person.

[5] *Article I, paragraph 1 of the New Jersey Constitution* provides:

All persons are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing **[\*9]** and obtaining safety and happiness.

plaintiff's civil rights under *N.J.S.A. 10:6-2(c)* by revealing information protected by *N.J.S.A. 2C:52-30* of the expungement statute and *article I, paragraph 1 of the New Jersey Constitution.* Specifically, plaintiff contends Judge Doyne filed and posted on the Internet an opinion setting forth his reasons for ordering the transfer of the Law Division matter to another county. Plaintiff complains that, in this opinion, Judge Doyne cited portions of the panel's opinion that allegedly revealed information which had been expunged.

In addition, although plaintiff filed the Law Division complaint in his actual name, he contends that, by citing the panel's opinion, which identified plaintiff by initials, Judge Doyne exposed that plaintiff and the unidentified party in the panel's opinion are one and the same. Finally, plaintiff alleges Judge Doyne violated his civil rights by denying his request to exclude all "non-essential persons" from the courtroom during oral argument on an unrelated motion in the Law Division matter. Plaintiff seeks injunctive relief and monetary damages from Judge Doyne.

Plaintiff contends defendant Guss violated his civil rights under *N.J.S.A. 10:6-2(c)* by violating the same provisions in **[\*10]** the New Jersey Constitution and the expungement statute as the four judges. Plaintiff claims Guss, a defendant in the Law Division matter, filed a certification in that matter which also exposed "the existence of an arrest, conviction, or related legal proceeding." Plaintiff seeks injunctive and monetary relief from Guss.

Plaintiff alleges Grodeck violated plaintiff's civil rights as well. Grodeck, who represented the township and Guss in the Law Division matter, is alleged to have filed a brief and two certifications in such matter that, like the other defendants, revealed the existence of an arrest, conviction, or related legal proceeding.

As he does against the other defendants, plaintiff seeks injunctive and monetary relief from Grodeck.

Finally, plaintiff contends that, in the Law Division matter, Grodeck filed a motion on Guss's behalf, attached to which was a copy of the panel's opinion. As he similarly alleged against Judge Doyne, plaintiff claims that, by filing a copy of this opinion, Guss and Grodeck wrongfully revealed the plaintiff in the panel's opinion is the plaintiff in the Law Division matter.

On June 11, 2015, the trial court granted all defendants' motions to dismiss **[*11]** the complaint in the instant matter on the ground plaintiff failed to state a claim upon which relief can be granted under _Rule 4:6-2(e)_. The court's principal reason for granting defendant judges relief was they are immune from suit for actions taken in their judicial capacity. The court dismissed Guss and Grodeck from the complaint on the ground neither was liable to plaintiff under the Act. The court also denied plaintiff's cross-motion to strike Guss's motion to dismiss his complaint and Grodeck's motion for counsel fees. Finally, plaintiff's motion to exclude all non-essential persons from the courtroom during oral argument on the unrelated motion was also denied.

Plaintiff appeals from all of the June 11, 2015 orders, contending the court's legal analyses and conclusions were erroneous. Grodeck appeals the June 11, 2015 order that denied his application for counsel fees.

II

As previously stated, in the context of a motion to dismiss for failure to state a claim, the law is clear that "a court must dismiss the plaintiff's complaint if it has failed to articulate a legal basis entitling plaintiff to relief." _Sickles v. Cabot Corp., 379 N.J. Super. 100, 106, 877 A.2d 267 (App. Div.)_, certif. denied, 185 N.J.

297, 884 A.2d 1267 (2005); _see also County of Warren v. State, 409 N.J. Super. 495, 503, 978 A.2d 312 (App. Div. 2009)_ (recognizing that where a complaint states no basis for **[*12]** relief and discovery would not provide one, dismissal of the complaint under _Rule 4:6-2_ is appropriate), certif. denied, 201 N.J. 153, 988 A.2d 1176 (2010). The principal issue before us is whether plaintiff's complaint against defendants articulates a basis entitling him to relief.

