# Exhibit C

No *Shepard's* Signal™
As of: December 16, 2025 9:12 PM Z

## *Messerian-Esper v. Fort Lee Bd. of Educ.*

Superior Court of New Jersey, Law Division, Bergen County

June 25, 2021, Argued; June 29, 2021, Decided

DOCKET NO. BER-L-1547-21

### Reporter

2021 N.J. Super. Unpub. LEXIS 1676 *

MIREILLE MESSERIAN-ESPER Individually and as the natural parent and guardian ad litem for B.E., a minor, Plaintiffs, v. FORT LEE BOARD OF EDUCATION, FORT LEE HIGH SCHOOL, KENNETH ROTA, LAUREN GLYNN, PETER VILARDI, DAVID CUOZZO, LUDDY SERULLE GREEN, LAUREN CARRUBA, JANE DOES 1-10, and ABC CORP. 1-10, Defendants.

**Notice:** NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE COMMITTEE ON OPINIONS.

### Core Terms

tort claim, notice, classmate, cause of action, Bullying, Fabrication, Supervision, allegations, Harassment, employees, Retention, Distress, factual allegations, negligent hiring, matter of law, retaliation, rescinded, entirety

**Counsel:** [*1] Jonathan D. Singer, Esq., appearing on behalf of Plaintiffs Mireille Messerian-Esper individually and as the natural parent and guardian ad litem for B.E., a minor (from Singer Law LLC).

James M. McCreedy, Esq., and Gregory S. Dahl, Esq., appearing on behalf of Defendants Fort Lee Board of Education, Fort Lee High School, Kenneth Rota, Lauren Glynn, Peter Vilardi, David Cuozzo, Luddy Serulle Green, and Lauren Carrubba (from Wiley Malehorn

Sirota & Raynes).

**Judges:** HONORABLE ROBERT C.WILSON, J.S.C.

**Opinion by:** ROBERT C.WILSON

## Opinion

Civil Action

### *PROCEDURAL HISTORY*

THIS MATER initially began on March 8, 2021, when Plaintiffs filed their Complaint. On March 9, 2021, the Plaintiff amended their Complaint and alleged the Fort Lee Board of Education ("the Board") investigation of her child, B.E., was in and of itself a form of Harassment, Intimidation, and Bullying ("HIB") under the New Jersey Antibullying Bill of Rights Act. The Complaint also alleged that the Board discriminated against Plaintiffs in violation of the New Jersey Law Against Discrimination ("NJLAD"). Plaintiffs' complaint also includes claims of Negligent Infliction of Emotional Distress, and various other claims of negligence including negligent hiring, supervision, evaluation, and retention. Lastly, [*2] Plaintiffs' Complaint alleges some sort of unrecognized cause of action entitled "Unlawful Fabrication," and vicarious liability based on alleged wrongful acts committed by

Messerian-Esper v. Fort Lee Bd. of Educ.

individual Board members and employees.

## FACTUAL BACKGROUND

B.E. was a student at Fort Lee High School during the 2018-2019 school year. Plaintiffs allege that during that school year there were a number of incidents between B.E. and another classmate. Plaintiffs allege that on or about May 7, 2019, B.E. and a friend were walking down the hallway when they came upon the classmate. Plaintiffs allege that B.E.'s friend took the classmate's phone and walked away before calling out to her and informing her that he had taken the phone.

The classmate then made an HIB complaint about the prank to school authorities on or around May 8, 2019. As part of the investigation, B.E. spoke to Defendants David Cuozzo, the school's anti-bullying coordinator, and Peter Vilardi, the School's Assistant Principal, and provided an oral and written statement of what happened.

Based on this investigation the School determined that B.E. had participated in an act of HIB and was given three days' detention as a result. B.E.'s involvement in prior **[*3]** incidents of HIB alleged by the classmate was allegedly a factor in reaching this determination. In a pair of phone conversations on May 8 and May 9, Mr. Vilardi called Mireille Messerian-Esper ("Esper"), B.E.'s mother, and informed her that B.E. was involved in the incident with the classmate, and that it fell under HIB laws due to the prior incidents with the classmate.

