# Exhibit D

No *Shepard's* Signal™
As of: December 16, 2025 9:10 PM Z

## *Ebin N.Y. v. Beauty Plus Trading Co.*

Superior Court of New Jersey, Law Division, Bergen County

March 18, 2022, Decided; March 18, 2022, Filed

DOCKET NO. BER-L-7026-21

**Reporter**

2022 N.J. Super. Unpub. LEXIS 3802 *

EBIN NEW YORK, INC., Plaintiff, v. BEAUTY PLUS TRADING CO., INC., DONGWON KANG, JUNTAEK OH, SUNMIN CHUNG, GIDEOK SEONG, and ZHUHAI JULI BIOTECHNOLOGY CO., LTD., Defendants.

**Notice:** NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION.

PLEASE CONSULT NEW JERSEY *RULE 1:36-3* FOR CITATION OF UNPUBLISHED OPINIONS.

## Core Terms

Beauty, trade secret, manufacturer, alleges, individual defendant, unjust enrichment, misappropriation, tortious interference, confidential, injunction, employees, formula, amended complaint, motion to dismiss, suppliers, cause of action, hairspray, adhesive, secrecy

**Counsel:** [*1] For Beauty Plus Trading Co., Inc., Defendant: GERALD R. SALERNO, ESQ. — I.D. NO. 022821982, ARONSORN WEINER SALERNO & KAUFMAN, P.C., Hackensack, NJ.

**Judges:** Robert C. Wilson, J.S.C.

**Opinion by:** Robert C. Wilson

## Opinion

ORDER DISMISSING PLAINTIFF'S COMPLAINT AGAINST BEAUTY PLUS TRADING CO., INC. WITH PREJUDICE

THIS MATTER having been brought befoie the Court by Aronsohn Weiner Salerno & Kaufman, P.C. (Gerald R. Salerno, Esq., appearing), attorneys for Defendant, Beauty Plus Trading Co., Inc., upon notice to Kim, Cho & Lim, LLC, attorneys for the Plaintiff, and John H. Choi & Associates, attorneys for Defendants, Dongwon Kang, Juntaek Oh, Sunmin Chung and Gideok Seong, and the Court having considered the moving papers and any opposition filed thereto, and having heard the arguments of counsel, and for good cause shown;

IT IS on this 18th day of March, 2022,

ORDERED that the Plaintiff's Complaint is hereby dismissed with prejudice pursuant to *Rule 4:6-2(e)*, as to Defendant, Beauty Plus Trading Co., Inc.; and it is

FURTHER ORDERED that a copy of this Order shall be served upon all parties via electronic filing.

/s/ Robert C. Wilson

J.S.C.

Ebin N.Y. v. Beauty Plus Trading Co.

OPINION

Argued: March 4, 2022

Decided: March 18, 2022

HONORABLE ROBERT C. WILSON, J.S.C.

John Chen, Esq. **[*2]** appearing on behalf of Plaintiff EBIN New York, Inc. (from Kim, Cho & Lim, LLC)

Craig L. Levinsohn, Esq. appearing on behalf of Defendant Beauty Plus Trading Co., Inc. (from Aronsohn, Weiner, Salerno, & Kaufman, P.C.)

John H. Choi, Esq. appearing on behalf of Defendants Dongwon Kang, Juntaek Oh, Sunmin Chung, and Gideok Seong (from Jon H. Choi & Associates LLC)

*FACTUAL BACKGROUND*

THE INSTANT MATTER arises out of purported trade secrets of EBIN New York, Inc.'s ("Plaintiff') for an adhesive hair spray product, which it alleges multiple defendants have misappropriated. Plaintiff claims that the identity of its supplier and manufacturer, Zhuhai Juli Biotechnology Co., Ltd. ("ZJB") and the formula for Plaintiff's adhesive hair spray are both trade secrets.

