# Exhibit E

 Cited
As of: December 16, 2025 9:14 PM Z

## *Pell v. Ross*

Superior Court of New Jersey, Appellate Division

September 14, 2005, Argued; February 28, 2006, Decided

DOCKET NO. A-4799-03T5

**Reporter**

2006 N.J. Super. Unpub. LEXIS 378 *; 2006 WL 572339

ELLIOTT LOUIS PELL, ESQ., Pro Se, Plaintiff-Appellant, v. HONORABLE GRAHAM T. ROSS, Assignment Judge, New Jersey Vicinage 13, HONORABLE THOMAS H. DILTS, Presiding Judge, New Jersey Superior Court, Somerset County Chancery Division, Family Part, JOHN HIGGINS, Chief Probation Officer, Vicinage 13, HONORABLE RICHARD J. WILLIAMS, Administrative Director of the Courts in the State of New Jersey, HONORABLE PAUL ARMSTRONG, Judge, New Jersey Superior Court, Somerset County, Chancery Division, Family Part, FRANK PROVENZANO, SR., Sheriff of Somerset County, Defendants-Respondents.

**Notice:** NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION.

PLEASE CONSULT NEW JERSEY RULE 1:36-3 FOR CITATION OF UNPUBLISHED OPINIONS.

**Prior History: [*1]** On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-512-03.

## Core Terms

immunity, incarceration, injunctive relief, damages, arrest, individual capacity, quasi-judicial, Probation, notice, rights, civil rights action, color of state law, declaratory relief, absolute immunity, judicial immunity, child support, common law, sub nomine, Tort Claims Act, allegations, declaratory, deprivation, performing, directive, malice

**Counsel:** Elliott Louis Pell, appellant, argued the cause Pro se.

Matthew Sapienza, Deputy Attorney General, argued the cause for respondents, Honorable Graham T. Ross, Honorable Thomas A. Dilts, Honorable Paul Armstrong, Honorable Richard J. Williams and John Higgins (Peter C. Harvey, Attorney General, attorney; Patrick DeAlmeida, Assistant Attorney General, of counsel; Diane M. Lamb, Deputy Attorney General, on the brief).

Scott D. Rodgers argued the cause for respondent, Frank Provenzano, Sr., (County of Somerset, Office of the County Counsel, attorney; Mr. Rodgers, on the brief).

**Judges:** Before Judges Stern, Fall and Parker.

## Opinion

PER CURIAM

Plaintiff appeals from an order of April 8, 2004 granting defendants' motions for summary judgment, denying plaintiff's motion for similar relief, and dismissing the complaint, which was

premised on plaintiff's arrest and incarceration on a warrant related to non-payment of child support. Plaintiff challenges the dismissal of his *42 U.S.C.A. § 1983* civil rights action and seeks injunctive relief and damages for his incarceration without an enforcement or ability-to-pay hearing. **[*2]** Judge Andrew Smithson dismissed the complaint after concluding that plaintiff had failed to comply with the notice provisions of the Tort Claims Act and that any due process violation was not actionable and was remedied by the post-incarceration ("post deprivation") hearing, which was held within twenty-four hours of his incarceration.

We affirm the judgment and agree with the essence and conclusion of Judge Andrew Smithson's opinion of April 8, 2004.

*Section 1983* "creates a remedy for the violation of rights found in the Constitution and elsewhere in federal law." *Loigman v. Twp. Comm. of Middletown, 185 N.J. 566, 577, 889 A.2d 426 (2006)* (citing *Oklahoma City v. Tuttle, 471 U.S. 808, 816-17, 105 S. Ct. 2427, 2432, 85 L. Ed. 2d 791, 799-800 (1985))*. The statute "originated from the Civil Rights Act of 1871, which intended, at its core, to enforce the *Fourteenth Amendment*." *185 N.J. at 577* (citing *Monell v. Dep't of Soc. Servs., 436 U.S. 658, 665, 98 S. Ct. 2018, 2023, 56 L. Ed. 2d 611, 619-20 (1978)*; *Tenney v. Brandhove, 341 U.S. 367, 369, 71 S. Ct. 783, 784, 95 L. Ed. 1019 (1951))*. To state a cause of action under *Section 1983*, "a plaintiff must allege the violation **[*3]** of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40, 49 (1988)* (citing *Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420, 428 (1981)* (overruled in part on other grounds, *Daniels v. Williams, 474 U.S. 327, 330-331,*

*106 S. Ct. 662, 664, 88 L. Ed. 2d 662, 667-68 (1986))*; *Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185, 193 (1978))*.

