# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TONY PARRISH, individually and as parent and natural guardian of minor child J.P., <br><br> Plaintiff, <br><br> v. <br><br> THE HUDSON SCHOOL, REBEKAH SOLLITTO, EMILY FORD SYSTMA, DANIEL J. GANS, CLIFF SONKIN, ARNOLD LEWIS, PAUL O'DELL, MELISSA POPKOSKI, FLORA EKPE-IDANG, PETE GILCHRIST, TOM HORAN, ALICE KOCIS, DAVID MUHLENKAMP, LUISA PASACIOS, MINALKUMAR PATEL, M.D., KOREY PETGRAVE, AND ZEMIN ZHANG, <br>        Defendants. | Docket No.: <br><br><br> Civil Action No. |

---

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION
## FOR DISMISSAL OF AMENDED COMPLAINT

---

HATFIELD SCHWARTZ LAW GROUP LLC
Stefani C Schwartz, Esq. – 014661996
Hatfield Schwartz Law Group
240 Cedar Knolls Road, Suite 303
Cedar Knolls, NJ 07927
Phone:  (973) 737 8315
Email: sschwartz@hatfieldschwartzlaw.com
*Attorneys for Defendants, The Hudson School, Rebekah Sollitto, Emily Ford Systma, Daniel J. Gans, Cliff Sonkin, Arnold Lewis, Paul O'dell, Melissa Popkoski, Flora Ekpe-Idang, Pete Gilchrist, Tom Horan, Alice Kocis, David Muhlenkamp, Luisa Pasacios, Minalkumar Patel, M.D., Korey Petgrave, and Zemin Zhang*

Of Counsel & On the Brief
   Stefani C Schwartz, Esq.

On the Brief
   Kevin E. Hakansson, Esq.

**TABLE OF CONTENTS**                                                                                   **PAGE**

TABLE OF CONTENTS.................................................................................................. i, ii, iii, iv

TABLE OF AUTHORITIES .................................................................. v, vi, vii, viii, ix, x

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS ................................................................................................1

PROCEDURAL HISTORY................................................................................................2

LEGAL STANDARD........................................................................................................4

LEGAL ARGUMENT.......................................................................................................5

      POINT I: COUNT ONE OF THE COMPLAINT MUST BE DISMISSED BECAUSE DEFENDANTS CANNOT BE LIABLE UNDER THE FEDERAL OR NEW JERSEY CIVIL RIGHTS ACTS, AND BECAUSE PLAINTIFF HAS NOT ADEQUATELY PLED A CAUSE OF ACTION UNDER THE NEW JERSEY LAW AGAINST DISCRIMINATION ...........................................................................................................5

           A.  THE FEDERAL CIVIL RIGHTS ACT.......................................................5

           B.  THE NEW JERSEY CIVIL RIGHTS ACT..................................................6

           C.  THE NEW JERSEY LAW AGAINST DISCRIMINATION......................................7

      POINT II: COUNT TWO OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT ADEQUATELY PLED AN ABUSE OF PROCESS CLAIM UNDER THE COMMON LAW OR FEDERAL CONSTITUTION, AND BECAUSE HE HAS NO CLAIM UNDER THE NEW JERSEY CONSTITUTION .....................................9

           A.  COMMON LAW.................................................................................9

           B.  UNITED STATES CONSTITUTION..................................................10

           C.  NEW JERSEY CONSTITUTION.......................................................11

      POINT III: COUNT THREE OF THE COMPLAINT MUST BE DISMISSED BECAUSE DEFENDANTS CANNOT BE HELD LIABLE UNDER THE UNITED STATES OR NEW JERSEY CONSTITUTIONS, AND BECAUSE PLAINTIFF HAS NOT ADEQUATELY PLED A CAUSE OF ACTION UNDER THE LAD .............................................................11

A.  THE UNITED STATES CONSTITUTION..............................................................11

B.  THE NEW JERSEY CONSTITUTION...................................................................13

C.  THE NEW JERSEY LAW AGAINST DISCRIMINATION....................................13

POINT IV: COUNT FOUR OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT ADEQUATELY ALLEGED A VIOLATION OF THE NEW JERSEY RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS LAW OR "FEDERAL PARALLELS"...........................................................................................15

POINT V: COUNT FIVE OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF MAY NOT BRING DUE PROCESS CLAIMS AGAINST A PRIVATE ACTOR AND HAS NOT ALLEGED THAT HE WAS DENIED DUE PROCESS..........17

A.  THE UNITED STATES CONSTITUTION..............................................................17

B.  THE NEW JERSEY CONSTITUTION...................................................................19

POINT VI: COUNT SEVEN OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF CANNOT BRING A CLAIM UNDER THE STUDENT ONLINE PRIVACY PROTECTION ACT AND HAS NOT PLED CLAIMS UNDER THE NEW JERSEY CONSUMER FRAUD ACT OR COMMON LAW ............................................................20

A.  STUDENT ONLINE PRIVACY PROTECTION ACT............................................20

B.  THE CONSUMER FRAUD ACT............................................................................21

C.  COMMON LAW NEGLIGENCE...........................................................................22

POINT VII: COUNT EIGHT OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT ADEQUATELY PLED A VIOLATION OF THE CONSUMER FRAUD ACT OR FRAUD OR FRAUDULENT CONCEALMENT UNDER THE COMMON LAW...................................................................................................................23

A.  THE CONSUMER FRAUD ACT............................................................................23

B.  COMMON LAW FRAUD AND FRAUDULENT CONCEALMENT....................23

POINT VIII: COUNT NINE OF THE COMPLAINT MUST BE DISMISSED BECAUSE HIS CLAIM IS NOT ACTIONABLE UNDER N.J.S.A. 18A:37-18 AND HAS NO COMMON LAW CLAIM FOR FAILURE TO PROVIDE A SAFE EDUCATION ENVIRONMENT CLAIM...............................................................................................25

A.  N.J.S.A 18A:37-18.................................................................................................25

B.  COMMON LAW....................................................................................................26

POINT IX: COUNTS TEN, ELEVEN AND TWELVE MUST BE DIMMISSED BECAUSE PLAINTIFF HAS NOT ADEQUATELY PLED CLAIMS OF NEGLIGENT HIRING, SUPERVISION, MISREPORTING AND FAILURE TO SUPERVISE, AND HAS NO CAUSE OF ACTION UNDER N.J.S.A. 15A:6-1.............................................................27

A.  COMMON LAW CLAIMS.....................................................................................27

B.  CLAIMS UNDER N.J.S.A. 15A:6-1......................................................................29

POINT X: COUNT THIRTEEN OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT PLED AN INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM.......................................................................................31

A.  COMMON LAW....................................................................................................31

B.  NEW JERSEY CONSTITUTION............................................................................32

POINT XI: COUNT FOURTEEN OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT PLED A NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM.......................................................................................33

POINT XII: COUNT FIFTEEN OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NO CLAIM FOR VIOLATION OF CHILD'S RIGHT TO PRIVACY CLAIM UNDER THE CITED AUTHORITIES ...............................................34

A. THE NEW JERSEY CONSTITUTION AND "RESERVED FEDERAL PARALLELS"......................................................................................................34

B.  THE COMMON LAW.............................................................................................36

POINT XIII: COUNT SIXTEEN OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT ADEQUATELY PLED A NEGLIGENCE CLAIM UNDER THE COMMON LAW AND HAS NO CLAIM UNDER N.J.S.A. 18A:37-18 ...36

A.  COMMON LAW....................................................................................................36

B.  N.J.S.A. 18A:37-18................................................................................................37

POINT XIV: COUNT SEVENTEEN OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT ADEQUATELY PLED HIS EDUCATIONAL DISCRIMINATION AND DENIAL OF EQUAL ACCESS CLAIM ................................38

    A.  TITLE VI......................................................................................................38

    B.  SECTION 504 OF THE REHABILITATION ACT...............................................38

    C.  NEW JERSEY LAW AGAINST DISCRIMINATION..........................................39

POINT XV: COUNT EIGHTEEN OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NO RIGHT OF ACTION UNDER THE STATUTES UPON WHICH HE RELIES AND HAS MADE NO ALLEGATIONS THAT ANY STATUTES WERE VIOLATED..................................................................................................40

    A.  FERPA ......................................................................................................40

    B.  COPPA .....................................................................................................41

    C.  N.J.S.A. § 18A:36-39................................................................................42

POINT XVI: COUNT NINETEEN OF THE COMPLAINT MUST BE DISMISSED FOR THE REASONS STATED IN POINTS XII AND XIII.......................................................43

POINT XVII: COUNT TWENTY OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NO STANDING TO BRING A CLAIM UNDER N.J.S.A 9:6-8.21 AND BECAUSE THERE IS NO COMMON LAW CAUSE OF ACTION FOR CHILD ENDANGERMENT ..................................................................................................43

    A.  N.J.S.A. 9:6-8.21......................................................................................43

    B.  COMMON LAW..........................................................................................43

POINT XVIII: COUNTS TWENTY ONE AND TWENTY TWO OF THE COMPLAINT MUST BE DISMISSED BECAUSE THERE IS NO SEPARATE CAUSE OF ACTION FOR INJUNCTIVE RELIEF, AND A SEPARATE REQUEST FOR A DECLARATORY JUDGMENT IS INAPPROPRIATE..................................................................................44

POINT XIX: ALL CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED ..........................................................................................................45

CONCLUSION ............................................................................................................46

**TABLE OF AUTHORITIES**                                              **PAGE**

Ali v. Hillstone Rest. Grp.,
   2022 U.S. Dist. LEXIS 106272 (D.N.J. 2022) ...............................................................8, 13, 39

Ashcroft v. Iqbal,
   556 U.S. 662, 678 (2009)...........................................................................................................5

A.V. v. Ashrafi,
   No. A-5241-14T3, 2016 N.J. Super. Unpub. LEXIS 2381, at *14-15 (App. Div. Oct. 26, 2016)
   ....................................................................................................................................................7

Baglini v. Lauletta,
   338 N.J. Super. 282, 293 (App. Div.), certif. denied, 169 N.J. 607 (2001) ...............................9

Banco Popular N. Am. v. Gandi,
   184 N.J. 161, 172-73 (2005) ....................................................................................................23

Buckley v. Trenton Sav. Fund Soc'y,
   111 N.J. 355, 366 (1988)...........................................................................................................31

Bosland v. Warnock Dodge, Inc.,
   197 N.J. 543, 557 (2009) ..........................................................................................................21

Cantwell v. Connecticut,
   310 U.S. 296, 303 (1940)......................................................................................................12, 13

Chainey v. Street,
   523 F.3d 200, 219 (3d Cir. 2008) .............................................................................................17

Cmty. Coll. v. Davis,
   442 U.S. 397, 405 (1979)...........................................................................................................38

Daniels v. Williams,
   474 U.S. 327, 337 (1986)...........................................................................................................17

Davis v. Brickman Landscaping, Ltd.,
   219 N.J. 395, 406 (2014) .....................................................................................................22, 36

Daviton v. Columbia/HCA Healthcare Corp.,
   241 F.3d 1131 (9th Cir. 2001) ...................................................................................................38

Decker v. Princeton Packet,
   116 N.J. 418, 429 (1989)...........................................................................................................33

Di Cosala v. Kay,
   91 N.J. 159, 173 (1982) .............................................................................................................28

Doe v. Poritz,
    142 N.J. 1, 28 (1995) ...................................................................................................35

Ebin N.Y. v. Beauty Plus Trading Co.,
    2022 N.J. Super. Unpub. LEXIS 3802, *13.................................................................44

Employment Div. v. Smith,
    494 U.S. 872, 877 (1990).............................................................................................12

Estabrook v. Safety & Ecology Corp.,
    556 Fed. Appx 152 (3d Cir. 2014) ...............................................................................4

Fairfax Fin. Holdings Ltd. v. S.A.C. Capital Mgmt., L.L.C.,
    450 N.J. Super. 1, 19 (App. Div. 2017).................................................................15, 16

F.G. v. MacDonell,
    150 N.J. 550, 559 (1997) ............................................................................................13

