

Stefani C Schwartz, Esq.
sschwartz@hatfieldschwartzlaw.com
973.737.8315

December 22, 2025

**<u>Via ECF</u>**
The Honorable Julien X. Neals, U.S.D.J.
United States District Court District of New Jersey
MLK Building & U.S. Courthouse
50 Walnut Street, Newark, NJ 07102

> **Re:     Parrish et al. v. The Hudson School et. al.**
> **<u>Docket No. 2:25-cv-17986-JXN-SDA</u>**

Dear Judge Neals:

This firm represents Defendants The Hudson School, Rebekah Sollitto, Emily Ford Systma, Daniel J. Gans, Cliff Sonkin, Arnold Lewis, Paul O'Dell, Melissa Popkoski, Flora Ekpe-Idang, Pete Gilchrist, Tom Horan, Alice Kocis, David Muhlenkamp, Luisa Pasacios, Minalkumar Patel, M.D., Korey Petgrave, and Zemin Zhang ("Defendants") in the above-referenced matter. Please accept this letter brief in lieu of a more formal submission in opposition to the motion to remand (the "Motion") filed by Plaintiff Tony Parrish ("Parrish").

While Plaintiff claims in his Motion and in certain paragraphs of his Complaint that he is not asserting Federal claims, the remainder of his Complaint says otherwise – he relies on the United States Constitution and Federal statutes, several of which include a private right of action, in numerous counts of his complaint. His attempt to avoid Federal jurisdiction while still relying explicitly upon Federal law as "persuasive authority" and explicitly alleging that his rights under Federal law have been violated is ineffectual, as are his allegations that Defendants' removal of this matter was procedurally inappropriate, as Defendants removed this matter according to law.

Accordingly, the Court should deny Plaintiff's motion to remand, or at minimum, order that he amend any complaint that is remanded to New Jersey Superior Court to omit federal claims.

December 22, 2025
Page 2

**FACTS AND PROCEDURAL HISTORY RELEVANT TO THIS MOTION**

Plaintiff filed his complaint on October 24, 2025, later amending it on October 28, 2025. See Amended Complaint (the "Complaint"), attached to the Certification of Stefani C Schwartz (the "Schwartz Cert") at Ex. A. Defendants were served with the Complaint on October 30, 2025 and thereafter removed the Complaint to this Court on November 26, 2025, within thirty days of service pursuant to 28 U.S.C. § 1446. See Notice of Removal, Schwartz Cert at Ex. B. Defendants have brought an F.R.C.P. Rule 12(b)(6) Motion to Dismiss the Complaint, which was filed on December 17, 2025 and which seeks to dismiss the Complaint in its entirety, including claims pursuant to Federal law, for the reasons stated therein. See Motion to Dismiss, filed with the Court on December 17, 2025.

As Plaintiff states in the Motion, the Complaint alleges that "[a]lthough the facts alleged also implicate rights co-extensive with those protected by the United States Constitution, Plaintiff at this time seeks relief solely under New Jersey law…," "Plaintiff expressly reserves the right to amend this complaint to assert additional causes of action, including those under federal law, should discovery reveal facts that warrant such relief," and "Federal statutes such as FERPA and COPPA and child-protection provisions including N.J.S.A. 9:6-8.10 et seq. are cited herein solely as persuasive authorities establishing duties and standards of care, not as independent causes of action." Complaint at ¶¶ 10, 11, 14. However, the Complaint goes on to explicitly cite the United States Constitution and Federal law, many of which provide private rights of action, throughout its causes of action.

For example, Plaintiff cites 42 U.S.C. § 1983 ("Section 1983"), as among the bases of his claim in Count I. See Count I of Complaint. Within that count, Plaintiff explicitly alleges that he engaged in protected activity pursuant to the United States Constitution by engaging in free speech,

