UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------x

**TONY PARRISH, individually and as**
**parent and natural guardian of minor J.P.,**
                    Plaintiff,

        v.                                                  Civil Action No. 2:25-cv-17986

**THE HUDSON SCHOOL, et al.,**
                    Defendants.

-----------------------------------------------------------------x


**NOTICE OF MOTION TO STAY CONSIDERATION OF DEFENDANTS' MOTION TO**
**DISMISS PENDING RESOLUTION OF PLAINTIFF'S MOTION TO REMAND**


PLEASE TAKE NOTICE that on **Monday, February 2, 2026**, Plaintiff **Tony Parrish**,

appearing pro se, will move before the Honorable **Julien Xavier Neals, U.S.D.J.**, for an Order:


1.  Staying consideration of Defendants' Motion to Dismiss pending the Court's resolution

    of Plaintiff's Motion to Remand; and

2.  Granting such other and further relief as the Court deems just and proper.


In support of this Motion, Plaintiff relies upon the accompanying **Memorandum of Law** and

**Certificate of Service**. A proposed form of Order is submitted herewith.


Dated: December 18, 2025,

Bayonne, New Jersey


Respectfully submitted,

Tony Parrish
Plaintiff, Pro Se

## <u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY CONSIDERATION OF DEFENDANTS' MOTION TO DISMISS PENDING RESOLUTION OF PLAINTIFF'S MOTION TO REMAND</u>

### I. PRELIMINARY STATEMENT

This motion presents a narrow, procedural request. Plaintiff respectfully seeks a stay of consideration of Defendants' Motion to Dismiss pending the Court's determination of Plaintiff's Motion to Remand. The requested stay promotes judicial economy, avoids premature or advisory merits rulings, and accords with the well-established principle that a federal court must assure itself of subject-matter jurisdiction before addressing the merits of a case.

Defendants' Motion to Dismiss raises merits-based arguments that would require this Court to analyze state-law claims and fact-intensive issues that may never properly be before this Court if remand is granted. Where jurisdiction remains contested, proceeding to adjudicate such issues risks unnecessary expenditure of judicial resources and duplicative briefing.

Accordingly, a brief stay is appropriate so that the threshold jurisdictional question may be resolved first, before the parties and the Court devote resources to substantive matters that may be rendered moot.

### II. PROCEDURAL BACKGROUND

1. This action was removed from the Superior Court of New Jersey by Defendants.

2. Plaintiff timely filed a Motion to Remand challenging this Court's subject-matter jurisdiction.

3.  While the Motion to Remand remains pending, Defendants filed a Motion to Dismiss addressing the merits of Plaintiff's Amended Complaint.

4.  Plaintiff now seeks a stay of consideration of the Motion to Dismiss until the jurisdictional issue is resolved.

---

## III. ARGUMENT

### A. Jurisdiction Must Be Resolved Before Merits Adjudication

Federal courts must assure themselves of subject-matter jurisdiction before proceeding to adjudicate the merits of any dispute. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Where jurisdiction is challenged, courts within the Third Circuit resolve remand first and refrain from merits adjudication that may later be rendered advisory. *Bromwell v. Mich. Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997). District courts also possess inherent authority to stay proceedings in order to manage their dockets and promote judicial economy. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Defendants' Motion to Dismiss seeks merits rulings on claims that Plaintiff contends belong in state court. If Plaintiff's Motion to Remand is granted, this Court would lack authority to adjudicate those merits issues. Proceeding with merits briefing before jurisdiction is resolved risks unnecessary expenditure of judicial resources and the possibility of advisory analysis. *Brown v. JEVIC*, 575 F.3d 322, 327 (3d Cir. 2009).

Staying consideration of the Motion to Dismiss ensures that the Court addresses the threshold jurisdictional issue first, consistent with established principles governing federal jurisdiction.

**B. A Stay Promotes Judicial Economy and Avoids Duplicative Litigation**

Defendants' Motion to Dismiss seeks merits determinations on state-law claims while the threshold question of federal jurisdiction remains unresolved. If remand is granted, any merits briefing or rulings in this Court would not advance resolution of the dispute and would instead require the parties to re-litigate the same issues in the proper forum.

Staying consideration of the Motion to Dismiss avoids parallel or duplicative briefing, conserves judicial resources, and prevents unnecessary merits rulings that may be rendered academic by remand.

**C. Plaintiff Does Not Waive Any Rights or Arguments**

By seeking this stay, Plaintiff does not waive any opposition to Defendants' Motion to Dismiss, nor any right to amend, supplement, or otherwise respond to Defendants' arguments should this case remain in federal court following resolution of the jurisdictional issue.

---

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order staying consideration of Defendants' Motion to Dismiss pending resolution of Plaintiff's Motion to Remand.

**PROPOSED ORDER**

IT IS on this ___ day of _____, 2026,

ORDERED that Plaintiff's Motion to Stay Consideration of Defendants' Motion to Dismiss is

**GRANTED**; and it is further

ORDERED that consideration of Defendants' Motion to Dismiss is **STAYED** pending resolution

of Plaintiff's Motion to Remand.

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2025, I submitted the foregoing Notice of Motion to Stay Consideration of Defendants' Motion to Dismiss Pending Resolution of Plaintiff's Motion to Remand, together with the accompanying Memorandum of Law and Proposed Order, for filing through the United States District Court for the District of New Jersey's Attorney/Pro Se Document Submission (ADS) system.

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), I further certify that on this same date, I served a copy of the foregoing motion papers by electronic mail upon counsel for Defendants at the email address designated for service.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: December 18, 2025
Bayonne, New Jersey

/s/ Tony Parrish

Tony Parrish
Plaintiff, Pro Se