**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

<table>
<tr><td>

TONY PARRISH, *individually and as parent and natural guardian of minor child J.P.*

Plaintiff,

v.

THE HUDSON SCHOOL, *et al*.,

Defendants.

</td><td>

Civil Action No. 25-17986 (JXN)(SDA)

**OPINION**

</td></tr>
</table>

**NEALS**, District Judge

Before the Court are Plaintiff Tony Parrish's ("Plaintiff") motion to remand[1] (ECF No. 3); Plaintiff's motion to stay proceedings pending a decision on the motion to remand (ECF No. 19); and Defendants'[2] motion to dismiss the Complaint (ECF No. 16).[3] The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure[4] 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion to remand is **DENIED**; Plaintiff's motion to stay is **DENIED as moot**; and Defendants' motion to dismiss is **GRANTED**.

---

[1] To which Defendants opposed (ECF No. 17) and Plaintiff replied (ECF No. 18).

[2] Defendants collectively refer to: The Hudson School ("Hudson" or "School"); Rebekah Sollitto ("Sollitto"), Emily Ford Systma ("Systma") (with Sollitto, "School Individual Defendants"); and Daniel J. Gans, Cliff Sonkin, Arnold Lewis, Paul O'Dell, Melissa Popkoski, Flora Ekpe-Idang, Pete Gilchrist, Tom Horan, Alice Kocis, David Muhlenkamp, Luisa Pasacios, Minalkumar Patel, M.D., Korey Petgrave, and Zemin Zhang ("Board Defendants").

[3] To which Plaintiff did not file opposition.

[4] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

I.      **BACKGROUND**

A.      **Statement of Facts**

Plaintiff is the father of J.P., a minor. (Compl. ¶ 1, ECF No. 1-1.) J.P. attended Hudson, a private school. (*Id.* ¶¶ 2, 15–16.) Plaintiff alleges that in October 2024, he received communications from Apple, Inc. ("Apple") regarding "suspected unauthorized access and misuse of his minor child's digital information through an educational software vendor known as IXL Learning, Inc." (*Id.* ¶ 22.) According to Plaintiff, Apple representatives "expressed concern" that J.P.'s account activity "suggested third-party data interception inconsistent with Apple's privacy standards." (*Id.* ¶ 23.) Plaintiff claims he "discover[ed] indications of spyware or intrusive software" on J.P.'s personal and school-issued devices, which he reported to local police and technology service providers to no avail. (*Id.* ¶ 25.)

Plaintiff requested that the School disclose its third-party software relationships and data privacy safeguards. (*Id.* ¶ 27.) Plaintiff alleges that School administrators, including Systma and Sollitto, were defensive and instructed Plaintiff to contact educational software vendors directly, including IXL Learning. (*Id.* ¶¶ 27–30.) Weeks later, Plaintiff informed the School he was exercising his parental right to revoke his consent to any data sharing. (*Id.* ¶ 31.)

Plaintiff asserts that days after revoking his consent to data sharing, School administrators, including Systma, filed a child abuse report with the New Jersey Division of Child Protection and Permanency ("DCPP") concerning Plaintiff and J.P. (*Id.* ¶ 33.) According to Plaintiff, the report alleged J.P. wore "tight-fitting clothes" and that Plaintiff was "in mental decline." (*Id.*) Plaintiff states that Defendants filed the DCPP report to retaliate against Plaintiff for revoking his consent to data sharing. (*Id.*) Plaintiff further alleges that DCPP investigated the report and found it "Not Established." (*Id.*)

Plaintiff also claims that the Bayonne Police Department reported concerns about Plaintiff to the School instead of DCPP to (1) create a pretext for a DCPP intervention and (2) insulate itself from accountability. (*Id.* ¶ 34.) Plaintiff asserts that DCPP used this information to prolong its investigation despite having access to medical records showing Plaintiff was not a danger to himself or others. (*Id.* ¶ 35.)

### B.      Procedural History

Plaintiff filed this lawsuit in New Jersey Superior Court on October 28, 2025. (*See generally id.*) The Complaint includes claims for:

- Retaliatory interference with parental rights, in violation of 42 U.S.C. § 1983, the New Jersey Constitution, the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-1, *et seq.*, and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et seq.* ("Count One") (*Id.* ¶¶ 40–46.)

- Abuse of process under New Jersey common law and in violation of the New Jersey constitution and § 1983 ("Count Two"). (*Id.* ¶¶ 47–54.)