We need not dwell at length upon the claims asserted against defendant judges. The judges are immune from liability for the claims plaintiff asserts against them. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." _Cleavinger v. Saxner, 474 U.S. 193, 199, 106 S. Ct. 496, 499-500, 88 L. Ed. 2d 507, 513 (1985)_ (quoting _Pierson v. Ray, 386 U.S. 547, 553-54, 87 S. Ct. 1213, 1217, 18 L. Ed. 2d 288, 294 (1967))_. This immunity is absolute. _K.D. v. Bozarth, 313 N.J. Super. 561, 568, 713 A.2d 546 (App. Div.)_, certif. denied, 156 N.J. 425, 719 A.2d 1023 (1998). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." _Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9, 14 (1991)_.

The immunity applies even to judicial acts that are wrong, malicious, or beyond the judge's authority. _Delbridge v. Schaeffer, 238 N.J. Super. 323, 334, 569 A.2d 872 (Law Div. 1989)_, aff'd o.b. sub nom., _A.D. v. Franco, 297 N.J. Super. 1, 687 A.2d 748 (App. Div. 1993)_, certif. denied, 135 N.J. 467, 640 A.2d 849, cert. denied, 513 U.S. 832, 115 S. Ct. 108, 130 L. Ed. 2d 56 (1994). The New Jersey Supreme Court has observed:

The doctrine that an action will not lie against a judge for a wrongful commitment,

or for an erroneous judgment, or for any other act made or done by him in his judicial capacity, is as thoroughly established as are any other of the **[\*13]** primary maxims of the law. Such an exemption is absolutely essential to the very existence, in any valuable form, of the judicial office itself; for a judge could not be either respected or independent if his motives for his official actions or his conclusions, no matter how erroneous, could be put in question at the instance of every malignant or disappointed suitor. Hence we find this judicial immunity has been conferred by the laws of every civilized people. That it exists in this state in its fullest extent, has been repeatedly declared by our own courts.

[*Bedrock Foundations, Inc. v. Geo. H. Brewster & Son, Inc., 31 N.J. 124, 139-40, 155 A.2d 536 (1959)* (quoting *Grove v. Van Duyn, 44 N.J.L. 654, 656 (E. & A. 1882))*.]

However, "[j]udicial immunity has two prerequisites: (1) the act complained of must be a 'judicial act;' and (2) the judge must have subject matter jurisdiction at the time he or she acts." *K.D., supra, 313 N.J. Super. at 568* (citing *Delbridge, supra, 238 N.J. Super. at 335*). Courts must broadly interpret situations where judges have subject matter jurisdiction unless "the judge acted in the clear absence of all jurisdiction." *Delbridge, supra, 238 N.J. Super. at 336*.

We are satisfied the four judges are protected by absolute judicial immunity. Issuing an opinion is clearly a judicial act. Further, those portions of the two opinions to which plaintiff objects were necessary to provide context and to explain some of the reasoning in each decision. **[\*14]** Second, there is no question the judges had subject matter jurisdiction over the cases in which each opinion was issued.

Accordingly, we conclude that the facts set forth in plaintiff's complaint fail as a matter of law to state a claim upon which relief may be granted against the defendant judges.

We also reject plaintiff's claim the attorneys violated plaintiff's civil rights under the Act. As previously cited, the pertinent portion of *N.J.S.A. 10:6-2(c)* provides:

> [a]ny person who has been deprived of . . . any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting *under color of law*, may bring a civil action for damages and for injunctive or other appropriate relief.[6]
>
> [*N.J.S.A. 10:6-2(c)* (emphasis added).]

However, "a person acts under color of state law only when exercising power 'possessed by virtue of **[\*15]** state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk City. v. Dodson, 454 U.S. 312, 317-18, 102 S. Ct. 445, 449, 70 L. Ed. 2d 509, 516 (1981)* (quoting *United States v. Classic, 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368, 1383 (1941))*.

Private persons can act "under color of" state law when they are "willful participant[s] in joint action[s] with the State or its agents." *Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185, 189 (1980)*. However,

---

6 "[T]he phrase 'person acting under color of law' in *N.J.S.A. 10:6-2(c)* applies to deprivation as well as to interference, or attempt-to-interfere, claims brought by private party plaintiffs under the Act." *Perez v. Zagami, LLC, 218 N.J. 202, 217, 94 A.3d 869 (2014)*.

an attorney's mere representation of a government or a government employee does not make him or her a co-conspirator with a client. While we did not find authority in New Jersey addressing this precise issue, there is authority in the federal court, and New Jersey courts look to *section 1983* jurisprudence to guide its interpretation of issues arising under the Act. *See Perez v. Zagami, LLC, 218 N.J. 202, 213, 94 A.3d 869 (2014)*.