In a conversation with both Esper and B.E.'s father, Mr. Cuozzo informed B.E.'s parents that they could appeal the HIB determination. Plaintiffs allege that they met with Mr. Vilardi and Cuozzo on May 13, 2019, and that they met with Kenneth Rota, Superintendent of

Schools, on May 22, 2019 in lieu of a formal appeal. At the end of the meeting Superintendent Rota asked B.E.'s parents if they wanted the meeting to be considered as their formal appeal. B.E.'s parents said that they did want the meeting to be considered their appeal, and B.E.'s parents received a letter dated May 22, 2019 informing them that their appeal had been denied.

Plaintiffs further allege that Defendants Luddy Serulle Green, a guidance counselor, and Lauren Carrubba, director of school counseling, called Esper on May 22 and informed her that they **[*4]** wished to switch B.E. out of the classes that he shared with the complainant-classmate. B.E. declined to change classes but some of his teachers moved him to different seats in the classroom. On May 29, Ms. Esper reached out to Superintendent Rota to ask how to further appeal the HIB findings, and Superintendent Rota informed Ms. Esper she could escalate her appeal to the Board of Education. On June 5, 2019, Ms. Esper received a letter from the Board stating that the Board accepted the findings of the HIB investigation.

B.E.'s parents then met with the Board on August 2, 2019, and the Board rescinded the HIB finding against B.E. on August 6, 2019. B.E. nonetheless enrolled in another school of his own choosing for the 2019-2020 school year. Plaintiffs filed suit on March 8, 2021, nearly two years after the HIB incident and over year from the Board's decision to rescind the HIB findings.

For the reasons set forth below, Defendant's Motion to Dismiss is hereby GRANTED.

## MOTION TO DISMISS STANDARD UNDER RULE 4:6-2(e)

On a motion to dismiss pursuant to R. *4:6-2(e)*,

the Court must treat all factual allegations as true and must carefully examine those allegations "to ascertain whether the fundament of a cause of **[\*5]** action may be gleaned even from an obscure statement of claim. . . ." *Printing Mart-Morristown v. Sharp Elec. Corp., 116 N.J. 739, 746, 563 A.2d 31 (1989)*. After a thorough examination, should the Court determine that such allegations fail to state a claim upon which relief can be granted, the Court must dismiss the claim. *Id.* It is simply not enough for a party to file mere conclusory allegations as the basis of its complaint. *See Scheidt v. DRS Techs., Inc., 424 N.J. Super. 188, 193, 36 A.3d 1082 (App. Div. 2012)*; *see also Camden Cty. Energy Recovery Assocs., L.P. v. New Jersey Dept. of Envtl. Prot., 320 N.J. Super 59, 64, 726 A.2d 968 (App. Div. 1999)*, *aff'd o.b. 170 N.J. 246, 786 A.2d 105 (2001)* ("Discovery is intended to lead to facts supporting or opposing an asserted legal theory; it is not designed to lead to formulation of a legal theory.").

Under the New Jersey Court Rules, a complaint may only be dismissed for failure to state a claim if, after an in-depth and liberal search of its allegations, a cause of action cannot be gleaned from even an obscure statement in the Complaint, particularly if additional discovery is permitted. *R. 4:6-2(e)*; *see Pressler, Current N.J. Court Rules*, Comment 4.1.1. to *Rule 4:6-2(e)*, at 1348 (2010) (citing *Printing Mart, 116 N.J. at 746*). Thus, a Court must give the non-moving party every inference in evaluating whether to dismiss a Complaint. *See NCP Litigation Trust v. KPMG, LLP, 187 N.J. 353, 365, 901 A.2d 871 (2006)*; *Banco Popular No. America v. Gandi, 184 N.J. 161, 165-66, 876 A.2d 253 (2005)*; *Fazilat v. Feldstein, 180 N.J. 74, 78, 848 A.2d 761 (2004)*. The "test for determining the adequacy of a pleading [is] whether a cause of action is suggested by the facts." *Printing Mart, 116 N.J. at 746*. However, "a court must dismiss the plaintiff's complaint **[\*6]** if it has failed to articulate a legal basis entitling plaintiff to relief." *Sickles v. Cabot Corp., 379 N.J. Super. 100, 106, 877 A.2d 267 (App. Div. 2005)*.