Plaintiff is a New Jersey corporation in the business of developing, manufacturing, distributing, and selling cosmetics and beauty supplies. Beauty Plus Trading Co., Inc. ("Beauty Plus") is a New Jersey corporation operating in the same business as a direct competitor with Plaintiff. Dongwon Kang, Juntaek Oh, Sunmin Chung, and Gideok Seong ("Individual Defendants") are employees of Beauty Plus, and were previously employed by Plaintiff, performing **[*3]** similar functions.

During each of the Individual Defendants' employment with Plaintiff, they executed "Confidentiality, Restrictive Covenants, and Intellectual Property Agreements" (the "Restrictive Covenant Agreement"). The Restrictive Covenant Agreement provided that the employees would keep in confidence all confidential information of Plaintiff, as well as protecting the inventions of Plaintiff. The Restrictive Covenant Agreement also includes a non-solicitation provision for employees, customers, partners, and other relationships between Plaintiff and those parties Plaintiff does business with.

Plaintiff used ZJB as its manufacturer for its adhesive hair spray. Plaintiff and ZJB signed an NDA providing that ZJB "shall not disclose or divulge any Confidential Information." Plaintiff and ZJB executed a manufacturing agreement on September 16, 2021, to produce the adhesive hair spray.

Beauty Plus and the individual Defendants both filed Motions to Dismiss on January 14, 2022. On February 8, 2022, Plaintiff filed opposition and a Cross-Motion to File an Amended Complaint.

For the reasons set forth below, Beauty Plus's Motion to Dismiss and Individual Defendants' Partial Motion to Dismiss **[*4]** are hereby GRANTED, and Plaintiff's Cross-Motion to File an Amended Complaint is hereby DENIED.

*MOTION TO DISMISS STANDARD UNDER RULE 4:6-2(e)*

On a motion to dismiss pursuant to *R. 4:6-2(e)*, the Court must treat all factual allegations as true and must carefully examine those allegations "to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim. . . ." *Printing Mart-Morristown v. Sharp*

*Elec. Corp., 116 N.J. 739, 746 (1989)*. After a thorough examination, should the Court determine that such allegations fail to state a claim upon which relief can be granted, the Court must dismiss the claim. *Id.* It is simply not enough for a party to file mere conclusory allegations as the basis of its complaint. *See Scheidt v. DRS Techs., Inc., 424 N.J. Super. 188, 193 (App. Div. 2012)*; *see also Camden Cty. Energy Recovery Assocs., L.P. v. New Jersey Dept. of Envtl. Prot., 320 N.J. Super 59, 64 (App. Div. 1999)*, *aff'd o.b. 170 N.J. 246 (2001)* ("Discovery is intended to lead to facts supporting or opposing an asserted legal theory; it is not designed to lead to formulation of a legal theory.").

Under the New Jersey Court Rules, a complaint may only be dismissed for failure to state a claim if, after an in-depth and liberal search of its allegations, a cause of action cannot be gleaned from even an obscure statement in the Complaint, particularly if additional discovery is permitted. *R 4:6-2(e)*; see *Pressler, Current N.J. Court Rules*, Comment 4.1.1. to *Rule 4:6-2(e)*, at **[*5]** 1348 (2010) (citing *Printing Mart, 116 N.J. at 746*). Thus, a Court must give the non-moving party every inference in evaluating whether to dismiss a Complaint. *See NCP Litigation Trust v. KPMG, LLP, 187 N.J. 353, 365 (2006)*; *Banco Popular No. America v. Gandi, 184 N.J. 161, 165-66 (2005)*; *Fazilat v. Feldstein, 180 N.J. 74, 78 (2004)*. The "test for determining the adequacy of a pleading [is] whether a cause of action is suggested by the facts." *Printing Mart, 116 N.J. at 746*. However, "a court must dismiss the plaintiff's complaint if it has failed to articulate a legal basis entitling plaintiff to relief." *Sickles v. Carbot Corp., 379 N.J. Super. 100, 106 (App. Div. 2005)*.