We express concern that when plaintiff was arrested while at the Somerset County Probation Department, the probation office refused to accept an attorney firm account check, or to accompany plaintiff to the bank to obtain a certified or bank check, as opposed to incarcerating him. [1] We are also concerned that a hearing was not held before plaintiff was committed to custody, particularly because courts were in session at the time of incarceration. However, plaintiff does not adequately show or assert how the alleged constitutional violations were the result of any official policy or custom, [2] and we agree **[*4]** with Judge Smithson that there was no State policy which was designed to permit, or permitted, child support obligators to be incarcerated without an adequate opportunity to be heard, in violation of their right to due process. Accordingly, we affirm the dismissal of plaintiff's complaint.

Plaintiff sought declaratory and injunctive relief against the judge defendants. He **[*5]** sought injunctive relief and damages from the Sheriff

---

[1] There was a dispute, however, as to the amount required to "purge" plaintiff from incarceration, as the entire amount of arrears was requested in light of the acceleration procedure which plaintiff challenges. That practice is permitted in the directive presently in force. See note 4, *infra*.

[2] At the time, the relevant administrative directives required a hearing within seventy-two hours of incarceration. AOC Directive # 10-95, issued on May 10, 1995 and in effect when plaintiff was arrested on October 22, 2002, further provided:

Prompt scheduling of hearing

Probation should make arrangements for the case to be heard in court as soon as possible *after* the obligor is incarcerated or apprehended. Probation should attempt to reach the obligee by telephone to advise of the hearing.

[AOC Directive # 10-95 (emphasis added).]

Pell v. Ross

and Vicinage Chief Probation Officer. [3] To the extent plaintiff sought relief against defendants in their individual capacities, we add the following in light of the differences between actions based on alleged conduct in a personal or individual capacity "under color of state law," and those seeking relief for conduct in the state officers' official capacity which allegedly violated plaintiff's due process rights. *See* *Hafer v. Melo, 502 U.S. 21, 22-25, 112 S. Ct. 358, 360-63, 116 L. Ed. 2d 301, 308-09 (1991)*. To the extent plaintiff sought relief against defendants in their individual capacities, they were protected by judicial and quasi-judicial immunity. *Id. at 29, 112 S. Ct. at 363, 116 L. Ed. 2d at 312*.

The United States Supreme Court has accorded absolute immunity to judges from *Section 1983* claims, since "such immunity was well-established in the common law." *Loigman, supra, 185 N.J. at 580, 889 A.2d 426* (citing *Pierson v. Ray, 386 U.S. 547, 553-54, 87 S. Ct. 1213, 1217-18, 18 L. Ed. 2d 288, 294 (1967))*. Indeed, in *Pierson [*6] v. Ray*, the Supreme Court held that *Section 1983* was not meant to abrogate the common law judicial immunity theretofore existing, and thus state judges sued under the statute were entitled to immunity. *386 U.S. at 553-54, 87 S. Ct. at 1217-18, 18 L. Ed. 2d at 294*.

> [J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mitchell v. Forsyth, 472 U.S. 511, 526, 86 L. Ed. 2d 411, 105 S. Ct. 2806 (1985)*. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. *Pierson v. Ray, 386 U.S. at 554* ("Immunity applies

even when the judge is accused of acting maliciously and corruptly"). *See also* *Harlow v. Fitzgerald, 457 U.S. 800, 815-819, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982)* (allegations of malice are insufficient to overcome qualified immunity).