Fleming v. United Parcel Serv.,
    255 N.J. Super. 108, 157 (Law Div. 1992) ..................................................................9

Filgueiras v. Newark Pub. Sch.,
    426 N.J. Super. 449, 468 (App. Div. 2012)............................................................7, 19

Fobbs v. Holy Cross Health System Corp.,
    29 F.3d 1439, 1447 (9th Cir. 1994)............................................................................38

G.A.-H. v. K.G.G.,
    238 N.J. 401, 415, 210 A.3d 907 (2019).....................................................................27

Gennari v. Weichert Co. Realtors,
    148 N.J. 582, 610 (1997) ............................................................................................23

Giradier v. Webster College,
    563 F.2d 1267, 1276-77 (8th Cir. 1977)......................................................................40

Griffin v. Tops Appliance City, Inc.,
    337 N.J. Super. 15, 23 (App. Div.2001)......................................................................31

Hartmann v. Maplewood School Transp. Co.,
    106 N.J. Super. 187, 195 (Law Div. 1969), aff'd per curiam 109 N.J. Super. 497 (App. Div.),
    certif. den. 57 N.J. 124 (1970......................................................................................44

Hedges v. United States,
    404 F. 3d 744, 750 (3d Cir. 2005) ................................................................................4

Hernandez v. Don Bosco Preparatory High,
    322 N.J. Super. 1, 15 (App. Div. 1999)..............................6, 7, 12, 13, 17, 18, 19, 35

Hoffman v. Asseenontv.Com, Inc.,
    404 N.J. Super. 415, 426 (App. Div. 2009)................................................................21

Ingraham v. Ortho-McNeil Pharm.,
    422 N.J. Super. 12, 21 (App. Div. 2011)..................................................................31

In re Adoption of E.,
    59 N.J. 36, 51 (1971) ..............................................................................................13

In re Nickelodeon Consumer Privacy Litig.,
    827 F.3d 262, 286-87 (3d Cir. 2016)........................................................................41

Jersey Cent. Power & Light Co. v. Melcar Util. Co.,
    212 N.J. 576, 594 (2013) ...................................................................................22, 36

Jones v. Google LLC,
    56 F.4th 735, 739 (9th Cir. 2022)............................................................................42

Katz v. United States,
    389 U.S. 347, 351, (1967)........................................................................................35

K.L. v. Evesham Tp. Bd. of Educ.,
    423 N.J. Super. 337, 350-51 (App. Div. 2011) .........................................................26

Krebs v. Rutgers,
    797 F. Supp. 1246, 1256 (D.N.J. 1992) ...................................................................40

Madej v. Maiden,
    951 F.3d 364 (6th Cir. 2020)...................................................................................44

Mathews v. Eldridge,
    424 U.S. 319, 332 (1976)...........................................................................17, 18, 19

Maxim Sewerage Corp. v. Monmouth Ridings,
    273 N.J. Super. 84, 93-94 (Super. Ct. 1993) ...........................................................15

Mayer v. Hous. Auth. of Jersey City,
    44 N.J. 567, 571 (1965) ..........................................................................................36

McKelvey v. Pierce,
    173 N.J. 26, 40 (2002) ............................................................................................13

Messerian-Esper v. Fort Lee Bd. of Educ.,
    2021 N.J. Super. Unpub. LEXIS 1676, *6................................................................27

Morison v. Willingboro Bd. of Educ.,
    478 N.J. Super. 229, 247 (App. Div. Mar 28, 2024)..................................................19

Mosley v. Del. River Port Auth.,
    No. 99-4147 (JBS), 2000 U.S. Dist. LEXIS 22402, at *51 (D.N.J. Aug. 7, 2000)....................17

Pell v. Ross,
    No. A-4799-03T5, 2006 N.J. Super. Unpub. LEXIS 378, at *8 (App. Div. Feb. 28, 2006)......45

Perez v. Zagami, LLC,
    218 N.J. 202, 207 (2014) ....................................................................................................7

Phillips v. County of Allegheny,
    515 F.3d 224, 235 (3d Cir. 2008) .......................................................................................5

Polk City. v. Dodson,
    454 U.S. 312, 317-18 (1981) ...........................................................................................5, 7

Registrar & Transfer Co. v. Dir., Div. of Taxation,
    157 N.J. Super. 532, 540 (Super. Ct. 1978) ......................................................................44

Rivkin v. Dover Twp. Rent Leveling Bd.,
    143 N.J. 352, 363-64 (1996) ............................................................................................19

Rode v. Dellarciprete,
    845 F.2d 1195, 1207 (3d Cir. 1988) ..................................................................................45

Russo v. Nagel,
    358 N.J. Super. 254, 269-70 (App. Div. 2003) .................................................................33

SBK Catalogue P'ship v. Orion Pictures,
    723 F.Supp. 1053, 1067 (D.N.J. 1989)), aff'd, 273 N.J. Super. 526, 642 A.2d 1029
    (App. Div. 1994) ...............................................................................................................9

Schmerber v. California,
    384 U.S. 757 (1966).........................................................................................................34

Sedima, S.P.R.L. v. Imrex Co.,
    473 U.S. 479 at 496, n. 4 (1985).......................................................................................16

Segal v. Lynch,
    413 N.J. Super. 171, 191 (App. Div. 2010).......................................................................31

Singer v. Twp. of Princeton,
    373 N.J. Super. 10, 20 (App. Div. 2004)...........................................................................19

State v. Pierce,
    136 N.J. 184, 208, (1994) ................................................................................................34

Strain v. Borough of Sharpsburg,
   Civil Action No. 04-1581, 2008 U.S. Dist. LEXIS 33086, at *3 n.2 (W.D. Pa. Apr. 21, 2008) ................................................................................................................................10

Thiedemann v. Mercedes-Benz U.S.A., LLC,
   183 N.J. 234, 248 (2005) ........................................................................................21

Trautmann ex rel. Trautmann v. Christie,
   418 N.J. Super. 559, 573 (App. Div. 2011).............................................................35

Tumpson v. Farina,
   218 N.J. 450, 473 (2014) ..........................................................................................6

Vandeusen v. Mabel Realty of Bordentown, LLC,
   2012 U.S. Dist. LEXIS 66567 (D.N.J. 2012) .................................................8, 14, 39

Viviano v. CBS, Inc.,
   251 N.J. Super. 113, 123 (App. Div. 1991), certif. denied, 127 N.J. 565 (1992)......................24

Williams v. Borough of West Chester, Pa.,
   891 F.2d 458, 464 (3d Cir. 1989) .............................................................................5

Zelnick v. Morristown-Beard Sch.,
   445 N.J. Super. 250, 263-64, (Law. Div. 2015) ......................................................26

Zorba Contractors, Inc. v. Hous. Auth., City of Newark,
   362 N.J. Super. 124, 139 (App. Div. 2003).............................................................21

**Statutes**

N.J.A.C. 6A:16-7.7(a)(2)(ix)(1)(A) ...........................................................................26

N.J.A.C. 6A:16-11.1(a).................................................................................................9

N.J.S.A. 2C:41-1 to -6.2 .............................................................................................15

N.J.S.A. 9:6-8.10.........................................................9, 10, 17, 18, 19, 28, 31, 33, 34

N.J.S.A. 9:6-8.14.............................................................................10, 17, 19, 28, 31, 33

N.J.S.A. 9:6-8.21.........................................................................................................43

N.J.S.A. 10:6-1............................................................................................................11

N.J.S.A. 10:6-2(a)(b) ....................................................................................................7

N.J.S.A. 15A:6-1.....................................................................................................29, 30

N.J.S.A. 15A:6-12 .................................................................................................................29, 30

N.J.S.A. 18A:36-39 ...............................................................................................................42, 43

N.J.S.A. 18A:37-15(b)(6)(e) ........................................................................................................26

N.J.S.A. 18A:37-18 ...............................................................................................25, 26, 37, 38

N.J.S.A. 18A:37-31…………………………………………………………………….26, 37

15 U.S.C. § 6505(a) .....................................................................................................................41

20 U.S.C. § 1232(g) .....................................................................................................................40

42 U.S.C. § 1983 ..............................................................................................................5, 6, 7, 10

U.S. § 1962(c) ..............................................................................................................................15

**Rules**

F.R.C.P. 12(b)(6) ......................................................................................................................1, 4

**Other**

New Jersey Legislature, Bill  A4978 ...........................................................................................20

x

**PRELIMINARY STATEMENT**

Plaintiff Tony Parrish ("Plaintiff"), individually and on behalf of his minor child, has brought a Complaint against Defendants The Hudson School ("Hudson" or the "School"), Rebekah Sollitto ("Sollitto"), Emily Ford Systma ("Systma" and together with Sollitto the "School Individual Defendants" ), Daniel J. Gans, Cliff Sonkin, Arnold Lewis, Paul O'Dell, Melissa Popkoski, Flora Ekpe-Idang, Pete Gilchrist, Tom Horan, Alice Kocis, David Muhlenkamp, Luisa Pasacios, Minalkumar Patel, M.D., Korey Petgrave, and Zemin Zhang (the "Board Defendants" and together with the School and School Individual Defendants the "Defendants"). The frivolous claims brought by Plaintiff, premised entirely on Defendants' purported interactions with Plaintiff after he asked questions about Defendants' vendor relationships and unrelated lawful call to the New Jersey Division of Child Protection and Permanency (DCPP), are unsustainable. Rather, Plaintiff brings claims that are unsupported by the facts that he has alleged, claims that cannot be brought against a private school such as Hudson, and claims that contain no private right of action or which are not valid causes of action. Plaintiff also makes allegations against the Bayonne Police Department (the "Bayonne PD") and DCPP who are not parties to this litigation. Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

**STATEMENT OF FACTS**

For the limited purposes of this Rule 12(b)(6) motion, Defendants accept the facts pleaded in Plaintiff's Complaint as true. As Plaintiff alleges and admits, the School is a private, non-profit corporation based in Hoboken, New Jersey. Complaint, attached to the Certification of Stefani C Schwartz (the "Schwartz Cert") as Ex. A at ¶ 2. The Individual Defendants named are either employees of the School or members of the School's Board of Trustees. Id. at ¶¶ 3-5.

1

Plaintiff alleges that he received communications from Apple Inc. ("Apple") regarding unauthorized access to his child's digital information through a vendor called IXL Learning, Inc., and that conversations with Apple led it to "express[] concern that his child's account activity suggested third-party data interception inconsistent with Apple's privacy standards." Complaint at ¶¶ 22-23. He alleges that he inspected his child's electronic devices and asked for help from local law enforcement and technology service providers, but received no assistance. Id. at ¶ 25. He alleges that he asked Hudson to disclose to him the School's third-party software relationships and privacy safeguards, but that Systma, Sollitto, and other administrators were unfamiliar with the safeguards, were defensive about his questions, and instructed him to contact software vendors. Id. at ¶¶ 28-30. He alleges that he notified the School that he intended to exercise his parental right to revoke or limit his consent for data sharing until documentation was provided. Id. at ¶ 31.

Plaintiff alleges that days after his statement regarding revoking his consent, either Systma or other Hudson representatives made a child-abuse referral to DCPP stating that Plaintiff's child's clothing was tight-fitting and that Plaintiff was "in mental decline." Id. at ¶ 33. Plaintiff alleges that this report was retaliatory. Id. He states further that DCPP investigated and classified the referral as "not established." Id.

Plaintiff also alleges that the Bayonne PD communicated with Hudson regarding the DCPP complaint, rather than with DCPP directly. Id. at ¶ 34. He alleges that DCPP prolonged his case despite having access to medical records which found Plaintiff fully oriented and not a danger to himself or others, and that his child was "healthy and no concerns observed." Id. at ¶ 35.