and that Defendants' conduct constituted retaliation under same.  Complaint at ¶¶ 41, 45.  In Count II, Plaintiff again cites Section 1983 and alleges that Defendants' actions were wrongful "under both the U.S. and New Jersey Constitutions."  Id. at Count II and ¶ 53.  In Count III, Plaintiff brings a claim of "Discrimination and Religious Viewpoint Bias" under the United States Constitution's First and Fourteenth Amendment, explicitly alleging that Defendants' conduct violated same.  Id. at Count III and ¶¶ 58, 59 (alleging that Defendants' conduct "violated the Free Exercise and Free Speech Clauses of the First Amendment" and "also violated the Equal Protection Clause of the Fourteenth Amendment").  Plaintiff alleges violation of procedural and substantive due process rights in Count V, relying on the United States Constitution's Fourteenth Amendment, alleging the due process rights that the Fourteenth Amendment grants him, and alleging that Defendants deprived him of those rights.  Id. at Count V and ¶¶ 73, 74.

Later, in Count XVII, Plaintiff alleges that Defendants violated Title VI of the Civil Rights Act of 1964 and Section 504 of the Rehabilitation Act, Federal laws governing the denial of equal opportunities to minority groups.  Id. at Count XVII.  He specifically alleges obligations that Defendants had under Title VI as the basis of his claim, and that Defendants violated those rights.  Id. at ¶¶ 130, 131.  Finally, Plaintiff premises Count XVIII, titled "Failure to Obtain Parental Consent/Data-Privacy Violations" on the Family Education Rights and Privacy Act (FERPA) and the Childresn's Online Privacy Protection Act (COPPA).  Id. at Count XVIII.  He alleges that this violation occurred based on "statutory and regulatory duties" that Defendants allegedly owed under FERPA and COPPA, and that Defendants breached those duties.  Id. at ¶¶ 135, 136.

## LEGAL ARGUMENT

### I.  PLAINTIFF HAS ALLEGED FEDERAL CLAIMS

A complaint alleging a cause of action for private relief implied from provisions of the United States Constitution states a claim within the subject matter of federal courts.  Susquehanna Valley All. v. Three Mile Island Nuclear Reactor, 619 F.2d 231, 244 (3d Cir. 1980).  A plaintiff creates a federal claim when the federal statute they invoke provides a private right of action and the plaintiff asserts that statutory cause of action.  See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 812 n.9 (1986); Alexander v. Sandoval, 532 U.S. 275, 286-87 (2001).

Section 1983 provides for a private right of action for violations of the United States Constitution.  Maine v. Thiboutot, 448 U.S. 1, 12 (1980); Felder v. Casey, 487 U.S. 131, 139 (1988) ("Section 1983 creates a species of liability in favor of persons deprived of their federal civil rights by those wielding state authority").  Title VI of the Civil Right Act and Section 504 of the Rehabilitation Act also provide private rights of action.  Sandoval, 532 U.S. at 280 ("Title VI ha[s]…been construed as creating a private remedy"); Cummings v. Premier Rehab Keller, P.L.L.C., 596 U.S. 212, 212 (2022) (statutes enacted under the United States Constitution's spending clause, such as the Rehabilitation Act, may be enforced through implied rights of action).

Here, even acknowledging Plaintiff's claim to the contrary, his complaint very clearly asserts Federal claims.  Counts I, II, III, and V all assert violation of the United States Constitution and seek a remedy through Section 1983.  Each of these Counts explicitly alleges that Defendants violated Federal law – that he engaged in protected activity pursuant to the United States Constitution by engaging in free speech, and that Defendants' conduct constituted retaliation under same (Count One at ¶¶ 41, 45), that Defendants' actions were wrongful "under both the U.S. and New Jersey Constitutions"  (Count II at ¶ 53)  that Defendants' conduct violated the United States

Constitution's First and Fourteenth Amendment (Count III at ¶¶ 58, 59), and that the Fourteenth Amendment grants him certain due process rights that that Defendants allegedly deprived (Count V at ¶¶ 73, 74). The language of Plaintiff's Complaint could not be clearer – he is not merely citing Federal law as "persuasive authority," he is invoking a private right of action provided by Section 1983 in an attempt to remedy what he believes are violations of his constitutional rights.

The same can be said for his claims under Title VI of the Civil Rights Act and Section 504 of the Rehabilitation Act. He specifically alleges that Defendants had certain obligations under those statutes, and that they violated the statutes. Complaint at ¶¶ 130, 131. While Defendants cannot be liable under these statutes for the reasons stated in their motion to dismiss, Plaintiff clearly attempts to invoke a private right of action provided by these statutes. Sandoval, 532 U.S. at 280; Cummings, 596 U.S. at 212.