- Religious discrimination, in violation of the First Amendment, the Fourteenth Amendment's Equal Protection Clause, the New Jersey Constitution, and the NJLAD ("Count Three"). (*Id.* ¶¶ 55–63.)

- Violations of the New Jersey Racketeer Influenced and Corrupt Organizations Act ("NJRICO"), N.J.S.A. 2C:41-1, *et seq.* ("Count Four"). (*Id.* ¶¶ 64–71.)

- Violations of the substantive and procedural due process clauses of the United States and New Jersey Constitutions ("Count Five"). (*Id.* ¶¶ 72–79.)

- Violations of the New Jersey Student Online Privacy Protection Act ("SOPPA"), P.L. 2019, c. 494, the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1, *et seq.*, and negligence ("Count Seven").[5] (*Id.* ¶¶ 80–84.)

- Fraud, in violation of the NJCFA ("Count Eight"). (*Id.* ¶¶ 85–88.)

- Failure to provide a safe educational environment under N.J.S.A 18A:37-1 and New Jersey common law ("Count Nine"). (*Id.* ¶¶ 89–93.)

- Failure to supervise ("Count Ten"). (*Id.* ¶¶ 94–98.)

- Negligent hiring, supervision, and retention, in violation of N.J.S.A. 15A:6-1 ("Count Eleven"). (*Id.* ¶¶ 99–103.)

- Failure to supervise and breach of fiduciary duty by the School's board of trustees, in violation of N.J.S.A. 15A:6-1 ("Count Twelve"). (*Id.* ¶¶ 104–08.)

- Intentional infliction of emotional distress ("Count Thirteen"). (*Id.* ¶¶ 109–15.)

- Negligent infliction of emotional distress ("Count Fourteen"). (*Id.* ¶¶ 116–19.)

- Violation of J.P.'s right to privacy under the New Jersey Constitution ("Count Fifteen"). (*Id.* ¶¶ 120–24.)

- Negligence as to J.P. ("Count Sixteen"). (*Id.* ¶¶ 125–28.)

- Educational discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the NJLAD ("Count Seventeen"). (*Id.* ¶¶ 129–33.)

- Failure to obtain parental consent for data sharing, in violation of Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, the Children's

---

[5] The Complaint does not appear to include a Count Six. (*See generally id.*)

Online Privacy Protection Act ("COPPA"), 15 U.S.C. § 6501, *et seq.*, and N.J.S.A. 18A:36–39 ("Count Eighteen"). (*Id.* ¶¶ 134–38.)

- Intentional infliction of emotional distress as to J.P. ("Count Nineteen"). (*Id.* ¶¶ 139–42.)

- Child endangerment, in violation of N.J.S.A. 9:6–8.21 ("Count Twenty"). (*Id.* ¶¶ 143–47.)

- Injunctive relief ("Count Twenty-One"). (*Id.* ¶¶ 148–51.)

- Declaratory relief ("Count Twenty-Two"). (*Id.* ¶¶ 152–54.)

Defendants timely removed to this Court. (*See* Notice of Removal, ECF No. 1.) Plaintiff moved to remand, arguing that the Complaint asserted only state law causes of action. (*See* Pl.'s Moving Br., ECF No. 3-1.) Defendants opposed (Defs.' Opp'n, ECF No. 31), and Plaintiff replied (Pl.'s Reply, ECF No. 18).

Following Plaintiff's remand motion, Defendants moved to dismiss under Rule 12(b)(6). (*See* Defs.' Moving Br., ECF No. 16-9.) Plaintiff did not oppose the motion. Instead, he cross-moved to stay proceedings until the Court resolved the motion to remand. (*See* Pl.'s Mot. to Stay, ECF No. 19.)

## II.    LEGAL STANDARD

### A.    Motion to Remand

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When confronted with a motion to remand, the removing party has the burden of showing the Court has subject matter jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). The Court construes removal statutes strictly against removal and resolves all doubts in favor of remand. *Id.*

5

The Court "must focus on the plaintiff's complaint at the time the petition for removal was filed." *Id.*

### B.     Motion to Dismiss

Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court conducts a three-step inquiry in evaluating a motion to dismiss under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the Court identifies "the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, the Court accepts all plaintiff's well-pleaded factual allegations as true and "construe[s] the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). But the Court disregards "legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). Third, the Court considers "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

The Court construes *pro se* complaints liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But there are limits to this "procedural flexibility." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). *Pro se* litigants "still must allege sufficient facts in their complaints to support a claim." *Id.*