Legal representation of a municipality, a police officer, or a municipal prosecutor are not joint activities that qualify as state actions taken "under color of law." *See Horen v. Bd. of Educ., 594 F. Supp. 2d 833, 841 (N.D. Ohio 2009)*. In *Horen* the court held:

> [Plaintiffs'] *§ 1983* claim fails because they do not sufficiently allege that defendants acted under color of law. Defendants are only connected to the State through their provision of legal services to TPS. In their complaint, [plaintiffs] rely on this relationship to assert that the defendants are state actors. This contention fails, however, because attorneys do not become state actors by representing state **[*16]** or local governments. *See id. at 321* (holding that an attorney employed by the state, such as a public defender, still does not have a sufficient relationship to act "under color of state law within the meaning of *§ 1983*").
> . . . .
>
> . . . An attorney representing a client cannot "conspire" within the attorney-client relationship. *See Doherty v. American Motors Corp., 728 F.2d 334, 339-40 (6th Cir. 1984)* (holding that a company cannot conspire with its in-house or outside counsel); *Evans v. Chi Chester School District, 533 F. Supp. 2d 523, 529* (E.G. 2008) ("When an attorney's alleged

conspiratorial conduct occurs within the scope of representation, the conduct cannot be characterized as an actionable conspiracy."). The Board and its attorneys are, essentially, one entity, and thus, cannot conspire with one another.

[*Horen, supra, 594 F. Supp. 2d at 841-42*.] Submitting motions, briefs, certifications, or copies of opinions from another court on behalf of a client did not make Grodeck liable to plaintiff under the Act.

Guss's act of submitting a certification in the Law Division matter that allegedly revealed expunged information also did not make him liable to plaintiff under the Act. Plaintiff argues Guss was named as a defendant in the Law Division matter in his official capacity as Bedminster municipal prosecutor and, thus, was "acting in his official capacity as Bedminster **[*17]** Municipal prosecutor when he executed his . . . certification for filing in court[.]" Plaintiff reasons that because Guss submitted a certification to defend himself as municipal prosecutor, then he was acting under "color of law" and thus liable to plaintiff under the Act.

We reject this argument. Guss executed and submitted the certification as a defendant in a lawsuit. He was not acting under color of law when his certification was filed or otherwise made himself a "person" under *N.J.S.A. 10:6-2(c)* by defending himself in this litigation. Plaintiff failed to cite any authority and this court knows of none to support this premise.

In light of our disposition, we need not address plaintiff's remaining arguments. To the extent we have not explicitly addressed an argument plaintiff raised in connection with the issues we have examined, it is because we conclude plaintiff's arguments are without sufficient merit to warrant discussion in a written opinion. *R. 2:11-3(e)(1)(E)*.

A.V. v. Ashrafi

Grodeck cross-appeals from the June 11, 2015 order which denied his motion for counsel fees. However, the trial court failed to provide its reasons for denying this motion. *Rule 1:7-4* requires courts to articulate, either in a written or oral opinion, its specific **[\*18]** findings of fact and conclusions of law "in all actions tried without a jury, on every motion decided by a written order that is appealable as of right." *R. 1:7-4(a)*; Pressler & Verniero, *Current N.J. Court Rules*, comment 1 on *R. 1:7-4* (2017); *see also Raspantini v. Arocho, 364 N.J. Super. 528, 532, 837 A.2d 417 (App. Div. 2003)*. Because there were no findings of fact and conclusions of law made on the issue of Grodeck's request for counsel fees, we are compelled to remand this matter so the trial court may fulfill this task.

The trial court shall provide its statement of reasons to the parties and to the Clerk of the Appellate Division within thirty days. Ten days after the trial court has filed its decision, the parties shall simultaneously submit letter briefs, not to exceed five pages, to the Clerk of the Appellate Division.

Affirmed in part and remanded in part. We retain jurisdiction.

---

**End of Document**