## RULES OF LAW AND DECISION

Defendants' Motion to Dismiss is granted because (1) Plaintiffs' Bullying claims and NJLAD claims fail as a matter of law; (2) Plaintiffs have not adequately pled a claim for Negligent Infliction of Emotional Distress or Negligent Hiring; (3) Plaintiffs' claim of "Unlawful Fabrication" is not a valid cause of action under New Jersey Law; (4) Plaintiffs' claims against the individual defendants are insufficient; (5) Plaintiffs' claims of vicarious liability are insufficient in the absence of any wrongful acts committed by the Board of Education employees; and, (6) any filing subject to the Tort Claims Act is out of time under the timely notice provision.

I. Plaintiffs' Bullying Claims and NJLAD Claims Fail as a Matter of Law

a. Plaintiffs' Bullying Claims Fail as a Matter of Law

New Jersey does not recognize an independent Tort Claim for Bullying, and even if it did, the Plaintiffs have not pled a cognizable bullying claim. The New Jersey Anti-Bullying Bill of Rights Act does not create or alter any tort liability. *See N.J.S.A. 18A:37-18*; *see also Zelnick v. Morristown-Beard Sch., 445 N.J. Super. 250, 263-64, 137 A.3d 560 (Law. Div. 2015)*. The Board of Education's determination in a HIB investigation **[\*7]** is appealed to an Administrative Law Judge under the Commissioner of Education, not the Law Division. *See N.J.S.A. 18A:37-15(b)(6)(e)*; *N.J.A.C. 6A:16-7.7(a)(2)(ix)(1)(A)*. The *New Jersey Anti-Bullying Bill of Rights* protects students from conduct that is "reasonably

perceived as being motivated by a distinguishing characteristic of the victim, such a race, color, religion, ancestry, national origin, gender, sexual orientation, gender identity and expression, or a mental, physical, or sensory [disability]." *K.L. v. Evesham Tp. Bd. of Educ., 423 N.J. Super. 337, 350-51, 32 A.3d 1136 (App. Div. 2011)*, cert. denied 210 N.J. 108, 40 A.3d 732 (2012) (quoting *N.J.S.A. 18A:37-14*) (internal quotations omitted).

Here, Plaintiffs seek monetary damages and allege that Defendants' acts or omissions resulted in B.E. being bullied or harassed. Since New Jersey Law does not recognize violations of the Anti-Bullying Bill of Rights Act as an independent tort, Count 1 of the Amended Complaint must be dismissed in its entirety. Plaintiffs may not sidestep the proper procedure for appealing these determinations by appealing to the Law Division.

In any event, Plaintiffs have pled no facts to suggest that B.E. was the victim of bullying. It appears that the thorough investigation that took place by the school and Board of Education is the basis of the HIB claim on B.E.'s behalf, but classifying an investigation and resolution **[*8]** of an HIB complaint as an act of HIB is circular and has no merit.

b. Plaintiffs' NJLAD Claims Fail as a Matter of Law

Plaintiffs have failed to plead facts giving rise to a discrimination claim. *See Viscik v. Fowler Equip. Corp., 173 N.J. 1, 14, 800 A.3d 826 (2002)*. To put forward a disparate treatment claim, a Plaintiff must show that (i) he is a member of a protected class; (ii) he sought a position which he was objectively qualified to held; (iii) the plaintiff was barred or removed from the position; and (iv) the defendant sought to or filled the position with a similarly qualified person. *Id.* Plaintiffs do not contend that B.E. was refused admission or wrongfully expelled. To the contrary, Plaintiffs stated that B.E. enrolled in a different school of his own accord after the Board rescinded the HIB finding against him. "Constructive expulsion" requires a heightened showing of "knowingly permitted conditions of discrimination ... so intolerable that a reasonable person subject to them would resign." *Kluczyk v. Tropicana Products, Inc., 368 N.J. Super. 479, 493, 847 A.2d 23 (App. Div. 2004)*. The conduct alleged by Plaintiffs simply does not rise to the heightened level required to sustain a constructive expulsion or discharge claim, particularly since the HIB finding against B.E. was rescinded prior to Plaintiffs' decision to enroll **[*9]** in another school.