*RULES OF LAW AND DECISION*

I. *Misappropriation of Trade Secrets (Count I)*

Plaintiff asserts a claim of misappropriation against all the defendants. For a claim of misappropriation of a trade secret to succeed the trade secret owner must establish that: (1) a trade secret exists; (2) the information comprising the trade secret was communicated in confidence by plaintiff to the employee; (3) the secret information was disclosed by that concern/employee and in breach of that confidence; (4) the secret information was acquired by a competitor with knowledge of the employee's breach of confidence; (5) the secret information was used by the competitor to the detriment of plaintiff; and (6) the plaintiff took precautions to maintain the secrecy of the trade secret. *Rycoline Products, Inc. v. Walsh, 334 N.J. Super. 62 (App. Div. 2000)*. In New Jersey, six factors are analyzed in **[*6]** determining whether the information sought is a trade secret: (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the owner to guard the secrecy of the information; (4) the value of the information to the business and to its competitors; (5) the amount of effort or money expended in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *Samsung Elecs. Am., Inc. v. Westpark Elecs., LLC, 2015 N.J. Super. Unpub. LEXIS 2794, *5, 2015 WL 7783607 (N.J. Super. Ct. App. Div. 2000)*, citing *Ingersoll-Rand Co. v. Ciavatta, 110 N.J. 609, 637 (1988)*.

In January 2012, the New Jersey Trade Secrets Act, *N.J.S.A.* 56:15-1, was signed into law, which establishes principles governing protection of trade secrets and remedies for their misappropriation. A "trade secret" is defined under the statute as:

[I]nformation, held by one or more people, without regard to form, including a formula, pattern, business data compilation, program, device, method, technique, design, diagram, drawing, invention, plan, procedure, prototype or process that: (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper **[*7]** means by, other person who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

*N.J.S.A. 56:15-2*.

With respect to the identity of Plaintiff's manufacturer, ZJB, this type of information is readily available on various websites which would show data for different U.S. importers. This Court has previously ruled that the identities of suppliers is not a trade secret. *Samsung Elecs. Am., Inc.*, 2015 N.J. Super. Unpub, LEXIS 2794 at *5 ("the list of defendant's suppliers does not seem particularly valuable in light of defendant's claim that it uses only twelve suppliers, while there exists a pool of hundreds of available suppliers.") Further, the fact that Plaintiff identifies ZJB as their manufacturer in the Complaint is telling as to its lack of confidential importance. There was no showing that ZJB was not regularly marketing its availability as a supplier or manufacturer to the industry.

With respect to the formula for Plaintiff's product, the information is not a trade secret because it has been known to others for some time. Plaintiff alleges that it began developing the adhesive hair spray in August 2018, and after research and communications with various manufacturers, **[*8]** Plaintiff settled on ZJB as the manufacturer of its product. Plaintiff

openly disclosed the formula with various manufacturing plants prior to selecting ZJB as the manufacturer. The information allegedly misappropriated does not satisfy the last prong of the statutory requirement, that the information was the subject of efforts that are reasonable under the circumstances to maintain its secrecy. *N.J.S.A, 56:15-2*. There was no patent application, or any other statutory protections claimed for this formula or product.

Plaintiff then alleges that the confidentiality of the "trade secrets" were maintained with ZJB through the Manufacturing Agreement, which was entered into more than three years after Plaintiff alleges to have begun development of the product at issue. While Plaintiff alleges that Individual Defendants left plaintiff in early 2020, and became employed by Beauty Plus shortly after that, Plaintiff claims that the Manufacturing Agreement kept the formula confidential and thus constitutes a trade secret. However, the Manufacturing Agreement, was only entered into less than three weeks before Plaintiff sent the demand letter to Beauty Plus and less than six weeks before the Complaint was filed, **[*9]** and therefore does not cure the fact that Plaintiff had disclosed the formula to multiple manufacturers previously. Plaintiff's claims of misappropriation of trade secrets are thus devoid of merit and are dismissed.