Rather, our cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. *Forrester v. White, 484 U.S. at 227-229*; *Stump v. Sparkman, 435 U.S. at 360*. **[*7]** Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id., at 356-357*; *Bradley v. Fisher, 13 Wall. at 351*.

[*Mireles v. Waco, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9, 14 (1991)*.]

In *Mireless*, the judge was held immune under *42 U.S.C.A. § 1983* for his order to arrest a public defender and deliver him to his court, notwithstanding the use of excessive force by the officers. Similarly, here, the judges were performing "judicial actions" which were within their "jurisdiction." Therefore, the judges are immune from suit, and the dismissal of the suit against them was proper. *See generally Annotation*, "Supreme Court's views as to judge's liability for damages," *116 L. Ed. 2d at 15 (1991)*.

In addition to judges, "quasi-judicial officials acting within the scope of their official duties are absolutely immune." *Delbridge v. Schaeffer, 238 N.J. Super. 323, 340, 569 A.2d 872 (Law Div. 1989)* (noting same with respect to court officers), *aff'd sub nomine, A.D. v. Franco, 297 N.J. Super. 1, 687 A.2d 748 (App. Div. 1993)*, *certif. denied*, 135 N.J. 467, 640 A.2d 849, *cert. denied, sub nomine, Delbridge*

---

[3] The Chief Probation Officer is now a "State" officer, and is represented by the Attorney General.

v. Franco, 513 U.S. 832, 115 S. Ct. 108, 130 L. Ed. 2d 56 (1994). **[*8]** Moreover, "[a] public official acting pursuant to court directive is immune from suit." *Id. at 343*. *See also, e.g., Butz v. Economou, 438 U.S. 478, 512, 98 S. Ct. 2894, 2914, 57 L. Ed. 2d 895, 919 (1978)*. The non-judge defendants in this case were acting in a "quasi-judicial" capacity and performing duties as required by court order. Moreover, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)*. Therefore, Sheriff Provenzano cannot be held liable since there was no allegation that he was actually involved in the arrest and incarceration of plaintiff.

The claim for injunctive or declarative relief, although permissible against judicial officials in a *Section 1983* action, *Hunter v. Supreme Court of New Jersey, 951 F. Supp. 1161, 1179 (D.N.J. 1996)* (citing *Pulliam v. Allen, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984))*, including the ability to require payment of all arrearages before discharge, need not be considered at length for an additional reason as well. Plaintiff does not challenge the validity **[*9]** of the presently extant directive governing this subject [4] or show a basis for relief under *Section 1983*, which permits injunctive relief only when "a declaratory degree was violated or declaratory relief is unavailable." *See also Wirsching v.*

*Colorado, 360 F.3d 1191, 1196 (10th Cir. 2004)* (discharge from incarceration rendered issue moot).

Finally, with respect to plaintiff's State claims, our Supreme Court recently held that filing a complaint does not satisfy the notice requirements of the Tort Claims Act, *N.J.S.A. 59:8-1 et seq.*, and that statutory notice must be given **[*10]** before the complaint can be filed. *See DelaCruz v. Borough of Hillsdale, 183 N.J. 149, 164-65, 870 A.2d 259 (2005)*. Hence, plaintiff's State claims were properly dismissed.

Affirmed.

---

**End of Document**

---

[4] A new administrative directive, AOC Directive # 2-04, issued March 16, 2004, is now in effect. The new directive retains the seventy-two hour requirement, but also provides that payment may secure immediate release prior to the hearing. AOC Directive # 2-04(B)(3)(a). The Chief Justice and Supreme Court can promulgate directives either directly or through the Administrative Director of the Courts, and administrative directives are binding until adjudicated otherwise in an adversarial proceeding. *See, e.g., In re P.L. 2001, Chapter 362 v. State, 375 N.J. Super. 485, 510, 868 A.2d 1034 (App. Div.)*, certif. granted, **183 N.J. 587, 874 A.2d 1106 (2005)**.