## PROCEDURAL HISTORY

Plaintiff filed his initial Complaint on October 24, 2025, and later filing an amended complaint (the "Complaint") on October 28, 2025, bringing the following claims:

2

- Count 1 – Retaliation under the Federal Civil Rights Act, New Jersey Civil Rights Act (the "CRA") and New Jersey Law Against Discrimination (the "LAD");

- Count 2 – Abuse of Process under the Common Law and New Jersey and United States Constitutions;

- Count 3 – Discrimination and Religious Viewpoint Bias under the New Jersey and United States Constitutions and the LAD;

- Count 4 – New Jersey Racketeer Influenced and Corrupt Organizations (RICO) Violations under New Jersey law;

- Count 5 – Violations of Procedural and Substantive Due Process under the New Jersey and United States Constitutions;

- Count 7 – Violation of the New Jersey Student Online Personal Protection Act (SOPPA) and New Jersey Consumer Fraud Act (the "CFA"), and Negligence under the Common Law;

- Count 8 – Fraud and Fraudulent Concealment under the Common Law and CFA;

- Count 9 - Failure to Provide a Safe Education Environment under N.J.S.A 18A:37-1 and the Common Law;

- Count 10 – Negligent Failure to Supervise under the Common Law;

- Count 11 – Negligent Hiring, Supervision and Retention under the Common Law and N.J.S.A. 15A:6-1;

- Count 12 – Failure to Supervise and Breach of Fiduciary Duty by Board of Trustees under the Common Law and N.J.S.A. 15A:6-1;

- Count 13 – Intentional Infliction of Emotional Distress (IIED) under the Common Law and New Jersey Constitution;

- Count 14 – Negligent Infliction of Emotional Distress (NIED) under the Common Law;

3

- Count 15 – Violation of Child's Right to Privacy – under the New Jersey Constitution and Common Law;

- Count 16 – Negligence under the Common Law and N.J.S.A 18A:37-1;

- Count 17 – Educational Discrimination and Denial of Equal Access under Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act, and the LAD;

- Count 18 – Failure to Obtain Parental Consent/Data-Privacy Violations under the Family Educational Rights and Privacy Act (FERPA) and Children's Online Privacy Protection Act (COPPA) and N.J.S.A. 18A:36-39;

- Count 19 – IIED and NIED as to Plaintiff's minor child under the Common Law;

- Count 20 – Child Endangerment under N.J.S.A. 9:6-8.21 and the Common Law;

- Count 21 – Demand for Injunctive Relief; and

- Count 22 – Declaratory Relief.

Defendants were served with the Complaint on October 30, 2025. Defendants removed the litigation to this Court on November 26, 2025. The Court granted Defendants' request for an extension of time to answer or otherwise respond to the Complaint until December 17, 2025.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." See Hedges v. United States, 404 F. 3d 744, 750 (3d Cir. 2005). A claim is "plausible" when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Estabrook v. Safety & Ecology Corp., 556

4

Fed. Appx 152 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully, and "an unadorned, the defendant unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Iqbal, supra at 678-679.

Here, each claim brought by Plaintiff is subject to dismissal for the reasons stated herein.

## LEGAL ARGUMENT

### POINT I

**COUNT ONE OF THE COMPLAINT MUST BE DISMISSED BECAUSE DEFENDANTS CANNOT BE LIABLE UNDER THE FEDERAL OR NEW JERSEY CIVIL RIGHTS ACTS, AND BECAUSE PLAINTIFF HAS NOT ADEQUATELY PLED A CAUSE OF ACTION UNDER THE NEW JERSEY LAW AGAINST DISCRIMINATION**

### A.  THE FEDERAL CIVIL RIGHTS ACT

To state a cognizable claim under 42 U.S. Code § 1983, Federal Civil Rights Act ("Section 1983"), a plaintiff must allege a "constitutional deprivation was caused by a person acting under the color of law." Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008).  A plaintiff must demonstrate two essential elements to maintain a claim under Section 1983: (1) that the plaintiff was deprived of a "right or privileges secured by the Constitution or the laws of the United States" and (2) that plaintiff was deprived of his rights by a person acting under the color of state law.  Williams v. Borough of West Chester, Pa., 891 F.2d 458, 464 (3d Cir. 1989).  "[A] person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Polk City. v. Dodson, 454 U.S. 312, 317-18 (1981)).

Critically, our Courts have held that private schools are not state actors against whom constitutional claims under either the United States or New Jersey Constitutions may be sustained.

5

Hernandez v. Don Bosco Preparatory High, 322 N.J. Super. 1, 15 (App. Div. 1999) ("we cannot conclude that our State Constitution grants greater protections in the area of procedural due process for expulsion from a private school. Accordingly, because of the absence of state action, neither the United States Constitution nor the New Jersey Constitution protect plaintiff's procedural rights").

In Count One of the Complaint, Plaintiff has alleged retaliation in violation Section 1983. His claim is not actionable. While Plaintiff has identified his first amendment rights as the fundamental right that was allegedly violated, he has nonetheless failed to identify an individual "acting under color of state law" who deprived him of those rights. Plaintiff admits that Hudson, a private school, is a non-profit corporation organized under the laws of the State of New Jersey. Our Courts have confirmed that private schools are not state actors against whom constitutional claims may be brought. Hernandez, 322 N.J. Super. at 15.

Accordingly, Plaintiff's retaliation claim in Count One of the Complaint, pursuant to Section 1983, must be dismissed.

### B.  THE NEW JERSEY CIVIL RIGHTS ACT

The New Jersey Civil Rights Act is modeled after the analogous Section 1983, and unlike Section 1983, allows a remedy for the violation of substantive rights found within the New Jersey Constitution and other New Jersey laws. See Tumpson v. Farina, 218 N.J. 450, 473 (2014). Because the two statutes are so similar, New Jersey courts have routinely used Section 1983 as a guide for New Jersey Civil Rights Act actions. Id. The New Jersey Civil Rights Act provides:

> It is unlawful for any person acting under the color or law to deprive or intimidate, interfere with, or coerce another person from enjoying any substantive due process or equal protection rights, privileges, or immunities, secured by the U.S. Constitution, New Jersey Constitution, or the laws of the United States or State of New Jersey.

N.J.S.A. 10:6-2(a)(b).

New Jersey Courts have held that the elements under the CRA are the same as the elements required under the Federal Civil Rights Act, requiring the identification of a "state actor, 'the person acting under color of law,' that has caused the alleged deprivation" and a "right, privilege or immunity' secured to the claimant by the Constitution or other federal laws of the United States." Filgueiras v. Newark Pub. Sch., 426 N.J. Super. 449, 468 (App. Div. 2012); Perez v. Zagami, LLC, 218 N.J. 202, 207 (2014). "[A] person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" A.V. v. Ashrafi, No. A-5241-14T3, 2016 N.J. Super. Unpub. LEXIS 2381, at *14-15 (App. Div. Oct. 26, 2016) (quoting Polk City. v. Dodson, 454 U.S. 312, 317-18 (1981)), attached to the Schwartz Cert as Ex. B.

As noted, our Courts have held that private schools are not state actors against whom constitutional claims under either the United States of New Jersey Constitutions may be sustained. Hernandez, 322 N.J. Super. at 15.

In Count One of the Complaint, Plaintiff has alleged retaliation in violation of the CRA. As noted by our Courts, the analysis under the CRA is the same as it is under Section 1983, and Plaintiff's claim is not actionable for the reasons stated in Point I(A) *supra*.

Accordingly, Plaintiff's retaliation claim in Count One of the Complaint must be dismissed as to any claim brought under the CRA.

## C.  THE NEW JERSEY LAW AGAINST DISCRMINATION

The New Jersey Law Against Discrimination (LAD) make it unlawful for restaurants, schools, and other places of public accommodation to discriminate on the basis of race or other protected characteristics.  To state a claim under NJLAD, a plaintiff must allege: (1) that the

7

defendant operates a place of public accommodation, (2) that the plaintiff is a member of a protected class, and (3) that the plaintiff was denied equal treatment on the basis of that protected characteristic. Ali v. Hillstone Rest. Grp., 2022 U.S. Dist. LEXIS 106272 (D.N.J. 2022) (quoting Vandeusen v. Mabel Realty of Bordentown, LLC, 2012 U.S. Dist. LEXIS 66567 (D.N.J. 2012)).

In Count One of the Complaint, Plaintiff has alleged retaliation in violation of the LAD. However, he has not alleged an actionable claim. While the School is a place of public accommodation, Plaintiff's retaliation claim makes no allegation as to what protected class he is a member of. While he makes references to his religion throughout the Complaint, he makes no allegation that he is a member of a protected class for the purposes of his retaliation claim, whether by virtue of his religion or otherwise. He likewise make no allegation in Count One that he was denied equal treatment on the basis of his protected characteristic, nor could he possibly do so since he has not identified the characteristic upon which he was allegedly discriminated. Indeed, when setting forth the allegations of his Complaint, he made clear that he believed that any retaliation taken against him was because of the questions that he posed to Defendants about the data-sharing policies of their vendors – not because of some protected characteristic of he or his minor child. Complaint at ¶ 33.

Accordingly, Plaintiff's retaliation claim in Count One of the Complaint must be dismissed as to any claim brought under the LAD.

## POINT II

**COUNT TWO OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT ADEQUATELY PLED AN ABUSE OF PROCESS CLAIM UNDER THE COMMON LAW OR FEDERAL CONSTITUTION, AND BECAUSE HE HAS NO CLAIM UNDER THE NEW JERSEY CONSTITUTION**

### A.  COMMON LAW

The elements of a malicious abuse of process claim are "(1) an ulterior motive and (2) some further act after an issuance of process representing the perversion of the legitimate use of the process." Fleming v. United Parcel Serv., 255 N.J. Super. 108, 157 (Law Div. 1992) (quoting SBK Catalogue P'ship v. Orion Pictures, 723 F.Supp. 1053, 1067 (D.N.J. 1989)), aff'd, 273 N.J. Super. 526, 642 A.2d 1029 (App. Div. 1994).  Abuse of process requires a misapplication of process for a purpose other than which it was designed.  Baglini v. Lauletta, 338 N.J. Super. 282, 293 (App. Div.), certif. denied, 169 N.J. 607 (2001).

New Jersey imposes an affirmative statutory obligation on all individuals, including personnel employed by private schools, to report suspected child abuse or neglect, declaring that "any person having reasonable cause to believe that a child has been subjected to child abuse or acts of child abuse shall report the same immediately to the Division of Child Protection and Permanency." N.J.S.A. 9:6-8.10.  The statute is intentionally broad, imposing a duty on any person with such knowledge, without regard to public or private employment status.

New Jersey's administrative regulations expressly confirm that the mandatory-reporting obligation applies to nonpublic (private) schools. N.J.A.C. 6A:16-11.1(a) requires that "district boards of education and nonpublic schools shall immediately report to DCPP all suspected cases of child abuse or neglect."  Private schools recognized by the State of New Jersey are therefore

9

subject to child-protection obligations identical to those governing public-school districts, and must ensure staff compliance with state child-abuse reporting laws.

N.J.S.A. 9:6-8.14 states that a failure to report suspected abuse as required by N.J.S.A. 9:6-8.10 constitutes a disorderly persons offense.  N.J.S.A. 9:6-8.14.

Count Two of Plaintiff's Complaint alleges an abuse of process claim under the common law which is not sustainable.   While Plaintiff may have sustained his pleading requirement to allege an "ulterior motive" with his otherwise baseless claim that Defendants made a report to DCPP because of his having questioned the School about the data-sharing practices of its vendors, he has made no allegation of "some further act after an issuance of process representing the perversion of the legitimate use of the process."  All that Plaintiff has alleged is that Defendants made a report to DCPP, an action that they were required to take by law as mandatory reporters, not that they have to take some other action thereafter.  While his Complaint contains confusing rhetoric as to the supposed relationship between Defendants, the Bayonne PD, and DCPP, he makes no cognizable allegation of any other action by Defendants after their alleged report to DCPP.

Accordingly, Plaintiff's abuse of process claim under the common law in Count Two of the Complaint must be dismissed.