One area in which Defendants and Plaintiff agree is that FERPA and COPPA do not provide a private right of action. Krebs v. Rutgers, 797 F. Supp. 1246, 1256 (D.N.J. 1992) (FERPA does not provide a private right of action); Jones v. Google LLC, 56 F.4th 735, 739 (9th Cir. 2022) (COPPA does not provide a private right of action). Nevertheless, Plaintiff premises his "Failure to Obtain Parental Consent/Data-Privacy Violations" on obligations allegedly placed upon Defendants by FERPA and COPPA, as well as N.J.S.A. § 18A:36-39, which does not apply to the School and which provides Plaintiff no private right of action. Complaint at Count XVIII. The language of this count makes clear that the claim is premised under FERPA and COPPA, which are both Federal laws and which would require Defendants to answer in a responsive pleading whether they actually violated Federal law.

Plaintiff claims that Kalick v. Nw. Airlines Corp. stands for the proposition that "where the complaint expressly disclaims federal causes of action, jurisdiction is absent," but a reading of

his citation shows a case that stands for the proposition that a Plaintiff could not manufacturer federal jurisdiction by citing a Federal regulation was germane to his claims. 372 F. App'x 317, 320 (3d Cir. 2010).  That situation stands in stark contrast to Plaintiff's complaint, in which he has made direct allegations that Federal law has been violated by Defendants, and relied upon that law in the counts of the Complaint.  He has provided no authority that the disclaimers of his Complaint negate the clear Federal claims that he has brought.

As noted, Defendants have brought a motion to dismiss these and Plaintiff's other claims, and that Motion is currently before the Court.  <u>See</u> Motion to Dismiss, filed with the Court on December 17, 2025.  While none of Plaintiff's claims are viable for the reasons stated therein, this Court nonetheless has jurisdiction over the Complaint and Defendants' Motion to Dismiss due to Plaintiff's invoking of Federal law.

While he has attempted to manufacture a defense to Federal jurisdiction with the disclaimers in his Complaint, the language of Plaintiff's Complaint otherwise makes clear that he has, in fact, brought Federal claims in this litigation.  Accordingly, the Court should deny his motion to remand.  At minimum, if the Court remands the Complaint to New Jersey Superior Court, it should order that Plaintiff amend his Complaint to omit the causes of action under Federal law that Plaintiff has plead throughout the Complaint.

## II. <u>DEFENDANTS' NOTICE OF REMOVAL WAS PROCEDURALLY PROPER</u>

28 U.S.C. § 1441(a) provides that a civil action filed in state court may be removed by a defendant to the federal district court embracing the place where the action is pending.  28 U.S.C. § 1441(a).  Procedurally, a defendant must file a notice of removal within 30 days of receiving the initial pleading. 28 U.S.C. § 1446(b).  The notice of removal must contain "a short and plain

statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

Plaintiff's allegation that Defendants' notice of removal was "irregular" is unavailing. Defendants filed their notice of removal on November 26, 2025, within the thirty days of service pursuant to 28 U.S.C. § 1446. See Notice of Removal, Schwartz Cert at Ex. B.

Moreover, the notice of removal contained "a short and plain statement of the grounds for removal…," noting that Plaintiff had asserted "causes of action for violations of federal statutes including …FERPA…and…COPPA…" Id. at 3 (emphasis added). Defendants were simply required to provide a "short and plain statement," and not a detailed analysis of the grounds for removal as Plaintiff seeks.

Defendants' notice of removal was proper, and Plaintiff's critiques of same do not render the removal of this matter ineffectual. Accordingly, Plaintiff motion to remand should be denied.

## CONCLUSION

For the reasons stated, the Court should deny Plaintiff's motion to remand in its entirety.

Respectfully Submitted,

HATFIELD SCHWARTZ LAW GROUP LLC


By: */s/ Stefani C Schwartz*
     STEFANI C SCHWARTZ, ESQ.

CC:    Tony Parrish (via email)