6

## III.     DISCUSSION

### A.     Motion to Remand

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute . . . ." *Id.* One of those statutes, 28 U.S.C. § 1331, empowers federal courts to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." An action "arises" under the Constitution or federal law "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

While the Complaint purports to seek relief only under New Jersey law (*see* Compl. ¶ 10), Counts One and Two expressly allege violations of § 1983, Counts Three and Five arise under the United States Constitution, and Counts Seventeen and Eighteen invoke Title VI, FERPA, and COPPA. Therefore, a federal question arises from the face of Plaintiff's well-pleaded complaint, and the Court has jurisdiction to hear this action.[6] Plaintiff's motion to remand is, accordingly, **DENIED** and his motion to stay proceedings pending a decision on remand is **DENIED as moot**.

---

[6] Plaintiff cursorily questions the timing of Defendants' Notice of Removal, but it appears Defendants timely removed this case.

### B.    Motion to Dismiss

### i.    *Plaintiff Cannot Act as J.P.'s Attorney*

Plaintiff asserts claims on behalf of his minor child, J.P. However, Plaintiff, a non-lawyer proceeding *pro se*, may not act as his child's attorney.

Though parties may "conduct their own cases personally or by counsel," 28 U.S.C. § 1654, non-attorneys "may not represent other parties in federal court." *Murray ex rel. Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018). Therefore, a non-lawyer parent, appearing *pro se*, may not "play the role of attorney for his children in federal court."[7] *Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991); *see also R. S. v. E. Brunswick Sch. Dist.*, No. 24-3311, 2026 WL 575174, at *2 (3d Cir. Mar. 2, 2026) ("*[P]ro se* appellants cannot pursue claims on behalf of their children."); *Fata v. Amantine*, No. 25-2077, 2026 WL 36168, at *1 (3d Cir. Jan. 6, 2026) (same); *Weems v. City of Philadelphia*, No. 24-2333, 2025 WL 1743030, at *1 (3d Cir. June 24, 2025) (same). If a parent is unwilling or unable to obtain counsel for their child, the Court may dismiss the claims brought on behalf of the child without prejudice "to accrue for purposes of the relevant statutes of limitations when the children reach eighteen years of age, or sooner if they become emancipated minors." *Osei-Afriyie*, 937 F.2d at 883.

Accordingly, Plaintiff may either (a) obtain counsel for J.P. and proceed with J.P.'s claims; or (b) decline to proceed with J.P.'s claims, in which case, the Court will dismiss J.P.'s claims without prejudice. Plaintiff shall inform the Court of his choice within twenty days.

---

[7] The Court notes that barring Plaintiff from representing J.P. *pro se* has nothing to do with Plaintiff's "particular abilities or motivations." *Murray*, 901 F.3d at 172. The Court has no doubt about Plaintiff's "sincere desire to zealously advance the claims [he] has brought" on behalf of his child. *Id.* The prohibition on Plaintiff's *pro se* representation of J.P. instead flows from the well-established "law governing representation in federal courts." *Id.*

### ii.   Plaintiff Cannot Assert Constitutional Claims Against a Private School

Count One alleges Defendants retaliated against Plaintiff for exercising his parental rights, in violation of § 1983 and the NJCRA. Count Two alleges malicious abuse of process, in violation of § 1983 and the NJCRA. Count Three alleges religious discrimination, in violation of the United States and New Jersey Constitutions. Count Five alleges the violation of Plaintiff's substantive and procedural due process rights. Count Fifteen alleges a violation of J.P.'s right to privacy and bodily integrity. Reading the Complaint liberally, the Court interprets Counts Three, Five, and Fifteen to also seek recovery under § 1983 and the NJCRA.

§ 1983 and NJCRA claims use the same analysis. *See Gormley v. Wood-El*, 218 N.J. 72, 112–13 (2014). To state a § 1983 claim, the plaintiff must show: (1) someone deprived the plaintiff of a right, and (2) the person who deprived plaintiff of the right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). The Court, therefore, must determine whether the actions of the School (and by extension, its employees and trustees) were "state action." If not, the Court's inquiry ends. *Id.*