In order to prevail on a NJLAD Harassment claim in a scholastic context, a student must allege discriminatory conduct (i) that would not have occurred but for the student's membership in a protected class; (ii) "that a reasonable student of the same age, and protected characteristic would consider sufficiently severe or pervasive enough to create and intimidating, hostile, or offensive school environment ..."; and, (iii) that the school failed to reasonable address the conduct. *L.W. ex. rel. L.G. v. Toms River Reg'l Sch. Bd. of Educ., 189 N.J. 381, 402-03, 915 A.2d 535 (2007)*. Plaintiff B.E. is of Middle Eastern descent, but Plaintiffs do not plead any facts to suggest that the other classmate targeted B.E. because of his ethnicity or national origin, whether actual or imputed. Instead, Plaintiffs simply insinuate that since B.E. is of Middle Eastern descent and the other classmate was Jewish, that any friction between them must have been motivated by ethnic or sectarian tensions. Plaintiffs' Amended Complaint is similarly devoid of any factual allegations to suggest that any Board of Education employee harassed Plaintiffs due to their ethnicity or national origin. Plaintiffs have not pled any factual allegations to suggest that

Messerian-Esper v. Fort Lee Bd. of Educ.

Plaintiffs' membership in a protected **[*10]** class was in any way a factor in the school's handling of the HIB allegation. Absent a nexus to such a protected characteristic, Plaintiffs' NJLAD Harassment claim fails as a matter of law.

Plaintiff's disparate impact claim was effectively withdrawn as in the Plaintiffs' very opposition to this motion they stated that the discrimination was "open, obvious, and blatant," and they do not think anything was "neutral on its face." The existence of a facially neutral policy that somehow disadvantages members of a protected class is an essential element of any disparate impact claim. *See Schiavo v. Marina Dist. Dev. Co., 442 N.J. Super. 346, 369, 123 A.3d 272 (App. Div. 2015)*, *cert. denied 224 N.J. 124, 129 A.3d 330 (2016)*. Furthermore, case law establishes that no disparate impact claim exists when the "class" of people harmed by a policy is a class of only one person or a few people. *See Schiavo, 442 N.J. Super. at 370*.

Lastly, Plaintiffs have failed to plead a retaliation claim. In order to have a viable retaliation claim, the person bringing the claim must have personally engaged in a protected activity. *See Rios v. Meadowlands Hosp. Med. Ctr., 463 N.J. Super. 280, 287, 232 A.3d 421 (App. Div. 2020)* (quoting *Tartaglia v. UBS PaineWebber, Inc., 197 N.J. 81, 125, 961 A.2d 1167 (2008)*). Plaintiffs argue that a valid retaliation claim exists because Defendants allegedly harmed B.E. as a means of exacting revenge against his parents. Under these circumstances the claim would belong to B.E.'s parents, not **[*11]** B.E. and as mentioned below, Ms. Esper's claims are in violation of the timely notice provision under the Tort Claims Act. All retaliation claims put forward by Plaintiffs must be dismissed with prejudice and Count 4 of the Amended Complaint must be dismissed in its entirety and with prejudice.

II. Plaintiffs Have Not Adequately Plead a Claim for Negligent Infliction of Emotional Distress or Negligent Hiring, Supervision, Evaluation, and Retention

a. Negligent Infliction of Emotional Distress

Count VII of Plaintiffs' Amended Complaint alleges Negligent Infliction of Emotional Distress ("NIED") due to the distress caused to Ms. Esper as a result of her son's alleged injuries. NIED requires a plaintiff to observe an incident causing the death or serious injury of a close relative. *See Moreland v. Parks, 456 N.J. Super. 71, 82, 191 A.3d 729 (App. Div. 2018)*. Since B.E. was not killed or seriously physically injured, Count VII must be dismissed in its entirety.