II. *Tortious Interference with Contract (Count III)*

Plaintiff asserts a claim for tortious interference with contract against all defendants, alleging all defendants intentionally interfered with Plaintiffs contracts and contractual relationships with other parties including the employees and ZJB. In New Jersey, a claim for tortious interference with contract or a prospective economic advantage contains four elements: (1) the party asserting the claim has

some protectable right either in the form or a contract or some "reasonable expectation of economic advantage;" (2) the interference was done intentionally and with malice; (3) the interference caused the loss of prospective gain; and (4) the injury caused damage. *Printing Mart, 116 N.J. at 751-52*, With respect to the second element, "[tjhe term malice is not used in the literal sense requiring ill will." *Id.*

The New Jersey Supreme Court has clearly explained the differences between intentional interference with an existing contract and intentional interference **[*10]** with a prospective contractual relationship. The general rule defining the elements of tortious interference with an existing contract are:

> One who intentionally and improperly interferes with the performance of a contract (except a contract to many) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.

*Nostrame v. Santiago, 213 N.J. 109, 122 (2013)*.

Plaintiff alleges that Individual Defendants intentionally interfered with the Manufacturing Agreement between ZJB and Plaintiff. However, Plaintiff does not allege that Individual Defendants had knowledge of the Manufacturing Agreement because it cannot, as Individual Defendants had not been employed for over a year before the agreement came into existence.

Further, Plaintiff has not alleged malice as required. Plaintiff alleges that the interference is without justification and unlawful. This falls short of the pleading requirements for the claims of tortious interference with contract.

*See, e.g., 1 Reliable Transp. v. Trader Joe's Co., A-4312-18T1, 2020 N.J. Super. Unpub. LEXIS 1507, *11 (N.J. Super. Ct. App. Div. July 27, 2020)* (citing *Dello Russo v. Nagel, 358 N.J. Super. 254, 268, 817 A.2d 426 (App. Div. 2003)* ("Proof that a party acted only 'to advance [its] own interest and financial **[*11]** position' does not establish the necessary malice or wrongful conduct.")) As for the claims against Beauty Plus, specifically, the Complaint does not allege any wrongful means used by Beauty Plus. The Complaint does not allege that Beauty Plus utilized any proprietary information that the employees allegedly shared to compete with and harm Plaintiff. Therefore, Plaintiff's claims of tortious interference with contract are dismissed.

III. *Unjust Enrichment (Count IV)*

Plaintiff asserts a claim of unjust enrichment against all Defendants. "The doctrine of unjust enrichment rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." *Callano v. Oakwood Park Homes Corp., 91 N.J. Super. 105, 108 (App. Div. 1966)*. "A cause of action for unjust enrichment requires proof that 'defendant[s] received a benefit and that retention of that benefit without payment would be unjust.' *County of Essex v. First Union Nat. Bank, 373 N.J. Super. 543, 549-50 (App. Div. 2004)* (quoting *VRG Corp. v. GKN Realty Corp., 134 N.J. 530, 554 (1994)*), *aff'd, remanded by 186 N.J. 46 (2006)*. When "an express contract exists concerning the identical subject matter" there can be no claim for unjust enrichment. *See Suburban Transfer Serv., Inc. v. Beech Holdings, Inc., 716 F. 2d 220, 226 (3d Cir. 1983)*; *St. Paul Fire & Marine Ins. Co. v. Indemnity Ins. Co. of North America, 32 N.J. 17, 22-23 (1960)*. Unjust enrichment may not proceed separately from breach of contract because it "is not an independent theory of liability but is the basis for a claim of quasi-contractual liability." **[*12]**

*Nat'l Amusements, Inc. v. New Jersey Tpk. Auth., 261 N.J. Super. 468, 478 (Law Div. 1992)*, aff d, *275 N.J. Super. 134 (App. Div.)*, *certify. denied*, 138 N.J. 269 (1994).