## B. UNITED STATES CONSTITUTION

Federal Courts have held that while an abuse of process claim may be predicated upon Section 1983, it "requires a prima facie showing that 'federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes' have been violated." Strain v. Borough of Sharpsburg, Civil Action No. 04-1581, 2008 U.S. Dist. LEXIS 33086, at *3 n.2 (W.D. Pa. Apr. 21, 2008); 42 U.S.C. § 1983.

10

Here, Plaintiff alleges that Defendants' abuse of process was not only in violation of the common law, but in violation of the United States Constitution. However, he has made no allegation as to which of his substantive rights, if any, was violated by the alleged abuse of process. As such, his claim is not sustainable.

Accordingly, Plaintiff's abuse of process claim under the United States Constitution in Count Two of the Complaint must be dismissed.

### C. **NEW JERSEY CONSTITUTION**

While Plaintiff bases his abuse of process upon the New Jersey Constitution, he cites to no authority that supports his claim. Indeed, while New Jersey Courts recognize a tort of abuse of process as discussed in Point II(A) *supra*, the New Jersey Civil Rights Act, the vehicle through which a litigant might bring constitutional torts, contains no language which suggests that an abuse of process claim may be brought as an independent cause of action, nor does any case law state same. See N.J.S.A. 10:6-1, et al.

Accordingly, Plaintiff's abuse of process claim under the New Jersey Constitution in Count Two of the Complaint must be dismissed.

### **POINT III**

**COUNT THREE OF THE COMPLAINT MUST BE DISMISSED BECAUSE DEFENDANTS CANNOT BE HELD LIABLE UNDER THE UNITED STATES OR NEW JERSEY CONSTITUTIONS, AND BECAUSE PLAINTIFF HAS NOT ADEQUATELY PLED A CAUSE OF ACTION UNDER THE LAD**

### A. **THE UNITED STATES CONSTITUTION**

Constitutional allegations of discrimination based on religion are generally brought in the context of a violation of one's constitutional right to free exercise of religion. As the United States Supreme Court has stated, "[t]he free exercise of religion means, first and foremost, the right to

believe and profess whatever religious doctrine one desires." Employment Div. v. Smith, 494 U.S. 872, 877 (1990). The Free Exercise Clause "bars a state from interfering with the practice of religion by its citizens." Cantwell v. Connecticut, 310 U.S. 296, 303 (1940)) (emphasis added)

As stated in Point I *supra*, our Courts have held that private schools are not state actors against whom constitutional claims may be sustained. Hernandez, 322 N.J. Super. at 15.

In Count Three of the Complaint, Plaintiff has alleged religious discrimination in violation of the United States Constitution. His claim is not actionable. Defendants interpret Plaintiff's claim as a violation of the free exercise clause, which prohibits a state from interfering with the practice of religion by its citizens. Employment Div. v. Smith, 494 U.S. at 877 (emphasis added). Plaintiff admits that Hudson, a private school, is a non-profit corporation. Our Courts have confirmed that private schools are not state actors against whom constitutional claims may be brought. Hernandez, 322 N.J. Super. at 15. As such, no freedom of religion claim may be brought against them.

Even if Defendants were government actors upon whom the New Jersey or Federal Constitution applied, Plaintiff has made no allegation that he or his child were prevented from practicing their religion. Again, the extent of Plaintiff's allegations against Defendants are that they were unable to provide him with the data-sharing policies of a vendor, and that they made a report to DCPP. This cannot be construed as preventing Plaintiff or his child from practicing their religion. Thus, Plaintiff has made no allegations that he or his minor child were restricted from practicing their religion in any way.

Accordingly, Plaintiff's religious discrimination claim in Count Three of the Complaint must be dismissed as to any claim brought under the United States Constitution.

### B. THE NEW JERSEY CONSTITUTION

As in claims brought under the United States Constitution, regarding Constitutional claims brought under the New Jersey Constitution, "the free exercise of religion means, first and foremost, the right to believe and profess whatever religious doctrine one desires." McKelvey v. Pierce, 173 N.J. 26, 40 (2002) (citing Employment Div. v. Smith, 494 U.S. 872, 877 (1990). The Free Exercise Clause "bars a state from interfering with the practice of religion by its citizens." In re Adoption of E., 59 N.J. 36, 51 (1971) (citing Cantwell v. Connecticut, 310 U.S. 296, 303 (1940)) (emphasis added); F.G. v. MacDonell, 150 N.J. 550, 559 (1997) ("A party challenging state action as violative of free-exercise rights must establish that the action produces a coercive effect on the practice of religion. The conduct at issue must have been part of the beliefs and practices of the defendant's religion.") (emphasis added).

As stated in Point I *supra*, our Courts have held that private schools are not state actors against whom constitutional claims may be sustained. Hernandez, 322 N.J. Super. at 15.

Like his claim under the United States Constitution, in Count Three of the Complaint, Plaintiff has alleged religious discrimination in violation of the New Jersey Constitution. His claim is not actionable procedurally or substantively for the reasons stated in Point III(A) *supra*.

Accordingly, Plaintiff's religious discrimination claim in Count Three of the Complaint must be dismissed as to any claim brought under the New Jersey Constitution.

### C. THE NEW JERSEY LAW AGAINST DISCRIMINATION

As stated in Point I *supra*, to state a claim under NJLAD, a plaintiff must allege: (1) that the defendant operates a place of public accommodation, (2) that the plaintiff is a member of a protected class, and (3) that the plaintiff was denied equal treatment on the basis of that protected characteristic. Ali v. Hillstone Rest. Grp., 2022 U.S. Dist. LEXIS 106272 (D.N.J. 2022) (quoting

13

Vandeusen v. Mabel Realty of Bordentown, LLC, 2012 U.S. Dist. LEXIS 66567 (D.N.J. 2012)).

In Count Three of the Complaint, Plaintiff has alleged discrimination in violation of the LAD. However, he has not alleged an actionable claim. While the School is a place of public accommodation, Plaintiff's retaliation claim makes no allegation as to what member of a protected class he is. Count Three of his Complaint refers to his status as a "Black Christian Minister," but he has not alleged what protected class he is alleging he was a member of for the purpose of his discrimination claim. He likewise makes no allegation that he was denied equal treatment on the basis of his protected characteristic. Plaintiff makes reference to statements made by Defendants which "originated from racially coded stereotypes" and which were "mocking or dismissing" his "expressions of prayer, discernment, and scriptural guidance," but has made no specific allegations of conduct. He makes no allegation as to whether he was discriminated on the basis of his religion, his race, or both, nor does he make any cognizable allegation as to what Defendants did to effectuate discrimination. The extent of the allegation that Plaintiff has made is that Defendants made a report to DCPP on the basis that his child's clothing was tight-fitting and that he was "in mental decline." He has made no actionable allegations that suggest that Defendants' report was based on any protected characteristic.

Accordingly, Plaintiff's retaliation claim in Count Three of the Complaint must be dismissed as to any claim brought under the LAD.

14

## POINT IV

### COUNT FOUR OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT ADEQUATELY ALLEGED A VIOLATION OF THE NEW JERSEY RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS LAW OR "FEDERAL PARALLELS"[1]

The required elements to sustain a viable RICO claim under U.S. § 1962(c) and N.J.S.A. 2C:41-1 to -6.2 are virtually identical. Under New Jersey law, a Plaintiff must plead: (1) one or more persons; (2) employed by or associated with the enterprise; (3) an enterprise engaged in or affecting interstate or foreign commerce; (4) defendants participating in the conduct of such enterprise's affairs; (5) participation through a pattern of racketeering activity; (6) evidenced by at least two related predicate acts. Maxim Sewerage Corp. v. Monmouth Ridings, 273 N.J. Super. 84, 93-94 (Super. Ct. 1993). An "enterprise" is "a continuing unit that functions with a common purpose" that "need not have a hierarchical structure or a 'chain of command.'" Fairfax Fin. Holdings Ltd. v. S.A.C. Capital Mgmt., L.L.C., 450 N.J. Super. 1, 19 (App. Div. 2017). A "pattern of racketeering activity" under Federal Law requires "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within 10 years . . . after the commission of a prior act of racketeering activity," while the New Jersey RICO act requires:

> (1) Engaging in at least two incidents of racketeering conduct one of which shall have occurred after the effective date of this act [June 5, 1981] and the last of which shall have occurred within 10 years (excluding any period of imprisonment) after a prior incident of racketeering activity; and
>
> (2) A showing that the incidents of racketeering activity embrace criminal conduct that has either the same or similar purposes, results, participants or victims or methods of commission or are otherwise interrelated by distinguishing characteristics and are not isolated incidents.

---

[1]While Plaintiff does not bring a claim under Federal Law, he makes a reference to "Reserved Federal Parallels." To the extent that Plaintiff later makes an attempt to assert a claim for a violation of the Federal Racketeer Influenced and Corrupt Organizations Law, that claim should be dismissed for the reasons stated in Point IV *supra*, as the standard under Federal and State law are virtually identical, as stated herein.

Id. at 96.

The relatedness element can be found from acts with the same or similar "purposes, results, participants, victims, or methods of commission, or otherwise . . . interrelated by distinguishing characteristics and . . . not isolated events."  Id. at 97 (citing Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 at 496, n. 4 (1985)).

In Count Four of the Complaint, Plaintiff alleges that Defendants violated the New Jersey RICO statute. This claim is not sustainable.  While Plaintiff makes the bare allegation that Defendants along with the Bayonne PD and DCPP – who Plaintiff has not named as parties to this lawsuit – constituted an enterprise, he has not alleged activities by Defendants that could possibly sustain his claim.  Plaintiff has made no allegation of a "pattern of racketeering" against Defendants.   While he makes the confusing claim that the Bayonne PD "funneled" communications to the Defendants, the only act that he alleges that Defendants took part in for the purposes of this claim is their alleged report to DCPP.  This single allegation is not sufficient to sustain the "pattern of racketeering activity" element necessary under a RICO claim under Federal or New Jersey law.  Because this is the lone activity alleged against Defendants, he necessarily also has not argued that any "related" activities took place.

Accordingly, Plaintiff's RICO violation claim in Count Four of the Complaint must be dismissed as to any claim brought under the New Jersey RICO law (and any "reserved Federal parallels").

16

## POINT V

## COUNT FIVE OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF MAY NOT BRING DUE PROCESS CLAIMS AGAINST A PRIVATE ACTOR AND HAS NOT ALLEGED THAT HE WAS DENIED DUE PROCESS

### A. THE UNITED STATES CONSTITUTION

The concept of procedural due process assures that the government will not deprive citizens of certain rights without notice and an opportunity to be heard. Mathews v. Eldridge, 424 U.S. 319, 332 (1976)). Procedural due process addresses whether there are sufficient procedural safeguards in place when the government deprives an individual of a particular interest. Daniels v. Williams, 474 U.S. 327, 337 (1986).

The concepts of substantive due process provides that state actions and other legislative enactment[s] not be unreasonable, arbitrary or capricious and that the means selected to achieve the governmental objectives bear a rational relationship to those objectives. Mosley v. Del. River Port Auth., No. 99-4147 (JBS), 2000 U.S. Dist. LEXIS 22402, at *51 (D.N.J. Aug. 7, 2000). A plaintiff must show that (1) the particular interest at issue is protected by substantive due process; and (2) that the government's deprivation of that right shocks the conscience. Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008).

As stated in Point I *supra*, our Courts have held that private schools are not state actors against whom constitutional claims may be sustained. Hernandez, 322 N.J. Super. at 15.

As stated in Point II *supra*, Hudson and its employees are mandatory reporters. New Jersey imposes an affirmative statutory obligation on all individuals, including personnel employed by private schools, to report suspected child abuse or neglect, and failure to do so may give rise to criminal liability. See Point II *supra*; N.J.S.A. 9:6-8.10; N.J.S.A. 9:6-8.14.

17

Here, Plaintiff brings claims of violation of his procedural and substantive due process rights in Count Five of his complaint. Neither claim survives dismissal. Plaintiff's procedural due process rights assure that the <u>government</u> will not deprive citizens of certain rights without notice and an opportunity to be heard. <u>Mathews</u>, 424 U.S. at 332 (emphasis added). As Plaintiff admits in his Complaint, Hudson is a non-profit corporation, a private school that our courts have made clear does not render it liable to constitutional claims. <u>Hernandez</u>, 322 N.J. Super. at 15.