Hudson is a private school. Private schools, however, are not state actors. *Id.* at 840–43. A private school's receipt of public funds "is not fundamentally different from many private corporations whose business depends primarily on contracts to build roads, bridges, dams, ships, or submarines for the government." *Id.* at 840–41. Though private schools are regulated, even "extensive and detailed" regulations do not convert a private school into a state actor. *Id.* at 841 (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345 (1974)). While education is an important

public function, providing education is not "traditionally the *exclusive* prerogative of the State." *Id.* at 842 (quoting *Jackson*, 419 U.S. at 353). Finally, the State and the School do not have a unique symbiotic relationship; a private school's "fiscal relationship with the State is not different from that of many contractors performing services for the government." *Id.* at 843; *see also Robert S. v. Stetson Sch., Inc.*, 256 F.3d 159, 164–69 (3d Cir. 2001) (concluding private school was not state actor); *Hernandez v. Don Bosco Preparatory High*, 322 N.J. Super. 1, 15 (App. Div. 1999) (concluding that state-funded private school's expulsion of student was not state action); *State v. Mason*, 355 N.J. Super. 296, 305 (App. Div. 2002) (noting that "[o]ur decisions in the context of state action are consistent with [the *Rendell-Baker*] analysis."). Because the School (and, by extension, its employees and trustees conduct) are not state actors, the Court **dismisses *with prejudice*** Counts One, Two, and Three,[8] to the extent they are premised on violations of the federal or state constitutions, and Count Four and Fifteen in their entirety.[9]

### iii.     *Plaintiff Fails to Adequately Allege Negligent Hiring or Supervision*

Plaintiff raises Counts Eleven and Twelve against the Board Defendants for their allegedly negligent failure to hire or supervise competent administrators. (Compl. ¶¶ 99–108.) Count Eleven claims the Board Defendants owed Plaintiff a duty to "supervise the actions of its officers and administrators, investigate credible complaints, and take corrective action when misconduct was known or reasonably suspected." (*Id.* ¶ 100.) Plaintiff asserts that the Board Defendants should

---

[8] The Court also notes that the First Amendment and its New Jersey counterpart apply only to state actors. *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019) (applying state action doctrine to First Amendment claim); *Brown v. Szakal*, 212 N.J. Super. 136, 139 (Ch. Div. 1986) ("[T]he citizens of New Jersey are protected from state action prohibiting or compelling the exercise of religion.").

[9] Where a claim is vulnerable to dismissal under Rule 12(b)(6), the Court must grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245. An amendment is futile if it "advances a claim that is legally insufficient on its face." *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000). A § 1983 or NJCRA claim against Defendants will always be legally insufficient because Defendants are not state actors. Consequently, the Court denies leave to amend and dismisses the § 1983 and NJCRA components of Count One with prejudice.

have known about "prior complaints, bias, and retaliatory conduct" by the School Individual Defendants, and failed to remove them. (*Id.* ¶ 101.) In failing to remove the School Individual Defendants, Plaintiff claims the Board proximately enabled the School Individual Defendants to file a false child abuse report with DCPP. Count Twelve is similar. It alleges the Board "ignor[ed] credible warning signs, fail[ed] to investigate known or suspected retaliation and discrimination, approv[ed] and acquiesc[ed] in misleading communications, and neglect[ed] to establish adequate compliance controls." (*Id.* ¶ 106.)

Plaintiff alleges the Board's failure to hire and supervise breached a duty owed to Plaintiff and violated N.J.S.A. 15A:6-1, *et seq.* (*See id.* ¶¶ 99–108.)

The Court addresses the statutory violation first. N.J.S.A. 15A:6-1, *et seq.*, deals with the duty a board of trustees owes to its non-profit corporation. *See* N.J.S.A. 15A:6-12 (providing "trustees shall be jointly and severally liable to the corporation for the benefit of the corporation . . . ."). It does not create or imply a trustee's liability to a parent or student. Consequently, the Court **dismisses *with prejudice*** Counts Eleven and Twelve to the extent they allege violations of N.J.S.A. 15A:6-1, *et seq.*

Next, the Court turns to Counts Eleven and Twelve to the extent they arise in negligence. "[N]egligent hiring, supervision, and training are not forms of vicarious liability and are based on the direct fault of an employer." *G.A.-H. v. K.G.G.*, 238 N.J. 401, 415 (2019). To state a claim for negligent hiring, the plaintiff must show (1) the employer "knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons"; and (2) "that, through the negligence of the employer in hiring the employee, the latter's incompetence, unfitness or dangerous characteristics proximately caused the injury." *Id.* (quoting *Di Cosala v. Kay*, 91 N.J.

11

159, 173 (1982)). To state a claim for negligent supervision or training, the plaintiff must show "that (1) an employer knew or had reason to know that the failure to supervise or train an employee in a certain way would create a risk of harm and (2) that risk of harm materializes and causes the plaintiff's damages." *Id.*

Reading the Complaint liberally, Counts Eleven and Twelve seek to recover for the same injury—making the allegedly false child abuse report to DCPP. (*See* Compl. ¶ 101 (alleging that negligent hiring permitted "misuse of the reporting processes."); *id.* ¶ 106 (alleging School "approv[ed] or acquiesce[ed] in misleading communications.").)