b. Negligent Hiring, Supervision, Evaluation, and Retention

Plaintiffs' Negligent Hiring, Supervision, Evaluation, and Retention claim fails to plead essential elements. In order to state a claim for negligent supervision, evaluation and/or retention, a Plaintiff must allege that (i) the employer knew or **[*12]** should have known an employee was unfit, incompetent, or dangerous to hire; and (ii) through the employer's negligence, the Plaintiff was injured by the unfit, incompetent, or dangerous employee. *See G.A.-H. v. K.G.G., 238 N.J. 401, 416, 210 A.3d 907 (2019)* (citing *Di Cosala v. Kay, 91 N.J. 159, 173, 450 A.2d 508 (1982)*). Similarly, in order to prevail on a theory of negligent training, supervision, evaluation or retention, a Plaintiff must show that (i) an employer knew or should have known that a failure to properly train, supervise, evaluate, or terminate an employee posed a risk, and (ii) the employer's negligent failure to take appropriate action cause the Plaintiff injury. *See G.A.-H v. K.G.G., 238 N.J. 401, 416, 210 A.3d 907 (2019)*.

Here, Plaintiffs have made no factual

Messerian-Esper v. Fort Lee Bd. of Educ.

allegation to suggest that the Board of Education knew or should have known that Superintendent Rota, Principal Glynn, Assistant Principal Vilardi, Mr. Cuozzo, Ms. Green, Ms. Carrubba, or any other Board of Education Employee was an unfit, incompetent, or dangerous employee. Therefore, Counts II, and V of Plaintiffs' Amended Complaint must be dismissed. *See G.A.-H, 238 N.J. at 416*.

## III. Plaintiffs' claim of "Unlawful Fabrication" is Not a Valid Cause of Action

Count VI of Plaintiffs' Amended Complaint alleges that Defendants unlawfully fabricated incidents allegedly involving Plaintiff B.E. and fabricated **[*13]** excuses for the manner in which they treated Plaintiffs. New Jersey Law does not recognize a cause of action for unlawful fabrication. Because unlawful fabrication is not a distinct cause of action under New Jersey Law, Count VI must be dismissed in its entirety.

## IV. Plaintiffs' Claims Against the Individual Defendants are Insufficient

In addition to filing suit against the Board of Education and High School, Plaintiffs have filed suit against multiple individual employees of the Board. Plaintiffs' choice of individuals includes several who had little to no involvement in the events alleged by Plaintiffs. The Court analyzes each individual below:

### a. Lauren Glynn

Lauren Glynn was Principal of Fort Lee High School during the period relevant to Plaintiffs' Complaint. Plaintiffs rely on her status alone to allege Principal Glynn's liability. Plaintiffs do not make any factual allegations against Principal Glynn. Plaintiffs do not allege that Principal Glynn personally handled the HIB investigation against B.E. or participated in the attempts to resolve Plaintiffs' dispute of the

HIB finding against B.E. Plaintiffs do not even argue that Principal Glynn had ultimate supervisory authority over **[*14]** BOE employees involved in the attempt to resolve Plaintiffs' dispute. In order to pursue a LAD claim against a supervisor individually, a Plaintiff must establish that the supervisor "aided and abetted" the conduct through her "active and purposeful conduct." *See Cicchetti v. Morris Cty. Sheriff's Office, 194 N.J. 563, 947 A.2d 626 (2008)*. As Plaintiffs have alleged no such conduct here, all claims against Principal Glynn individually must be dismissed.

### b. Luddy Serulle Green and Lauren Carrubba

During the period relevant to Plaintiffs' Complaint, Luddy Serulle Green was a Guidance Counselor at Fort Lee High School and Lauren Carrubba was the Director of School Counseling. Plaintiffs allege that Green and Carrubba called Ms. Esper on May 19, 2019 and informed her that they wanted to swap B.E. out of classes he shared with the classmate involved in the incident. Ms. Esper did not provide an answer in the affirmative or negative, and Green attempted to switch B.E. into a different class, but B.E. declined and remained in his classes for the duration of the school year. The sole "incident" that Ms. Green and Carrubba were involved in with respect to B.E. was this attempted class change. The class change was simply offered to B.E. and rejected by him resulting in **[*15]** him remaining in the classes of his choice. This does not rise to the level of discrimination, harassment, or retaliation. Plaintiffs have plead no facts to indicate the schedule change was proposed for discriminatory, harassing, or retaliatory purposes, and to the contrary, alleged that the class change was proposed for B.E.'s benefit as much as the other student's.