Plaintiff has not identified any "quasi-contractual" obligation of Beauty Plus to Plaintiff. Plaintiff also failed to show that Beauty Plus received any benefit that would be unjust for it to receive, which this Court has held is necessary for a claim of unjust enrichment. *See, e.g., Cajoeco v. Bensi Enters*, 1029 N.J. Super. Unpub. LEXIS 660, *42-43 (N.J. Super. Ct. Law Div. 2019).

As for the Individual Defendants, nowhere in the Complaint is it alleged that Plaintiff expected renumeration from the Individual Defendants or how they benefitted financially from Plaintiff. The Complaint only includes conclusory allegations that the Individual Defendants have been enriched by their actions and that the Individual Defendants' enrichment and benefit has come at the expense and harm of Plaintiff Moreover, Plaintiff alleges that each of the Individual Defendants entered into the Restrictive Covenant Agreement, which was allegedly breached by the Individual Defendants (Count II of the Complaint) and is the basis for plaintiffs breach of contract claim against the Individual Defendants. Therefore, Plaintiff cannot recover under the quasi-contractual theory of unjust **[*13]** enrichment because the alleged contract covers the subject matter of the present dispute.

### IV. *Breach of Fiduciary Duties (Count V)*

Plaintiff alleges that the Individual Defendants owed a fiduciary duty to plaintiff by virtue of their employment, and that they breached their duty. However, each of the Individual Defendants' employments with Plaintiff ended during the first half of 2020, and the alleged acts occurred after the Individual Defendants' departure from Plaintiff. Therefore, the Individual Defendants did not owe a fiduciary duty to Plaintiff. Only employees have a duty of loyalty to their employer. *See, e.g., Kaye v. Rosefielde, 223 N.J. 218 (2015)*; *Cameco, Inc. v. Gedicke, 157 N.J. 504 (1999)*. Therefore, Plaintiff's claims for breach of fiduciary duty are be dismissed.

### V. *Injunction (Count VI)*

An injunction is a remedy rather than a cause of action. *See, e.g., Madej v. Maiden, 951 F.3d 364 (6th Cir. 2020)* (An injunction is a remedy, not a claim. If plaintiffs cannot show actual success on their claims, they cannot obtain a permanent injunction). *Rule 4:52-1* confirms this by saying, "[o]n the filing of a complaint seeking injunctive relief, the plaintiff may apply for an order requiring the defendant to show cause why an interlocutory injunction should not be granted pending the disposition of the action." In Plaintiff's **[*14]** "Prayer for Relief", Plaintiff seeks an order enjoining ZJB and the Individual Defendants from engaging in business with Beauty Plus per their Restrictive Covenant Agreement. Therefore, Plaintiff's claims for an injunction are dismissed.

### VI. *Plaintiff's Cross-Motion to File an Amended Complaint*

*Rule 4:9-1* provides that a party may amend its pleadings after responsive pleadings are served, but only by leave of Court. The granting of a motion to file an amended complaint rests in the Court's discretion. *Kernan v. One Washington Park Urban Renewal Assocs., 154 N.J. 437, 456-57 (1998)*. While motions for leave to amend are to be determined without consideration of the ultimate merits of the amendment, those determinations must be made in light of the factual situation existing at the time the motion is made. *Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490 (2006)*. The Court's exercise of discretion requires a two-step process:

Ebin N.Y. v. Beauty Plus Trading Co.

whether the non-moving party will be prejudiced, and whether granting the amendment would be futile. *Id.*

The proposed amendments and new allegations do not cure the main deficiencies of Plaintiff's misappropriation and tortious interference claims. It does not show that the purported confidential information was unavailable from other sources and that reasonable efforts were undertaken by Plaintiff to maintain **[*15]** the secrecy. Granting the amendment would be futile. Therefore, Plaintiff's Cross-Motion to File an Amended Complaint is DENIED.

*CONCLUSION*

For the aforementioned reasons, Beauty Plus's Motion to Dismiss and the Individual Defendants' Partial Motion to Dismiss are GRANTED and Plaintiff's Cross-Motion to File an Amended Complaint is DENIED.

---

**End of Document**