Even if Hudson was a governmental actor subject to constitutional claims, Plaintiff had made no allegation that he was denied proper process. Plaintiff has alleged that he was not afforded a hearing before Defendants made a call to DCPP, but cites no authority that such process was required. Indeed, the mandatory reporter law contains no such provision. <u>N.J.S.A.</u> § 9:6-8.10.

Further, Plaintiff cannot maintain his substantive due process claims against Hudson. Defendants are not subject to such a claim as a private actor for the reasons stated above.

Even if Defendants were subject to such claims, Plaintiff has made no allegation that a particular interest at issue is protected by substantive due process. He is effectively arguing that he has a substantive right to not have DCPP contacted should a mandatory reporter determine that such a contact is necessary, but provides no support that this right is protected. Moreover, he has made no allegation that any action by Defendants "shocks the conscience." Even if Plaintiff's concocted claim that Defendants contacted DCPP in retaliation for his having asked them about their vendors' data-sharing practice was true (which Defendants deny), this is not conduct that rises to the level of the "shocks the conscience threshold" to merit consideration under a due process claim.

Plaintiff conflates the issues he takes with Defendants by referring in Count Five to the alleged actions by the Bayonne PD. The Bayonne PD is not a named defendant in this matter, and whether or not they engaged in any wrongful activity, such activity cannot be attributed to Defendants.

18

Accordingly, Plaintiff's procedural and substantive due process claims brought in Count Five of the Complaint under the United States Constitution must be dismissed.

### B. THE NEW JERSEY CONSTITUTION

As with the United States Constitution, the concept of procedural due process under New Jersey law assures that the government will not deprive citizens of certain rights without notice and an opportunity to be heard. Morison v. Willingboro Bd. of Educ., 478 N.J. Super. 229, 247 (App. Div. Mar 28, 2024) (citing Mathews v. Eldridge, 424 U.S. 319, 332 (1976)). Procedural due process addresses whether there are sufficient procedural safeguards in place when the government deprives an individual of a particular interest. Rivkin v. Dover Twp. Rent Leveling Bd., 143 N.J. 352, 363-64 (1996).

The concepts of substantive due process states that state actions and other legislative enactment[s] not be unreasonable, arbitrary or capricious and that the means selected to achieve the governmental objectives bear a rational relationship to those objectives. Singer v. Twp. of Princeton, 373 N.J. Super. 10, 20 (App. Div. 2004). A plaintiff must show that (1) the particular interest at issue is protected by substantive due process; and (2) that the government's deprivation of that right shocks the conscience. Filgueiras v. Newark Public Schools, 426 N.J. Super. 449, 469 (App. Div. 2012).

As stated in Point I *supra*, our Courts have held that private schools are not state actors against whom constitutional claims may be sustained. Hernandez, 322 N.J. Super. at 15.

As stated in Point II *supra*, Hudson and its employees are mandatory reporters, as New Jersey imposes an affirmative statutory obligation on all individuals, including personnel employed by private schools, to report suspected child abuse or neglect, and failure to do so may give rise to criminal liability. See Point II *supra*; N.J.S.A. 9:6-8.10; N.J.S.A. 9:6-8.14.

19

Here, Plaintiff brings claims of violation of his procedural and substantive due process rights in Count Five of his Complaint. His claim is not actionable procedurally or substantively for the reasons stated in Point V(A) *supra*. Accordingly, Plaintiff's procedural and substantive due process claims brought in Count Five of the Complaint under the New Jersey Constitution must be dismissed.

## POINT VI

### COUNT SEVEN OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF CANNOT BRING A CLAIM UNDER THE STUDENT ONLINE PRIVACY PROTECTION ACT AND HAS NOT PLED CLAIMS UNDER THE NEW JERSEY CONSUMER FRAUD ACT OR COMMON LAW

### A. STUDENT ONLINE PRIVACY PROTECTION ACT

SOPPA, Assembly Bill A4978, was a bill introduced into the New Jersey legislature on or about January 31, 2019. See New Jersey Legislature, Bill A4978, https://www.njleg.state.nj.us/bill-search/2018/A4978/bill-text?f=A5000&n=4978_R2. However, Bill A4978 was never adopted into law. Id. (containing no citation to a bill adoption date). The text of Bill A4978 prohibits online education services from disclosing student educational records, amassing profiles of student data for non-educational purposes, and requires deletion of data in certain instances. It contained no reference to a private right of action. Id.

Plaintiff brings a claim for violation of SOPPA in Count Seven of the Complaint. However, SOPPA was never signed into law. Even if it had been, it was a proposed bill that restricted the activities of online education services – not public or private schools – and provided no private right of action in the event that it was violated. Further, Plaintiff has made no allegation that Defendants violated SOPPA.

Accordingly, Plaintiff's claims brought in Count Seven of the Complaint asserting claims under SOPPA must be dismissed.

20

B. **THE CONSUMER FRAUD ACT**

To sustain a claim of violation of the CFA, plaintiff must prove three elements: "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 557 (2009) (citations omitted). To establish a private CFA claim involving an omission of a material fact, a plaintiff must demonstrate that the defendant "concealed, suppressed or omitted a material fact, knowingly, and with the intent that others rely on the omission." Zorba Contractors, Inc. v. Hous. Auth., City of Newark, 362 N.J. Super. 124, 139 (App. Div. 2003).

Our Courts have defined "ascertainable loss" to mean "an actual loss." Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009) (citing Thiedemann v. Mercedes-Benz U.S.A., LLC, 183 N.J. 234, 248 (2005). The loss "must be presented with some certainty demonstrating that it is capable of calculation…" Id.

Along with his SOPPA claim, Plaintiff alleges violation of the CFA in Count Seven of the Complaint. This claim is not sustainable. He has made no allegation that Defendants engaged in any unlawful conduct. While Count Seven alleges that Defendants failed to "implement adequate data-security measures…and misrepresent[ed] and conceal[ed] the true extent of data sharing with outside vendors," the extent of the allegations are that he received a cryptic message from Apple as to the information of his minor child, that Defendants were thereafter unfamiliar with security safeguards and were defensive about his questions, and that they instructed him to contact software vendors. Id. at ¶¶ 22, 28-30. His allegations contain no claim that Defendants actually mishandled his child's data. His attempt to thereafter portray his interaction with Defendants into a failure to implement adequate security measures cannot be sustained, as he makes clear in his Complaint that there is no allegation of "unlawful" behavior regarding access of his child's information.

21

Even if he had alleged unlawful activity by Defendants, he has not plead an "ascertainable loss." Plaintiff alleges that he received communications from Apple regarding unauthorized access to his child's digital information through a vendor called IXL Learning, Inc., and that conversations with Apple led it to "express[] concern that his child's account activity suggested third-party data interception inconsistent with Apple's privacy standards." Complaint at ¶¶ 22-23. This alleged "loss" it the epitome of what our Courts have determined is not "ascertainable" – this mere speculation about his child's data, suggested by a third-party cannot be described as an "actual loss" and is certainly not "presented with some certainty demonstrating that it is capable of calculation…" Rather, it is completely speculative. Even if Plaintiff's theory is that his damages are the violation of his child's privacy by unauthorized access of his personal data, he has made no allegation that such access actually occurred. He has plead no unlawful conduct or ascertainable loss, and as such has certainly alleged no causal connection between those elements.

Accordingly, Plaintiff's claims for violation of the CFA in Count Seven of the Complaint must be dismissed.

## C. COMMON LAW NEGLIGENCE

In order to bring a claim for negligence in New Jersey, a plaintiff must plead and prove the following four elements: (1) A duty of care; (2) A breach of that duty; (3) Actual and proximate causation; and (4) Damages. See Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014); Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 594 (2013).

Plaintiff labels his catch-all Count Seven as, among other things, negligence. However, this count of the Complaint contains no allegation that Defendants owed him a duty of care, that they breached same, or that there was causation between a duty and breach. This claim focuses

22

on Plaintiff's claim under the New Jersey Consumer Fraud Act, and contains to allegations germane to a negligence claim.

Accordingly, Plaintiff's negligence claim in Count Seven of the Complaint must be dismissed.

## POINT VII

### COUNT EIGHT OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT ADEQUATELY PLED A VIOLATION OF THE CONSUMER FRAUD ACT OR FRAUD OR FRAUDULENT CONCEALMENT UNDER THE COMMON LAW

#### A.  THE CONSUMER FRAUD ACT

Plaintiff alleges violation of the CFA in Count Eight of the Complaint.  His claim under the CFA is deficient for the reasons stated in Point VI(B) *supra*.  Accordingly, Plaintiff's claims for violation of the CFA in Count Eight of the Complaint must be dismissed.

#### B.  COMMON LAW FRAUD AND FRAUDULENT CONCEALMENT

"To establish common-law fraud, a plaintiff must prove: '(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.'" Banco Popular N. Am. v. Gandi, 184 N.J. 161, 172-73 (2005) (quoting Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997)).  A material misrepresentation is defined as, "[i]f known to the other party, a contract, deal, or transaction could have been aborted, or significantly altered by this deliberate hiding or falsification of a material fact." Black's Law Dictionary, 881 (5th ed. 1979). The term "misrepresentation" is "colloquially . . . understood to mean a statement made to deceive or mislead." Id. at 903.

The theory of fraudulent concealment generally arises in the context of evidence spoliation, and requires a pleading: (1) that defendants had a legal obligation to disclose the evidence to

23

plaintiff; (2) that the evidence was material to plaintiff's case; (3) that plaintiff could not have readily learned of the concealed information without defendants disclosing it; (4) that defendants intentionally failed to disclose the evidence to plaintiff; and (5) that plaintiff was harmed by the relying on the nondisclosure. Viviano v. CBS, Inc., 251 N.J. Super. 113, 123 (App. Div. 1991), certif. denied, 127 N.J. 565 (1992).

Count Eight of Plaintiff's Complaint alleges Fraud and Fraudulent Concealment against Defendants under the CFA (as addressed in Point VII *infra*) and under the common law. Plaintiff cannot sustain his common-law fraud claim. He has made no allegation that Defendants have made a "material misrepresentation" of fact – he baselessly alleges that Defendants "knowingly and willfully misrepresented that the student-data platforms and digital-learning vendors used by the Hudson School were secure, compliant with applicable privacy laws, and limited to educational purposes," but makes no allegation as to how, when, or in what medium the Defendants made such a statement. All that he has alleged is that he questioned School representatives about the data sharing policies of vendors, that he was not provided with immediate answers, and that he was referred to contact the relevant vendors. Complaint at ¶¶ 28-30.

Even if he had alleged a material misrepresentation by Defendants, he has made no allegation that Defendants made such a statement with knowledge that it was false, or that they intended Plaintiff to rely on it. Again, he merely alleges that he questioned School representatives about the data sharing policies of vendors, that he was not provided with immediate answers, and that he was referred to contact the relevant vendors. Complaint at ¶¶ 28-30. Plaintiff also has not alleged that he "relied on" Defendants' alleged representation or that he was damaged – he has merely alleged that an unnamed representative of Apple contacted him "regarding unauthorized access to his child's digital information through a vendor called IXL Learning, Inc." He has not

24

claimed that he relied on any information that Defendants allegedly provided him, nor that he or his minor child had suffered damages. The best that he can provide regarding damages is the allegation that there was "unauthorized access to his child's digital information" – however, he has made no allegation that his child's personal information was actually accessed beyond alleged cryptic statements from a representative of Apple about "concern" that it had.

Plaintiff's alternative fraudulent concealment claim fares no better. He has made no allegations that Defendants had a legal obligation to disclose evidence to him, no allegation that he could not have readily learned of the concealed information without defendants disclosing it, no allegations that Defendants intentionally failed to disclose evidence to him, and no allegation that he was harmed. The only suggestion of concealment that Plaintiff makes is that he asked Defendants to provide him with certain vendors' data sharing policies, and that Defendants did not have the information available and referred him to the subject vendors. Complaint at ¶¶ 28-30. He has made no allegation as to what Defendants were specifically legally required to provide him, nor that Defendants concealed any information that was not available to him – he merely alleges that they could not provide him the information that he sought on demand.