Yet the Complaint does not adequately state the elements for negligent hiring or supervision. Specifically, it lacks allegations that: (a) the Board Defendants were the School Individual Defendants' employer; (b) either or both of the School Individual Defendants had a "particular unfitness, incompetence or dangerous attributes"; (c) the Board Defendants had reason to know about those particular attributes or the reasonably foreseeable harm they could cause; or (d) those "dangerous attributes" proximately caused harm to Plaintiff. Though Plaintiff vaguely alludes to "prior complaints" against the School Individual Defendants, the Complaint does not identify the substance of those complaints, who they were made to, or whether those complaints put the Board Defendants on notice. And, because Plaintiff fails to identify who made the DCPP report, if the School Individual Defendants did not make the report, the "prior complaints" would be irrelevant.

Because Plaintiff has not adequately alleged that (1) a particular employee had a particular dangerous attribute, (2) the School should have known about it, (3) the School failed to do anything about it, or (4) that particular employee proximately caused harm to Plaintiff, the Court **dismisses** *without prejudice* Counts Eleven and Twelve to the extent they arise in negligence.

12

### iv.    The Remainder of the Complaint is an Impermissible Group Pleading

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (citations omitted). A complaint violates Rule 8(a) if it "indiscriminately attribute[s] wrongdoing to a group of defendants, leaving them to guess as to who allegedly did what," because such a pleading "does not place Defendants 'on notice of the claims against each of them.'" *Coffey v. Sussex Cnty. Cmty. Coll.*, No. 25-1264, 2026 WL 265547, at *5 (D.N.J. Feb. 2, 2026) (first quoting *Kong v. Johnson & Johnson*, No. 23-3091, 2024 WL 1640996, at *5 (D.N.J. Apr. 15, 2024); and then quoting *ATR Paper Inc. v. Bangkit (U.S.A.), Inc.*, No. 23-12696, 2024 WL 3518119, at *4 (D.N.J. July 24, 2024)).

Courts in this Circuit often refer to these kinds of complaints as "group pleadings." *Foulke v. Township of Cherry Hill*, No. 23-2543, 2024 WL 3568841, at *7 (D.N.J. July 29, 2024) (collecting cases). Yet "not every pleading that groups two defendants together constitutes an impermissible group pleading." *Kong*, 2024 WL 1640996, at *5. The question is whether the complaint is "impermissibly vague." *Id.* An impermissibly vague pleading leaves Defendants and the Court to "guess who did what to whom when." *Id.* A complaint is not impermissibly vague if, "when read in the context of other specific allegations, it is sufficient to put a defendant on notice that the grouped allegation is brought, at least in part, against the specific defendant." *Id.*

Aside from Counts Eleven and Twelve, Plaintiff asserts the remaining twenty causes of action against all seventeen Defendants collectively, thereby lacking specificity as to who did what. Critically, though Plaintiff seeks to recover for the allegedly false child abuse report, the Complaint neither identifies which Defendant submitted the report, nor explains how the other Defendants are liable. Likewise, the Complaint does not specify which Defendants were

13

responsible for safeguarding student data or point out which Defendants failed to do so, or how they failed to do so. Because the Complaint fails to put each of the Defendants on notice as to who did what, the remainder of the Complaint is **dismissed *without prejudice***.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion to remand (ECF No. 3) is **DENIED**; Plaintiff's motion to stay pending a decision on the motion to remand (ECF No. 19) is **DENIED AS MOOT**; and Defendants' motion to dismiss (ECF No. 16) is **GRANTED**. Counts Four and Fifteen of the Complaint (ECF No. 1-1) are **DISMISSED *with prejudice*** in their entirety. Counts One, Two, and Three are **DISMISSED *with prejudice*** to the extent they allege violations of Plaintiff's constitutional rights. The remainder of the Complaint is **DISMISSED *without prejudice***. Plaintiff shall have twenty (20) days from the date of this Opinion and Order to inform the Court that he has obtained counsel for J.P. or has elected not to proceed on J.P.'s claims. Plaintiff shall have thirty (30) days from the date of this Opinion and Order to file an amended pleading addressing the deficiencies identified herein. An appropriate Order accompanies this Opinion.

**DATED: 5/13/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**

14