### c. David Cuozzo and Peter Vilardi

During the period relevant to the Plaintiffs' Complaint, David Cuozzo was the Anti-Bullying Coordinator overseeing Fort Lee High School, and Peter Vilardi was the High School's Assistant Principal. Plaintiffs allege that Mr. Cuozzo and Mr. Vilardi spoke to B.E. during their investigation, met with B.E.'s parents on May 9 and May 13 to try and resolve their concerns, and that Mr. Vilardi emailed Ms. Esper to suggest a schedule change. As Plaintiffs' allegation demonstrate, Mr. Cuozzo and Mr. Vilardi promptly investigated the HIB complaint as part of their employment. Plaintiffs' disagreement with the outcome of that investigation is not by itself grounds for tort liability.

d. Kenneth Rota

Kenneth Rota was Superintendent of Schools for Fort Lee School District during the period relevant to **[*16]** Plaintiff's Complaint. Plaintiffs allege that B.E.'s parents met with Mr. Rota on May 22 in lieu of a formal appeal. Plaintiffs admit that Mr. Rota met with them multiple times and guided them through the HIB appeal process. At the end of the whole process, Plaintiffs ultimately achieved their desired outcome. There is nothing in Plaintiffs' Complaint to suggest that Superintendent Rota actively aided and abetted discrimination against Plaintiffs. *See Cicchetti, 194 N.J. at 594*. Again, the fact that the Plaintiffs disagreed with the conclusion that Mr. Rota came to in regard to the HIB determination is not sufficient to make Mr. Rota's conduct tortious. As Plaintiffs have failed to plead a cognizable claim for liability against Principal Glynn, Ms. Green, Ms. Carrubba, Mr. Cuozzo, Assistant Principal Vilardi, or Superintendent Rota, all claims against these individual defendants must be dismissed in their entirety and with prejudice.

V. Plaintiffs' Claims of Vicarious Liability are Insufficient in the Absence of any Wrongful Acts Committed by the Board of Education Employees

Count III of Plaintiffs' Amended Complaint asserts that the Fort Lee Board of Education and Fort Lee High School are vicariously liable **[*17]** for the actions of its employees. As set forth above, Plaintiffs have failed to adequately plead that any Board of Education employee has committed a wrongful act against Plaintiffs. Therefore, Count III of Plaintiffs' Complaint must be dismissed.

VI. Any Filing Subject to the Torts Claims Act is Out of Time Under the Timely Notice Provision

Plaintiffs have not filed a notice of tort claim in compliance with the Tort Claims Act. No tort claim can be filed against a public entity or its employees without first filing a notice of tort claim at least six months prior to filing suit. *See N.J.S.A. 59:8-3; N.J.S.A. 59:8-4; N.J.S.A. 59:8-8*. The notice must be filed within 90 days of the alleged injury, or, in the case of a minor, within 90 days of the minor reaching the age of majority. *See N.J.S.A. 59:8-8*. A plaintiff's claim is barred if he fails to file a complaint within two years of his claim's accrual. *See id*.

Plaintiffs contend that their Tort Claims Notice was sent in May 2020. However, that would make the tort claim asserted by Ms. Esper out of time. Plaintiff's Notice of Tort Claim lists August 27, 2019 as the date of the occurrence, apparently because that is when the Board of Education sent a letter reporting that the HIB finding against **[*18]** B.E. had been rescinded. Plaintiffs began contesting the HIB finding against B.E. around May 9, 2019. But, assuming arguendo that August 27, 2019 is the proper accrual date for Plaintiffs' claim, Plaintiffs would have been required to file their notice of tort claim by the end of November 2019—notably three months before the Covid-19 pandemic began disrupting private

Messerian-Esper v. Fort Lee Bd. of Educ.

business and government entities. Plaintiffs acknowledge that they did not serve notice on the Defendants until May 2020, more than 240 days after an August 27, 2019 accrual date, and more than 150 days after the November 2019 Notice of Tort Claim deadline. By Plaintiffs' own admission, the Notice of Tort Claim put forward by Ms. Esper was filed well after the 90-day deadline. Any claim asserted in violation of the Tort Claims act must therefore be dismissed. *See N.J.S.A. 59:8-8(a)*.

*CONCLUSION*

For the aforementioned reasons, Defendant's Motion to Dismiss is GRANTED.

---

**End of Document**