Accordingly, Plaintiff's fraud and fraudulent concealment claims in Count Eight of the Complaint must be dismissed.

**POINT VIII**

**COUNT NINE OF THE COMPLAINT MUST BE DISMISSED BECAUSE HIS CLAIM IS NOT ACTIONABLE UNDER N.J.S.A. 18A:37-18 AND HAS NO COMMON LAW CLAIM FOR FAILURE TO PROVIDE A SAFE EDUCATION ENVIRONMENT CLAIM**

**A. N.J.S.A. 18A:37-18**

The New Jersey Anti-Bullying Bill of Rights protects students from conduct that is "reasonably perceived as being motivated by a distinguishing characteristic of the victim, such a

25

race, color, religion, ancestry, national origin, gender, sexual orientation, gender identity and expression, or a mental, physical, or sensory [disability]." <u>K.L. v. Evesham Tp. Bd. of Educ..</u>, 423 N.J. Super. 337, 350-51 (App. Div. 2011). Nonpublic schools are not required to comply with the provisions of the Anti-Bullying Bill of Rights Act. N.J.S.A. § 18A:37-31. In the event that a litigant disagrees with the decision of a school that investigates a bullying complaint, an appeal must be brought to an Administrative Law Judge under the Commissioner of Education, not the Law Division. <u>See</u> N.J.S.A. 18A:37-15(b)(6)(e); N.J.A.C. 6A:16-7.7(a)(2)(ix)(1)(A). The New Jersey Anti-Bullying Bill of Rights Act does not create or alter any tort liability. <u>See</u> N.J.S.A. 18A:37-18; <u>see also</u> <u>Zelnick v. Morristown-Beard Sch.</u>, 445 N.J. Super. 250, 263-64, (Law. Div. 2015).

Here, Count Nine of the Complaint alleges Failure To Provide a Safe Education Environment in violation of the New Jersey Anti-Bullying Bill of Rights Act, N.J.S.A. 18A:37-18. Plaintiff cannot sustain this claim. The statute does not apply to Defendants, as the statute does not apply to private schools. N.J.S.A. § 18A:37-31. Even if it did, the mechanism provided by N.J.S.A. 18A:37-18 allows for a litigant who disagrees with the decision of a school that investigates a bullying complaint, to file an appeal to an Administrative Law Judge under the Commissioner of Education, not the Law Division. There is no cognizable claim that Plaintiff can bring to the New Jersey law division or this Court alleging violation of N.J.S.A. 18A:37-18.

Accordingly, Plaintiff's failure to provide a safe educational environment claim pursuant to N.J.S.A. 18A:37-18 in Count Nine of the Complaint must be dismissed.

### B. <u>COMMON LAW</u>

As noted above, the New Jersey Anti-Bullying Bill of Rights Act does not create or alter any tort liability. <u>See</u> N.J.S.A. 18A:37-18; <u>see also</u> <u>Zelnick v. Morristown-Beard Sch.</u>, 445 N.J.

Super. 250, 263-64, (Law. Div. 2015).  New Jersey does not recognize an independent Tort Claim for Bullying.  Messerian-Esper v. Fort Lee Bd. of Educ., 2021 N.J. Super. Unpub. LEXIS 1676, *6, Schwartz Cert at Ex. C.

Here, New Jersey does not recognize a tort for bullying, and such a claim may not be brough pursuant to the common law.  Even if such a claim existed, he has not plead any facts supporting such a claim.  He has alleged merely that Defendants, who are mandatory reporters under New Jersey law as described in Point II *supra*, filed a report with DCPP.  He has not alleged any other facts with regard to the minor child's learning environment, much less that he was bullied, that Defendants caused the learning to be unsafe, or that he requested a bullying investigation.  To the extent that Plaintiff's claim does not relate to "bullying," he has not made any allegation of any common-law duty owed by Defendants which could support a "failure to provide a safe educational environment" claim.

Accordingly, Plaintiff's failure to provide a safe educational environment claim pursuant to the common law in Count Nine of the Complaint must be dismissed.

### POINT IX

**COUNTS TEN, ELEVEN AND TWELVE MUST BE DIMISSED BECAUSE PLAINTIFF HAS NOT ADEQUATELY PLED CLAIMS OF NEGLIGENT HIRING, SUPERVISION, MISREPORTING AND FAILURE TO SUPERVISE, AND HAS NO CAUSE OF ACTION UNDER N.J.S.A. 15A:6-1**

#### A.  COMMON LAW CLAIMS

"Unlike respondeat superior, negligent hiring, supervision, and training are not forms of vicarious liability and are based on the direct fault of an employer." G.A.-H. v. K.G.G., 238 N.J. 401, 415, 210 A.3d 907 (2019). To be found liable for negligent supervision or training, "the plaintiff must . . . prove that (1) an employer knew or had reason to know that the failure to supervise or train an employee in a certain way would create a risk of harm and (2) that risk of

27

harm materializes and causes the plaintiff's damages." Id. at 416 (citing Di Cosala v. Kay, 91 N.J. 159, 173 (1982)).

As stated in Point II *supra*, Hudson and its employees are mandatory reporters, as New Jersey imposes an affirmative statutory obligation on all individuals, including personnel employed by private schools, to report suspected child abuse or neglect, and failure to do so may give rise to criminal liability. See Point II *supra*; N.J.S.A. 9:6-8.10; N.J.S.A. 9:6-8.14.

Counts Ten, Eleven and Twelve of the Complaint allege negligent hiring, supervision, misreporting and failure to supervise in violation of the common law. Plaintiff has not made the necessary allegations to support such a claim. While he has alleged that the School and Board Defendants "should have known of prior complaints" against Sollitto and Systma, he has made no allegations that any such complaints had been made, what the substance of the complaints were, or why they should have put the School or Board Defendants on notice. He has made no allegation that the School Board Defendants "knew or had reason to know that the failure to supervise [Sollitto or Systma] in a certain way would create a risk" that Plaintiff and his minor child would suffer damages. While he has alleged a failure to supervise Sollitto and Systma, he has not even alleged what act gives rise to his alleged damages, much less that such an act was performed by Sollitto or Systma. He has made no allegation to sustain a claim against the School or Board Defendants.

Similarly, to the extent that this claim is brought against Sollitto or Systma, Plaintiff has made no allegation that either of those Defendants knew or had reason to know that the failure to supervise or train an employee in a certain way would create a risk of harm, nor that any employee took an action related to this claim which caused damage.

28

Again, the basis for Plaintiff's allegation is that Defendants made a report to DCPP, which Defendants were required to make as mandated reporters. The Complaint contains no allegation that Defendants' decision to make a lawful call to DCPP as a mandated reporter can form the basis of a negligent hiring, retention and supervision claim. Moreover, he has made no allegation as to who made such a report, but rather simply that the School made same – he alleges that Systma "and/or other Hudson officials" made the report with no further specifics.

Accordingly, Plaintiff's negligent hiring, supervision, misreporting and retention claims brought in Counts Ten, Eleven and Twelve of the Complaint under the common law must be dismissed.

B. **CLAIMS UNDER N.J.S.A. 15A:6-1**

N.J.S.A. 15A:6-1 et seq. governs the structure of a non-profit corporation's Board of Trustees and Officers. As to the liability of trustees, N.J.S.A. § 15A:6-12 holds that in the event that trustees vote for or concur in one of several acts involving the non-profits assets which are not at issue in this litigation, the trustees "shall be jointly and severally liable <u>to the corporation</u> for the benefit of the corporation and its creditors, members or other interested persons to the extent of any injury suffered by those persons, respectively, as a result of the action." N.J.S.A. § 15A:6-12 (emphasis added). N.J.S.A. 15A:6-1 et seq. contains no provision as to a Board of Trustees' responsibility as to the hiring, supervision, and retention of employees.

Plaintiff brings claims for negligent hiring, supervision, misreporting and failure to supervise and breach of fiduciary duty by the Board Defendants under N.J.S.A. § 15A:6-12, which states that in the event that trustees vote for or concur in one of several acts involving the non-profits assets which are not at issue in this litigation, the trustees "shall be jointly and severally liable <u>to the corporation</u> for the benefit of the corporation and its creditors, members or other

29

interested persons to the extent of any injury suffered by those persons, respectively, as a result of the action. N.J.S.A. § 15A:6-12 (emphasis added).  N.J.S.A. 15A:6-1 et seq. contains no provision as to a Board of Trustees' responsibility as to the hiring, supervision, and retention of employees. Even if it did, the statute states that the trustees would bear liability to the corporation – not to Plaintiff or his minor son.  Even if Plaintiff had brought adequate charges of negligent hiring, supervision, misreporting and retention (which he has not for the reasons stated in Point IX(A) *supra*), this statute provides no basis for Plaintiff's claim against the Board Defendants.

Count Twelve of the Complaint also alleges a breach of fiduciary duty by the Board Defendants pursuant to N.J.S.A. 15A:6-1.  However and again, the statute that he cites outlines the Board Defendants' duties and potential liabilities to the School, not to Plaintiff or other outside parties, and he has made no allegation that the Board Defendants owe him a fiduciary duty.  He has not alleged that he has some financial stake in the School to subject the Board Defendants to a fiduciary duty individually.  To that end, he has cited a statute that dictates that board members can be subject to liability to their parent corporation in the event that they engage in certain activities involving non-profit assets.  This statute contains no mention of a fiduciary duty related to due diligence regarding investigating prior complaints about employees, and even if it did, as stated in Point IX(A) *supra*, he has made no allegation that such complaints existed in this matter.

Accordingly, Plaintiff's negligent hiring, supervision, and retention and breach of fiduciary duty claims brought in Counts Eleven and Twelve of the Complaint under N.J.S.A. § 15A:6-12 must be dismissed.

**POINT X**

**COUNT THIRTEEN OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT PLED AN INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM**

**A.  COMMON LAW**

To prove intentional infliction of emotional distress, a plaintiff must show:

"(1) defendant acted intentionally; (2) defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community;" (3) defendant's actions proximately caused him [or her] emotional distress; and (4) the emotional distress was "so severe that no reasonable [person] could be expected to endure it.""

Segal v. Lynch, 413 N.J. Super. 171, 191 (App. Div. 2010).

To satisfy the second element, a Plaintiff must prove that defendants' conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Ingraham v. Ortho-McNeil Pharm., 422 N.J. Super. 12, 21 (App. Div. 2011) (quoting Buckley v. Trenton Sav. Fund Soc'y, 111 N.J. 355, 366 (1988). New Jersey courts have referred to this element as an "elevated threshold" that is satisfied only in *extreme* cases. Griffin v. Tops Appliance City, Inc., 337 N.J. Super. 15, 23 (App. Div.2001) (emphasis added).

As stated in Point II *supra*, Hudson and its employees are mandatory reporters, as New Jersey imposes an affirmative statutory obligation on all individuals, including personnel employed by private schools, to report suspected child abuse or neglect, and failure to do so may give rise to criminal liability. See Point II *supra*; N.J.S.A. 9:6-8.10; N.J.S.A. 9:6-8.14.

Plaintiff has not come near the threshold necessary to plead an IIED claim. The alleged conduct of Defendants which form the basis of Plaintiff's other claims, even if true, cannot be

31

categorized as outrageous, extreme, beyond all possible bound of decency, atrocious, and utterly intolerable. Even if the allegations against the Defendants were true, the basis of Plaintiff's IIED claim is that Defendants made a report to DCPP – there is no scenario in which Defendants allegedly acting in accordance with the law could be considered "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." If anything, it is quite the opposite, as the allegations against Defendants are that they acted within their legal responsibilities as mandatory reporters, as stated *supra*.

In addition to being unable to satisfy the "outrageous" element, Plaintiff has not alleged that he suffered emotional distress. The Complaint alleges that Plaintiff has suffered "anxiety, loss of sleep, spiritual anguish, reputational injury, and continuing fear of state retaliation." He has not plead that he has suffered emotional distress "so severe that no reasonable [person] could be expected to endure it."

Accordingly, Plaintiff's IIED claim under the common law in Count Thirteen of the Complaint must be dismissed.

## B. NEW JERSEY CONSTITUTION

"N.J. Const. art. I, ¶ 1" is also listed as one of the bases for Count XIII, but Plaintiff thereafter makes no allegation of a basis for such a claim under the New Jersey Constitution. Defendants are aware of no basis in the New Jersey Constitution, whether in Article I, ¶ 1 or elsewhere, which could support the claims Plaintiff brings in Count XIII. Accordingly, to the extent that Plaintiff brings a claim for intentional infliction of emotional distress under the New Jersey Constitution, the claim must be dismissed.

Accordingly, Plaintiff's IIED claim under the New Jersey Constitution in Count Thirteen of the Complaint must be dismissed.

**POINT XI**

**COUNT FOURTEEN OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT PLED A NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM**

The tort of negligent infliction of emotional distress "can be understood as negligent conduct that is the proximate cause of emotional distress in a person to whom the actor owes a legal duty to exercise reasonable care." Decker v. Princeton Packet, 116 N.J. 418, 429 (1989). Thus, under a basic negligence analysis, the elements of the tort of negligent infliction of emotional distress are: (a) defendant owed a duty of reasonable care to plaintiff; (b) defendant breached that duty; (c) plaintiff suffered severe emotional distress; and (d) defendant's breach of duty was the proximate cause of the injury. Id. Whether the defendant has a duty of care to the plaintiff depends on whether it was foreseeable that the plaintiff would be seriously, mentally distressed. Id. at 429; Russo v. Nagel, 358 N.J. Super. 254, 269-70 (App. Div. 2003).

As stated in Point II *supra*, Hudson and its employees are mandatory reporters, as New Jersey imposes an affirmative statutory obligation on all individuals, including personnel employed by private schools, to report suspected child abuse or neglect, and failure to do so may give rise to criminal liability. See Point II *supra*; N.J.S.A. 9:6-8.10; N.J.S.A. 9:6-8.14.

Plaintiff cannot sustain an NIED claim. Plaintiff premises this claim upon Defendants alleged report to DCPP. While Plaintiff has alleged that Defendants had a duty and breached that duty by making the report to DCPP, Plaintiff has not alleged that it was foreseeable to Defendants that Plaintiff would be seriously, mentally distressed by their alleged making of a report. He has alleged merely that Defendants made a lawful report. Even if he had, such potential for emotional

33

distress is of no moment given Defendants' status as mandated reporters – the mandatory reporter law is silent as to the requirement of mandated reporters to consider the potential for emotional distress of the subject of a report. See N.J.S.A. § 9:6-8.10. Moreover, as stated in Point X *supra*, Plaintiff has alleged that he has suffered from "sleep disruption, fear, loss of trust in school institutions, and continuing distress" – this cannot meet the requirement for severe emotional distress.

Accordingly, Plaintiff's NIED claim under the common law in Count Fourteen of the Complaint must be dismissed.

### POINT XII

### COUNT FIFTEEN OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NO CLAIM FOR VIOLATION OF CHILD'S RIGHT TO PRIVACY CLAIM UNDER THE CITED AUTHORITIES

#### A. THE NEW JERSEY CONSTITUTION AND "RESERVED FEDERAL PARALLELS"[2]

Article 1, Paragraph 7 of the New Jersey Constitution states:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue except upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the papers and things to be seized.

Both Article 1, Paragraph 7 and the Fourth Amendment to the United States Constitution, which contain virtually identical language, prohibit unreasonable searches and seizures by government agents. See, e.g., Schmerber v. California, 384 U.S. 757 (1966); State v. Pierce, 136 N.J. 184, 208, (1994). The purpose of the prohibition against unreasonable searches and seizures

---

[2] While Plaintiff does not bring a claim under the United States Constitution, he makes a reference to "Reserved Federal Parallels." To the extent that Plaintiff later makes an attempt to assert a claim for a violation of child's right to privacy under the United States Constitution, that claim should be dismissed for the reasons stated in Point XII(A) *supra*, as the standard is virtually identical under Federal law.

34

is "to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." Trautmann ex rel. Trautmann v. Christie, 418 N.J. Super. 559, 573 (App. Div. 2011). Consistent with that purpose, protection does not extend to matters or facts in which a person does not have a reasonable expectation of privacy because the person exposes them to public view. Katz v. United States, 389 U.S. 347, 351, (1967); Doe v. Poritz, 142 N.J. 1, 28 (1995).

As stated in Point I *supra*, our Courts have held that private schools are not state actors against whom constitutional claims may be sustained. Hernandez, 322 N.J. Super. at 15.

Here, Count Fifteen of the Complaint alleges Violation of Child's Right to Privacy and Bodily Integrity under the New Jersey Constitution provision against illegal searches and seizures. Plaintiff has not alleged that there has been an illegal search and seizure. Causes of action under Article 1, Paragraph 7 of the New Jersey Constitution may be brought where a governmental entity unreasonably searches a Plaintiff or his property, and Plaintiff has made no such allegation here. Plaintiff cannot sustain this claim because Defendants are not governmental actors whose actions are subject to the New Jersey Constitution, but rather are private actors. Hernandez, 322 N.J. Super. at 15.

Even if he could bring such a claim against private actors such as Defendants, he has alleged only that he was told that he received communications from Apple regarding unauthorized access to his child's digital information through a vendor called IXL Learning, Inc., and that he asked Hudson to disclose to him the School's third-party software relationships and privacy safeguards, but that Systma, Sollitto, and other administrators were unfamiliar with the safeguards, were defensive about his questions, and directed him to contact software vendors. Complaint at ¶¶ 22, 28-30. He has made no allegation that Defendants performed an illegal search and seizure – he has merely alleged that Apple expressed "concern that his child's account activity suggested

35

third-party data interception inconsistent with Apple's privacy standards."  This unfounded allegation is not actionable as an alleged search and seizure.

Accordingly, Plaintiff's violation of child's right to privacy claim under the New Jersey Constitution (and any "reserved Federal parallels") in Count Fifteen of the Complaint must be dismissed.

### B.  THE COMMON LAW

"Common Law" is also listed as one of the bases for Count Fifteen, but Plaintiff thereafter makes no allegation of a basis for such a claim under the Common Law.  Defendants are aware of no basis in State or Federal law or elsewhere providing a basis for the claim brought in Count Fifteen, nor does Plaintiff provide any authority.  Accordingly, Plaintiff's violation of child's right to privacy claim under the Common Law in Count Fifteen of the Complaint must be dismissed.

### POINT XIII

### COUNT SIXTEEN OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT ADEQUATELY PLED A NEGLIGENCE CLAIM UNDER THE COMMON LAW AND HAS NO CLAIM UNDER N.J.S.A. 18A:37-18

### A.  COMMON LAW

In order to bring a claim for negligence in New Jersey, a plaintiff must plead and prove the following four elements: (1) A duty of care; (2) A breach of that duty; (3) Actual and proximate causation; and (4) Damages.  See Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014); Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 594 (2013).

In order for a duty to exist, the injury must be the product of a reasonably foreseeable danger. See Mayer v. Hous. Auth. of Jersey City, 44 N.J. 567, 571 (1965).  The reasonableness of a defendant's actions in relation to foreseeable risks is essentially an objective determination made on the basis of the prevailing material facts. Jersey Cent. Power & Light, 212 N.J. at 594.

36

Here, Count Sixteen of the Complaint alleges that Defendants were negligent under the common law. His claim is not sustainable. While Defendants have a duty to protect its students against foreseeable hazards, Plaintiff has not adequately alleged a breach of their duty, alleging only that Defendants failed "to exercise due care in supervising the child and by allowing conditions that resulted in a preventable physical injury and associated emotional injury." Plaintiff makes no allegation of any specific act that could constitute a breach. While the Complaint makes clear that Plaintiff was displeased with Defendants' response to his request for data-privacy information and Defendants' purported report to DCPP, he makes no allegation that either constituted a breach of duty. The Complaint makes no mention anywhere else of "preventable physical injury" suffered by Plaintiff or his minor son. The only acts that Plaintiff has alleged against Defendants are their failures to provide data-sharing information and report to DCPP, acts that cannot reasonably be construed as causing the "physical injury" that Plaintiff alleges. Even if he had alleged an injury to his minor child, he has made no allegation of causation that an injury was caused by a breach by Defendants.

Accordingly, Plaintiff's negligence claim under the common law in Count Sixteen of the Complaint must be dismissed.

### B. N.J.S.A. 18A:37-18

As stated in Section VIII *supra*, N.J.S.A. 18A:37-18 does not apply to Defendants, as the statute does not apply to private schools. N.J.S.A. § 18A:37-31. Even if it did, the mechanism provided by N.J.S.A. 18A:37-18 allows for a litigant who disagrees with the decision of a school that investigates a bullying complaint, to appeal to an Administrative Law Judge under the Commissioner of Education, not the Law Division. There is no cognizable way that Plaintiff a negligence claim under N.J.S.A. 18A:37-18.

Accordingly, Plaintiff's negligence claim under N.J.S.A. 18A:37-18 in Count Sixteen of the Complaint must be dismissed.

## POINT XIV

**COUNT SEVENTEEN OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT ADEQUATELY PLED HIS EDUCATIONAL DISCRIMINATION AND DENIAL OF EQUAL ACCESS CLAIM**

### A. TITLE VI

A Plaintiff attempting to state a claim under Title VI must allege that: 1) he is a member of a racial minority; and 2) the Defendants acted, on the basis of the Plaintiff's race, to exclude him from participating in or benefitting from an activity or program receiving federal assistance. The entity alleged to have engaged in discriminatory conduct must be the recipient of federal funds. Fobbs v. Holy Cross Health System Corp., 29 F.3d 1439, 1447 (9th Cir. 1994) overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131 (9th Cir. 2001).

The School is not the recipient of Federal Funds.  As Plaintiff has admitted, the School is a private school and registered non-profit corporation.  Plaintiff has not and cannot allege that Defendants are recipients of Federal funds.

Accordingly, Plaintiff's claim for educational discrimination and denial of equal access under Title VI in Count Seventeen of the Complaint must be dismissed.

### B. SECTION 504 OF THE REHABILITATION ACT

Section 504 of the Rehabilitation Act dictates an educational institution's obligations to individuals with disabilities.  It requires that an "otherwise qualified handicapped individual" not be excluded from participation in a federally funded program "solely by reason of his handicap." See Cmty. Coll. v. Davis, 442 U.S. 397, 405 (1979).

38

As with Plaintiff's Title VI claim, the School is not the recipient of Federal Funds. Again, Plaintiff has admitted that the School is a private school and registered non-profit corporation. He has not and cannot allege that Defendants are recipients of Federal funds.

Accordingly, Plaintiff's claim for educational discrimination and denial of equal access under Section 504 of the Rehabilitation Act in Count Seventeen of the Complaint must be dismissed.

## C. NEW JERSEY LAW AGAINST DISCRMINATION

As stated in Point I *supra*, to state a claim under NJLAD, a plaintiff must allege: (1) that the defendant operates a place of public accommodation, (2) that the plaintiff is a member of a protected class, and (3) that the plaintiff was denied equal treatment on the basis of that protected characteristic. Ali v. Hillstone Rest. Grp., 2022 U.S. Dist. LEXIS 106272 (D.N.J. 2022) (quoting Vandeusen v. Mabel Realty of Bordentown, LLC, 2012 U.S. Dist. LEXIS 66567 (D.N.J. 2012)).

In Count Seventeen of the Complaint, Plaintiff has alleged discrimination in violation of the LAD. However, he has not alleged an actionable claim. While the School is a place of public accommodation, Plaintiff's discrimination claim makes no allegation as to what protected class he is a member of. The Complaint makes reference to "exclusion from opportunities available to other students, retaliatory labeling, and biased disciplinary or evaluative practices rooted in racial, religious, and disability-based stereotypes." Complaint at ¶ 131. He makes no specific allegation as to what protected class he is a member of for the purposes of his claim. He likewise make no allegation that he was denied equal treatment on the basis of his protected characteristic – he makes no allegations as to what constituted "exclusion from opportunities available to other students, retaliatory labeling, and biased disciplinary or evaluative practices." Id. Plaintiff has made no allegation as to any actions taken against him or his son, much less that any actions were "rooted

39

in racial, religious, and disability-based stereotypes." It is unclear whether Plaintiff is alleging that he was discriminated on the basis of his religion, his race, or both, and what he is alleging that Defendants did to effectuate discrimination. The extent of the allegation that Plaintiff has made is that Defendants made a report to DCPP on the basis that his child's clothing was tight-fitting and that he was "in mental decline." He has made no actionable allegations that suggest that Defendants' report was based on a protected characteristic.

Accordingly, Plaintiff's retaliation claim in Count Seventeen of the Complaint must be dismissed as to any claim brought under the LAD.

## POINT XV

### COUNT EIGHTEEN OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NO RIGHT OF ACTION UNDER THE STATUTES UPON WHICH HE RELIES AND HAS MADE NO ALLEGATIONS THAT ANY STATUTES WERE VIOLATED

### A. FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT

FERPA was enacted by Congress in 1975 for the purpose of ensuring parents' access to their children's educational records, as well as preventing the improper disclosure of those records. 20 U.S.C. § 1232(g). FERPA induces educational institutions to act in accordance with its standards by conditioning these institutions' receipt of federal funds on their compliance. Id. FERPA withholds federal funding "under any applicable program to any State or local educational agency . . . which has a policy of permitting the release of personally identifiable records or files (or personal information contained therein) of students without the written consent of their parents to any individual, agency, or organization" other than those enumerated. 20 U.S.C. § 1232g(b)(1) (1974).

FERPA does not provide a private cause of action. Krebs v. Rutgers, 797 F. Supp. 1246, 1256 (D.N.J. 1992) (citing Giradier v. Webster College, 563 F.2d 1267, 1276-77 (8th Cir. 1977).

Here, Count Eighteen alleges "Failure to Obtain Parental Consent/Data Privacy Violations" pursuant to FERPA.  Initially, Plaintiff does not have standing to bring claims under FERPA, which is a federal statute conditioning the availability of funds to certain institutions, and neither provide for a private right of action.  FERPA is a mechanism by which the Federal Government helps protects the privacy rights of students – not statutes which allow a plaintiff to seek redress for alleged violations of privacy rights.

Even if Plaintiff had a private right of action under FERPA, he has stated no basis for a violation.  Plaintiff alleges in his Complaint that Defendants had a duty to obtain verifiable parental consent before collecting, storing, or transmitting a student's personal information, and that Defendants breached that duty by deploying and integrating third-party software.  He has not pointed to any basis for such a duty, nor made any cognizable allegation that such a duty was breached.  He has cited no portion of FERPA that could possibly subject Defendants to civil liability.

Accordingly, Plaintiff's "Failure to Obtain Parental Consent/Data-Privacy Violations" claim under FERPA in Count Eighteen of the Complaint must be dismissed.

## B.  <u>CHILDREN'S ONLINE PRIVACY PROTECTION ACT</u>

COPPA limits the gathering of personal information from children under the age of 13 on the Internet.  <u>In re Nickelodeon Consumer Privacy Litig.</u>, 827 F.3d 262, 286-87 (3d Cir. 2016).  It also requires parental consent for the collection, use, or disclosure of children's personal information online and directs the Federal Trade Commission to issue regulations to that effect. <u>Id.</u>  Like FERPA, COPPA does not authorize a private right of action. Rather, the statute confers enforcement authority on the FTC, 15 U.S.C. § 6505(a), and on state attorneys general, who must

notify the FTC and cooperate with it to bring civil actions as parens patriae, id. § 6504(a).  Jones v. Google LLC, 56 F.4th 735, 739 (9th Cir. 2022).

Here, Count Eighteen alleges "Failure to Obtain Parental Consent/Data Privacy Violations" pursuant to COPPA.  Initially, Plaintiff does not have standing to bring claims under COPPA, which is a federal statute conditioning the availability of funds to certain institutions, and neither provide for a private right of action.  COPPA is a mechanism by which the Federal Government helps protect the privacy rights of students – not statutes which allow a plaintiff to seek redress for alleged violations of privacy rights.

Even if Plaintiff had a private right of action under COPPA, he has stated no basis for a violation.  Plaintiff alleges in his Complaint that Defendants had a duty to obtain verifiable parental consent before collecting, storing, or transmitting a student's personal information, and that Defendants breached that duty by deploying and integrating third-party software.  He has not pointed to any basis for such a duty, nor made any cognizable allegation that such a duty was breached.  He has cited no portion of COPPA that could possibly subject Defendants to civil liability.

Accordingly, Plaintiff's "Failure to Obtain Parental Consent/Data-Privacy Violations" claim under COPPA in Count Eighteen of the Complaint must be dismissed.

### C.  N.J.S.A. § 18A:36-39

N.J.S.A. § 18A:36-39 dictates that a school district or charter school that furnishes a student with a laptop computer, cellular telephone, or other electronic device shall provide the student with information about the device's data collection. N.J.S.A. § 18A:36-39.  N.J.S.A. § 18A:36-39 does not apply to private schools. Id. (including no reference to application to private schools).

Accordingly, Plaintiff's "Failure to Obtain Parental Consent/Data-Privacy Violations" claim under N.J.S.A. § 18A:36-39 in Count Eighteen of the Complaint must be dismissed.

## POINT XVI

### COUNT NINETEEN OF THE COMPLAINT MUST BE DISMISSED FOR THE REASONS STATED IN POINTS XII AND XIII

In Count Nineteen of the Complaint, Plaintiff brings IIED and NIED claims against Defendants as to his minor child.  These claims are unsustainable for the reasons set forth in Points XI and XII, *supra*.  Accordingly, this claim must be dismissed for the reasons asserted therein.

## POINT XVII

### COUNT TWENTY OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS NO STANDING TO BRING A CLAIM UNDER N.J.S.A 9:6-8.21 AND BECAUSE THERE IS NO COMMON LAW CAUSE OF ACTION FOR CHILD ENDANGERMENT

### A.  N.J.S.A. 9:6-8.21

N.J.S.A. 9:6-8.21 et seq. outlines the conditions under which a child is considered "abused or neglected" based upon certain enumerated offenses committed against them by a parent or guardian.  Offenses of N.J.S.A. 9:6-8.21 et seq. are adjudicated against parents or guardians in either New Jersey Criminal Court or the Family Section of the New Jersey Superior Court Chancery Division.  N.J.S.A. 9:6-8.22.  N.J.S.A. 9:6-8.21 et seq. contains no reference to the duties of a private school.

Accordingly, Count Twenty of the Complaint alleging child endangerment under N.J.S.A. 9:6-8.21 must be dismissed.

### B.  COMMON LAW

"Common Law" is also listed as one of the bases for Count Twenty, but Plaintiff thereafter makes no allegation of a basis for such a claim under the Common Law.  Defendants are aware of

43

no basis in State or Federal law or elsewhere providing a basis for the child endangerment claim brought in Count Twenty.

Accordingly, to the extent that Plaintiff brings his Child Endangerment claim under the common law, in Count Twenty of the Complaint, the claim must be dismissed.

**POINT XVIII**

**COUNTS TWENTY ONE AND TWENTY TWO OF THE COMPLAINT MUST BE DISMISSED BECAUSE THERE IS NO SEPARATE CAUSE OF ACTION FOR INJUNCTIVE RELIEF, AND A SEPARATE REQUEST FOR A DECLARATORY JUDGMENT IS INAPPROPRIATE**

An injunction is a remedy rather than a cause of action. Ebin N.Y. v. Beauty Plus Trading Co., 2022 N.J. Super. Unpub. LEXIS 3802, *13 (quoting, e.g., Madej v. Maiden, 951 F.3d 364 (6th Cir. 2020) (An injunction is a remedy, not a claim. If plaintiffs cannot show actual success on their claims, they cannot obtain a permanent injunction)), Schwartz Cert at Ex. D.  Moreover, a declaratory judgment should not be granted "to preempt or anticipate the decision of the court in another pending action." Hartmann v. Maplewood School Transp. Co., 106 N.J. Super. 187, 195 (Law Div. 1969), aff'd per curiam 109 N.J. Super. 497 (App. Div.), certif. den.  57 N.J. 124 (1970); Registrar & Transfer Co. v. Dir., Div. of Taxation, 157 N.J. Super. 532, 540 (Super. Ct. 1978).

Count Twenty One of the Complaint is a "Demand for Injunctive Relief."  No separate cause of action for injunctive relief exists at law, and is not sustainable.  Accordingly, this claim in Count Twenty One of the Complaint must be dismissed.

Count Twenty Two of the Complaint requests a Declaratory Judgment stating that the actions of Defendants violated Plaintiff's constitutional, statutory, and common-law rights, that their actions are void, unlawful, and of no legal effect, and that certain unnamed records be expunged.  While it is unclear exactly what Plaintiff seeks via this cause of action, it appears as though Plaintiff is effectively asking the Court to issue a declaratory judgment as to all claims

44

contained in the Complaint.  This request is inappropriate – Plaintiff is effectively attempting to "pre-empt" the adjudication of the claims he otherwise brings in the Complaint by asking the Court to declare Defendants' actions unlawful.  Accordingly, this claim in Count Twenty Two of the Complaint must be dismissed.

**POINT XIX**

**ALL CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED**

Finally, the only claims brought in this matter which assert any allegations against any of the Individual Defendants are his negligent hiring, retention, and supervision claims (Counts Ten and Eleven) and breach of fiduciary duty claim (Count Twelve).  Those claims should be dismissed for the reasons set forth in Point IX *supra*.

Moreover, while the Plaintiff's constitutional claims are not actionable for the reasons described *supra*, even if they were, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Pell v. Ross, No. A-4799-03T5, 2006 N.J. Super. Unpub. LEXIS 378, at *8 (App. Div. Feb. 28, 2006), Schwartz Cert at Ex. E.

Here, even if Plaintiff was able to bring claims under the New Jersey and United States Constitutions, he has made no allegations that any individual acted wrongfully as to his constitutional rights, a requirement for the purposes of such a claim.  Accordingly, while the Court should dismiss the claims brought in Counts One, Two, Three, Five, and Fifteen for the reasons stated herein *supra*, at minimum, these claims must be dismissed as to the Individual Defendants.

Otherwise, Plaintiff has made no other allegations regarding any of the Individual Defendants as to any of his other civil claims, all of which require the fulfillment of wrongful acts

45

by Defendants as set forth in Points IV, VI through VIII, and X through XVII. While Plaintiff has not offered any allegation that any Defendant acted wrongfully so as to fulfill the necessary elements of these claims, this is especially true as to the Individual Defendants. Plaintiff has made no allegations as to any wrongful act on behalf of any Individual Defendant, other than the allegations of Counts Ten through Twelve, the only act of an individual that has been alleged in the Complaint is Systma, Sollitto, and other (unnamed) administrators' alleged unfamiliar with the data-sharing safeguards, vague allegations that they were "defensive about his questions," and their instruction to contact software vendors. None of the allegations within the contents of Counts One through Nine or Thirteen through Twenty Two contain any additional allegation that any Individual Defendant committed any cognizable act. Counts Four, Seven through Nine, and Thirteen through Twenty must also be dismissed as to all Individual Defendants.

Accordingly, while the Complaint should be dismissed at to all Defendants, at minimum, all Counts must be dismissed as to all Individual Defendants.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant their motion to dismiss the Complaint with prejudice.

Respectfully Submitted,

HATFIELD SCHWARTZ LAW GROUP, LLC
*Attorneys for Defendants*


By: */s/ Stefani C Schwartz*
    STEFANI C SCHWARTZ, ESQ.


Dated:  December 17, 2025